STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel:  (415) 786 4821
Fax: (415) 439 4963
E MAIL: LOUCASLOUKAS@YAHOO.COM

Attorney for Plaintiff
REGINA JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ, ) | No. C 07 3360 MJJ |
| ) | |
| Plaintiff, ) | FIRST AMENDED COMPLAINT AND |
| ) | NOTICE OF MOTION AND MOTION TO |
| vs. ) | VACATE ARBITRATION AWARD |
| ) | |
| LAWRENCE IRA PROZAN, DBA ) | JURY TRIAL DEMANDED |
| PROZAN FINANCIAL SERVICES, ) | |
| MULTI-FINANCIAL SECURITIES ) | |
| CORP. and DOES 1 through 20, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**INTRODUCTION**

1.      Plaintiff, Regina Jimenez, is a citizen of the U.S. who at all times herein mentioned

resided in Santa Clara County, California, and/or in Orange County, California,  and who entered

into contact with defendants in Alameda County, California in the city of Oakland, where Prozan

had his offices at all times mentioned herein.  She is an investor protected by NASD. She files

this to appeal from and vacate the Final NASD arbitration award and decision rendered by

NASD on or about July 24, 2007, in NASD CASE NO. 05-03037. That case was filed by

plaintiff in NASD in 2005.

2.      Defendants, LAWRENCE PROZAN AND MULTI-FINANCIAL SECURITIES CORPORATION (these defendants are hereinafter referred to as "Prozan") are all  business entities and are subject to suit. Defendants operated as the plaintiff's broker and agent from on or about 1998 to the present.

3.      Defendant  National Association of Securities Dealers (hereinafter referred to as "NASD")  is a national entity which supposedly "oversees" securities brokers and dealers,  and which conducted the arbitration in this case. It is subject to suit under 15 USC §§ 78a, 78aa et seq. As well as 9 USC § 10.

4.      The aforementioned defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

5.      VENUE:  The unlawful  practice complained of herein occurred in this district.

6.      JURISDICTION is based on 28 USC § 1331 and 9 USC § 10 and 15 USC §§ 78a, 78aa et seq..

7.      JURY TRIAL IS DEMANDED AND DISCOVERY RIGHTS ARE REQUESTED. .

8.      The foregoing conduct of defendants, and each of them, was at all material times malicious and intentional, and entitles plaintiff to an award of punitive damages.

9.      Also plaintiff requests an award of attorney fees.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIRST CLAIM (CAUSE OF ACTION)

(RELIEF FROM ARBITRATION: MOTION TO VACATE ARBITRATION AWARD)

9 US CODE § 10

10.      The allegations of paragraphs 1 through 8 are realleged and incorporated herein by reference.  This cause of action is pled against each and every defendant.

11.      Plaintiff seeks to vacate the arbitration award of July 24 2007 IN NASD CASE NO. 05-03037, which was improperly  rendered without a hearing or trial of any kind,  and without due process.  United States Code, Title 9, Section 10, describes the grounds for vacating an arbitration award.  The plaintiff  seeks vacation of the arbitration award because it meets those

1  criteria in that the arbitration overstepped her powers, and evidence was overlooked which

2  prejudiced the plaintiff's position.  In addition, the NASD violated plaintiff's due process rights

3  by rendering its award of July 24 2007 without a hearing.  Inexplicably, the NASD,,== canceled

4  the hearing set for telephone in May 2007 and issued its award against plaintiff and for defendant

5  *in absentia.*  In addition, NASD and all other defendants concealed from plaintiff the fact that

6  defendant Laurence Prozan's wife, Linda Deutsch, was a high official within NASD and sat on a

7  major national oversight committee which oversees assignment of arbitrators.  The concealment

8  of this fact renders the award null and void because if plaintiff had known about the fact that

9  Prozan's wife is a high NASD official, she would have been able to investigate what personal or

10  other relationship Deutsch had with the three arbitrators in this case, to look for bias. Also, the

11  three arbitrators here concealed Deutsch's role in NASD and did not even do a conflicts check to

12  see if any of them knew her and had any ties to her which could have rendered bias against

13  plaintiff and for Prozan in this case. Plaintiff is informed and believes and alleges that Linda

14  Deutsch played an instrumental role in improperly contacting the three arbitrators in this case,

15  and pulling strings in order to short-circuit plaintiff's case and to finagle the arbitrators into

16  dismissing the case WITHOUT A HEARING OF ANY KIND,       just 2 weeks before the

17  scheduled hearing. That Deutsch and PROZAN concealed Deutsch's role in this procedure is

18  corruption and fraud  and misbehavior meriting a vacating of the arbitration award.

19      12.      The arbitrators were guilty of misconduct when they canceled a hearing in May 2007

20  at which they decided the case, and also they improperly held an "ex parte" telephone conference

21  hearing with only defendant Prozan's attorney (Elizabeth Lowery of Reed Smith)  present, yet

22  plaintiff's attorney was not notified of this ex parte hearing and had no opportunity to appear by

23  phone and did not appear, this was also in or about May 17, 2007. Plaintiff's attorney asked that

24  the originally scheduled arbitration hearing (trial) be continued from May 29-31 2007 to a later

25  date, because of his illness.  Yet the arbitrators unjustifiably denied that request and instead ruled

26  *in absentia* on a motion to dismiss the entire claim of plaintiff, on a motion brought by defendant

27  Prozan . The arbitrators  exceeded their authority by CANCELING THE HEARING

28  ENTIRELY *SUB ROSA* BASED ON ALLEGED IMPROPER CONTACTS BETWEEN

1   PROZAN, HIS WIFE AND THE ARBITRATOR PANEL. That Prozan';s wife was herself on

2   the arbitration oversight committee of NASD, and thus had power to assign or not assign

3   arbitration cases to the particular three ARBITRATIORS who ruled in Prozan';s favor on this

4   case, is outrageous conduct constituting fraud and corruption within the meaning of 9 U.S.C. §

5   10, and also refused to hear evidence pertinent and material to the controversy, and they grossly

6   abused and violated the rights of plaintiff and her counsel by ruling in absentia, canceling a

7   hearing, conducting improper ex parte hearings with Prozan and his lawyer only, and granting

8   Prozan's motion to DISMISS THE ENTIRE CLAIM OF PLAINTIFF just 2 weeks before the

9   scheduled hearing (trial)  was supposed to start. BY DENYING PLAINTIFF ANY HEARING

10  OR TRIAL WHATSOEVER ON HER CLAIM, THE ARBITRATORS EXCEEDED THEIR

11  AUTHORITY.   In addition, plaintiff challenges each and every ruling made by the NASD

12  arbitrators in this case, including an earlier ruling which granted part of Prozan's earlier motion

13  to dismiss, and dismissed the claim for "unsuitability negligence" and breach of contract, and

14  only allowed the fraud claim to proceed, the arbitrators evinced fraud and corruption themselves,

15  and also bias and misconduct.  Similarly with all of the other rulings on this case, all fo which

16  plaintiff asks the court to overturn., The arbitrators are guilty of partiality in favor of Prozan, and

17  against plaintiff, and they denied plaintiff JIMENEZ the right to hold and attend a hearing at

18  which evidence would be presented.  Such a hearing would set forth expert witness testimony

19  and to present the case in full  Such denial effectively barred plaintiff from putting on her case.

20  Therefore, this court is clearly called upon to vacate the arbitration award.

21      13.     The arbitration was concluded on or about May 17, 2007 with a denial of a hearing.

22  The manner of the decision rendered was highly irregular and suggests bias. The arbitrators

23  granted Prozan's  motion to dismiss at the last minute, just 2 weeks before scheduled hearing, did

24  not even notify plaintiff's counsel officially of their decision to grant Prozan's motion to dismiss.

25   The plaintiff has a subsequent right to file this motion to vacate the arbitration award under 9

26  U.S.C. Section 10.  Therefore, the plaintiff is well within her limitations in filing this petition.

27  The arbitrators acted by corruption, fraud and undue means and with pro-Prozan partiality, and

28  they improperly refused to hear evidence at a hearing because they abruptly canceled the

1  scheduled hearing of May 29-31 2007.  Also the arbitrators exceeded their authority in ignoring

2  plaintiff';s counsel's illness and request for a resetting of the hearing and a relocation to another

3  venue, San Francisco.  Instead they simply dismissed the case *sub rosa* and *in absentia*  and

4  without any opportunity to be heard.

5       14.    The judicial review of arbitration awards is set out by statute in United States Code,

6  Title 9, Section 10, which states:

7       § 10. Same; vacation; grounds; rehearing
       (a) In any of the following cases the United States court in and for the district wherein the
8       award was made may make an order vacating the award upon the application of any party
       to the arbitration—
9       (1) where the award was procured by corruption, fraud, or undue means;
       (2) where there was evident partiality or corruption in the arbitrators, or either of them;
10      (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing,
       upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the
11      controversy; or of any other misbehavior by which the rights of any party have been
       prejudiced; or
12      (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a
       mutual, final, and definite award upon the subject matter submitted was not made.

13

14      15.    This statute is clear and sets out the exceptions to the general principle that arbitration

15  awards should be final and conclusive.  It is recognized by the courts that there is a strong public

16  policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.

17  At the same time, the object of all institutions of our government must be justice.

18      16.    By setting out the statute so that arbitration awards can be vacated, the legislature is

19  affirming that denial of the opportunity to put on one's case, in a way that results in a substantial

20  injustice, must be vacated.  A review of case law in this state supports just that interpretation.

21      17.    In the case at bench, the arbitrators clearly "exceeded their authority" by imposing

22  attorney fees and costs against plaintiff and in favor of respondent.

23      18.    The arbitrator's decision of July 24, 2007 was based on a clear error of fact and law as

24  well as fraud and corruption and undue means. Plaintiff is informed and believes and thereupon

25  alleges that Prozan's wife, a high official of NASD whose ties to NASD were concealed from

26  plaintiff, was somehow involved in persuading the arbitrators to abruptly dismiss plaintiff's case

27  without a hearing or even phone conference call. This misbehavior by arbitrators was prejudicial

28  to plaintiff.

19.    The arbitratiors' total disregard of plaintiff and her counsel's rights violated due process and the corruption and partiality of the arbitrators was evident,.

20.    The arbitration panel cancelled the mediation without informing plaintiff and was negligent in the way that the arbitration was handled to the detriment of plaintiff.  This cancellation without just cause constituted a denial of due process under the mandated procedures for valid arbitration rights as an alternative to judicial process.

21.    As explained above, another ground for rejection of the arbitration award is that it was perpetrated through fraud.  In this case, the plaintiff was promised a fair process or she never would have agreed to a contract with a mandatory arbitration process in the first place.

22.    The flawed process amounts to fraud and the entire arbitration agreement was an attempt to defraud the defendant.  Under the statute set forth above the arbitrator should have been disqualified for a relationship with a party.  The evidence shows that the arbitrator had a personal relationship with the counsel for respondent and failed to disclosure.  This disclosure would have led to disqualification under the statute.  This failure to disqualify, constitutes both fraud and misconduct of the arbitrator.

23.    Because of Prozan's wife's high position on the NASD panel overseeing arbitrators, plaintiff cannot get a fair hearing before NASD and requests the court to order a vacating of the arbitration award of July 24 2007, and an order sending this case to another panel, such as JAMS, for arbitration.  The court should also order a conflicts check to be made so that each arbitrator discloses whatever ties he or she has to Linda Deutsch. Without such a conflict check, the process is tainted. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff to reasonably believe that she would be protected by a legitimate arbitration process.

24.    Plaintiff requests the court to allow discovery ion this case so that plaintiff can depose Deutsch, Prozan and the three NASD arbitrators in order to prove her claim of bias and partiality and corruption in the arbitration process.

25.    As a proximate result of defendants' conduct as explained below, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income all to her detriment in a

1  sum according to proof

2      26.    Plaintiff is entitled to award of attorney fees and costs and punitive damages.

3  WHEREFORE, plaintiff requests relief as hereinafter set forth.

4              **2nd CLAIM, CAUSE OF ACTION:**

5              **PROFESSIONAL NEGLIGENCE**

6      27.    The allegations of paragraphs 1 through 26 are realleged and incorporated herein by

7  reference.  This cause of action is pled against defendants Prozan. Because the arbitration was

8  conducted in such an unfair and truncated fashion before NASD, plaintiff avers that defendant

9  essentially waived right to NASD arbitration, and forfeited that right,   and is entitled to bring

10  this action in this court at this time.

11      28.    It is alleged, *inter alia,* that from on or about January 1998 to on or about March

12  2003, defendant PROZAN committed acts of professional negligence as a broker and financial

13  adviser, and that his conduct violated NASD rules, and should make him responsible for

14  damages caused to claimant.

15      29.    Plaintiff maintains that her portfolio, which should have been worth over $ 900,000

16  had respondent acted competently, is worth currently under $200,000. While details may vary

17  according to market conditions, it was Prozan's negligence and self-dealing, as well as churning

18  and *sub rosa* financial relationships with Schwab, Price and others, which caused losses to

19  claimant.

20      30.    Plaintiff instructed Mr. Prozan to act in a conservative and minimal risk manner, and

21  advised him that her main goal was to build up her investment as a nest egg for retirement.

22  Instead, he handled her account in a reckless, high-risk manner and lost the vast majority of it,

23  reducing it from a high of over $700,000 in 2000 to its dismal state today.

24      31.    The defendants, including Prozan and the others, acted in an unethical, incompetent

25  and grossly disloyal manner toward claimant, refused to communicate with here properly and

26  regularly, and kept her in the dark about his grossly negligent activity in churning her securities

27  and failing to inform her of the status of her investment.  Under statutory rules the terms

28  "manipulative, deceptive or other fraudulent device or contrivance" is defined to include any act

1  designed to effect a client's account that results in purchases or sales that are excessive in size or

2  frequency in view of the financial resources and character of such account.

3      32.    The defendants took advantage of plaintiff's lack of familiarity with securities and the

4  stock market and she trusted him with what amounted to her life savings and retirement nest egg.

5      33.    The respondents failure to keep claimant informed and his unjustifiable and

6  incompetent mismanagement of her funds has caused her great loss and emotional distress.

7      34.    Investment in a particular type of security was unsuitable and the amount or frequency

8  of transactions ("churning") was excessive and therefore unsuitable for her. Ms. Jimenez

9  instructed Mr. Prozan that she wanted to invest in low risk, conservative securities, and Mr.

10  Prozan completely disregarded her wishes and invested her money in high risk, unsuitable,

11  speculative securities, and thereby engaged in churning in order to generate commissions for

12  himself and for the brokerage houses for which he worked.

13      35.    As a proximate result of defendants' conduct as explained below, plaintiff has been

14  damaged financially and emotionally, has lost income all to her detriment in a sum according to

15  proof

16      WHEREFORE, plaintiff requests relief as hereinafter set forth.

17      **THIRD CLAIM: VIOLATION OF 15 US CODE §§ 78a, 78aa et seq.**

18      **36.** The allegations of paragraphs 1 through 35 are incorporated herein by reference,.

19      37. Defendant NASD is subject to suit under 15 U.S.C. §§ 78a, 78aa et seq., because it fits

20  within the definition of a securities organization as stated in this statute. It regulates  securities

21  dealers and brokers and conducts arbitrations by disgruntled clients against their brokers and

22  agents and dealers, hence it is NOT IMMUNE TO SUIT in this court, and must be brought in

23  under this statute. Defendants NASD and Prozan clearly violated 15 U.S. Code § 78a, 78aa et

24  seq. by their actions as described above in the first and second claims. They are liable for

25  damages caused to plaintiff, as set forth in 15 U.S.C. § 78t to wit:

26  **§ 78t. Liability of Controlling Persons and Persons Who Aid and Abet Violations.**

27  1.    **Joint and several liability; good faith defense**

28  (a)

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

(b)  **Unlawful activity through or by means of any other person**

It shall be unlawful for any person, directly or indirectly, to do any act or thing which it would be unlawful for such person to do under the provisions of this chapter or any rule or regulation thereunder through or by means of any other person.

(c)  **Hindering, delaying, or obstructing the making or filing of any document, report, or information**

It shall be unlawful for any director or officer of, or any owner of any securities issued by, any issuer required to file any document, report, or information under this chapter or any rule or regulation thereunder without just cause to hinder, delay, or obstruct the making or filing of any such document, report, or information.

38.  By hindering, delaying and obstructing the making and filing of a hearing in this case, and hindering plaintiff and preventing her from presenting evidence in her case at hearing, defendants NASD and PROZAN are guilty of violating 15 U.S.C. § 78 and 78t.

39.  This court has jurisdiction over this case because of 28 U.S.C. § 78aa.

40.  There is a need for the court to vacate the July 24 2007 arbitration decision and order a new hearing before a new panel, preferably one other than NASD.

41.  Plaintiff is entitled to award of attorney fees and costs and punitive damages.

42.  As a proximate result of defendants' conduct as explained below, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income all to her detriment in a sum according to proof

WHEREFORE, plaintiff requests relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause of action above alleged, as follows:

1.    For an order vacating the arbitration award of July 24 2007, and also vacating all other orders and decisions made by this NASD panel of arbitrators in this case, and ordering a rehearing before a different panel of arbitrators, in San Francisco, and  before a different arbiter, one other than NASD itself.

2.    For monetary relief, i.e.  The difference between what plaintiff's portfolio would have been worth today, as opposed to what it was worth when plaintiff terminated Prozan in 2003, in a sum according to proof;

3.    For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4.    For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

5.    For interest on the sum of damages awarded, calculated from the date of injury to the date of judgment;

6.    For reasonable attorney's fees;

7.    For costs of suit herein incurred; and

8.    For such other and further relief as this Court deems fair, just and equitable.

Dated: Oct. 22, 2007

Respectfully submitted,

_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stanley G. Hilton

Attorney for Plaintiff