GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
EDettmer@gibsondunn.com
REBECCA JUSTICE LAZARUS, SBN 227330
RJustice@gibsondunn.com
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendant
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. ("FINRA") f/k/a NATIONAL
ASSOCIATION OF SECURITIES DEALERS,
INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REGINA JIMENEZ,<br><br>                Plaintiff,<br><br>   v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, LAWRENCE IRA PROZAN DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP.,<br><br>                Defendants. | CASE NO. 07-03360-MJJ<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT AND NOTICE OF MOTION TO VACATE ARBITRATION AWARD**<br><br>Date:      February 12, 2008<br>Time:     9:30 a.m.<br>Courtroom: 11<br>Judge:    Hon. Martin J. Jenkins |

# **NOTICE OF MOTION TO DISMISS AMENDED COMPLAINT**

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on February 12, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Martin J. Jenkins of the above-entitled Court, defendant Financial Industry Regulatory Authority ("FINRA") f/k/a National Association of Securities Dealers, Inc. ("NASD") will, and hereby does, move to dismiss your "First Amended Complaint And Motion to Vacate Arbitration Award" pursuant to Rules 12(b)(1), 12(b)(6) and 12(h)(3) of the Federal Rules of Civil Procedure. Dismissal is proper because this Court lacks subject matter jurisdiction over your claim against FINRA, and because the Amended Complaint fails to state a claim upon which relief may be granted against FINRA.

Your Amended Complaint should be dismissed on at least three grounds. *First*, FINRA's arbitral practices and procedures are subject to the oversight of the SEC, and you have failed to exhaust your administrative remedies by making your complaints to the SEC. *Second*, FINRA is protected by absolute immunity for its conduct by the doctrine of arbitral immunity. *Finally*, your claims against FINRA are both substantively and procedurally flawed, because you have not adhered to the procedure set forth in the Federal Arbitration Act for vacatur of arbitration awards, nor have you alleged that FINRA is a proper party to your securities laws claim.

//
//
//
//
//
//
//
//
//
//
//

Gibson, Dunn & Crutcher LLP

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all pleadings and papers of record in this action, all matters on which judicial notice may be requested and taken, and on such other and further evidence and argument, written and oral, as may be presented at or prior to the hearing.

DATED:  November 19, 2007

                GIBSON, DUNN & CRUTCHER LLP

By: s/ Ethan D. Dettmer
         Ethan D. Dettmer

Attorneys for Defendant

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. ("FINRA") f/k/a NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 2

    A.    FINRA's Role In The Regulation of the Securities Markets ....................................... 2

    B.    Ms. Jimenez's Allegations Against FINRA ................................................................ 3

III. JURISDICTION .................................................................................................................... 4

IV. ARGUMENT ........................................................................................................................ 5

    A.    Standard of Review ..................................................................................................... 5

    B.    This Court Lacks Subject Matter Jurisdiction Over Ms. Jimenez's Purported Claims Because She Failed To Exhaust Her Administrative Remedies .................................................................................................................... 6

    C.    The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted .......................................................................................................... 7

        1.    FINRA Is Immune From Ms. Jimenez's Suit Pursuant To The Doctrine Of Arbitral Immunity ............................................................................ 8

        2.    Ms. Jimenez's Claim For "Relief From Arbitration" Is Both Procedurally and Substantively Improper Because She Has Failed To Adhere To The Requirements Set Out By The Federal Arbitration Act For Vacatur Of An Arbitral Award ....................................... 9

        3.    Ms. Jimenez Cannot State A Claim for "Control Person" Liability Against FINRA ................................................................................. 10

V. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Adams v. Bain*,
  697 F.2d 1213 (4th Cir. 1982) ................................................................................................ 5

*Alton v. NASD, Inc.*,
  No. C-94-0618 MHP, 1994 U.S. Dist. LEXIS 11312 (N.D. Cal. July 26, 1994),
  *appeal dismissed as moot*, No. 94-16589, 1996 U.S. App. LEXIS 33303 (9th Cir.
  Dec. 16, 1996) ........................................................................................................................ 7

*Baty v. Pressman, Frohlich & Frost, Inc.*,
  471 F. Supp. 390 (S.D.N.Y. 1979) ....................................................................................... 11

*Bell Atlantic v. Twombly*,
  __ U.S. __, 127 S. Ct. 1955 (2007) ....................................................................................... 6

*Butz v. Economou*,
  438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978) ..................................................... 8, 9

*Cahill v. Liberty Mutual Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) .................................................................................................... 5

*Carr v. New York Stock Exchange, Inc.*,
  414 F.Supp.1292 (N.D. Cal. 1976) ...................................................................................... 10

*Carter v. Health Net of California*,
  374 F.3d 830 (9th Cir. 2004) .................................................................................................. 4

*Cook v. NASD Regulation, Inc.*,
  31 F. Supp. 2d 1245 (D. Colo. 1998) ..................................................................................... 6

*Corbin v. Wash. Fire & Marine Ins. Co.*,
  278 F. Supp. 393 (D.S.C. 1968) ............................................................................................. 8

*Datek Sec. Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
  875 F. Supp. 230 (S.D.N.Y. 1995) ......................................................................................... 6

*Desiderio v. NASD*,
  191 F.3d 198 (2d Cir. 1999), *cert denied*, 531 U.S. 1069, 121 S. Ct. 756,
  148 L. Ed. 2d 659 (2001) ........................................................................................................ 2

*Ferreri v. Mainardi*,
  690 F. Supp. 411 (E.D. Pa. 1988) ......................................................................................... 11

# TABLE OF AUTHORITIES
### [Continued]

Page(s)

*First Jersey Sec., Inc. v. Bergen,*
    605 F.2d 690 (6th Cir. 1979) ............................................................................................... 6

*Gilmer v. Interstate/Johnson Lane Corp.,*
    500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) ....................................................... 3

*Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    149 F.3d 330 (5th Cir. 1998) ............................................................................................... 8

*Honn v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    182 F.3d 1014 (8th Cir. 1999) ............................................................................................. 8

*J.W. Gant & Assocs., Inc. v. NASD,*
    791 F. Supp. 1022 (D. Del. 1992) ....................................................................................... 7

*Madison-Hughes v. Shalala,*
    80 F.3d 1121 (6th Cir. 1996) ............................................................................................... 5

*Market St. Ltd. Partners v. Englander Capital Corp.,*
    1993 U.S. Dist. LEXIS 8065, (S.D.N.Y. 1993) ................................................................ 11

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    616 F.2d 1363 (5th Cir. 1980) ......................................................................................... 6, 7

*Mier v. Owens,*
    57 F.3d 747 (9th Cir. 1995) ................................................................................................. 5

*New York Stock Exchange v. Sloan,*
    1980 U.S. Dist. LEXIS 13316, (S.D.N.Y. 1980) .............................................................. 11

*Olson v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    85 F.3d 381 (8th Cir. 1996) ................................................................................................. 8

*Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith,*
    477 F.3d 1255 (10th Cir. 2007) ........................................................................................... 8

*Rudolph v. Fulton,*
    178 Cal. App. 2d 339, 2 Cal. Rptr. 807 (Cal. Ct. App. 1960) ............................................. 6

*Shearson/American Express Inc. v. McMahon,*
    482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) ............................................ 2, 3, 7

*Shrader v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    855 F. Supp. 122 (E.D.N.C. 1994), *aff'd*, 54 F.3d 774 (4th Cir. 1995) ............................. 8

*Silver v. New York Stock Exch.,*
    373 U.S. 341, 83 S. Ct. 1246, 10 L. Ed. 2d 389 (1963) ...................................................... 2

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

*SmileCare Dental Group v. Delta Dental Plan,*
    88 F.3d 780 (9th Cir. 1996) ............................................................................................... 5

*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,*
    159 F.3d 1209 (9th Cir. 1998) .................................................................................... 2, 5, 6

*Stasz v. Schwab,*
    121 Cal. App. 4th 420 (2004) ........................................................................................... 10

*Wasyl, Inc. v. First Boston Corp.,*
    813 F.2d 1579 (9th Cir. 1987) ............................................................................................ 8

*Weinberger v. Bentex Pharmaceuticals, Inc.,*
    412 U.S. 645, 93 S. Ct. 2488, 37 L. Ed. 2d 235 (1983).................................................... 7

*Western Min. Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S. Ct. 567,
    70 L. Ed. 2d 474 (1981) ..................................................................................................... 6

**STATUTES**

9 U.S.C. § 12 ............................................................................................................................. 10

9 U.S.C. §§ 9-11 ........................................................................................................................ 10

15 U.S.C. § 78aa ..................................................................................................................... 4, 5

15 U.S.C. § 78o-3 ....................................................................................................................... 2

15 U.S.C. § 78s(b) ...................................................................................................................... 8

15 U.S.C. § 78s(h) ...................................................................................................................... 6

15 U.S.C. § 78y .......................................................................................................................... 6

15 U.S.C. §§ 78a, *et seq* ............................................................................................................ 2

28 U.S.C. § 1331 ........................................................................................................................ 4

**OTHER AUTHORITIES**

S. Rep. No. 94-75 (1975), *reprinted in* 1975 U.S.C.C.A.N. 179, 201-02................................. 2

SEC Rel. No. 34-40109, 63 Fed. Reg. 35,299 (June 29, 1998) ................................................ 3

SEC Rel. No. 34-41971, 64 Fed. Reg. 55,793 (Oct. 14, 1999)................................................. 3

Gibson, Dunn & Crutcher LLP

iv

# TABLE OF AUTHORITIES
### [Continued]

Page(s)

**RULES**

Fed. R. Civ. Proc. Rule 12 (b)(1) ................................................................................................... 5

Fed. R. Civ. Proc. Rule 12 (h)(3) ................................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Regina Jimenez's "First Amended Complaint to Vacate Arbitration Award" ("Amended Complaint") against Defendant Financial Industry Regulatory Association ("FINRA")[1] alleges "fraud," and that her claim in arbitration was dismissed by allegedly improper means in an arbitration conducted in the FINRA arbitration forum.  Although styled as a "Complaint to Vacate Arbitration Decision,"[2] Ms. Jimenez actually seeks "Relief from Arbitration" (*see*, Amended Complaint, First Cause of Action) and money damages for FINRA's alleged conduct as a "control person" under the Securities Exchange Act of 1934 ("Exchange Act") (*id*., Third Cause of Action).[3] At bottom, Ms. Jimenez is dissatisfied with the result of her claim in arbitration and invites this Court to second guess the conclusions of the arbitrators and retry this matter in Court or before a new arbitration panel.

Ms. Jimenez's Amended Complaint against FINRA is improper and should be dismissed on at least three grounds.  *First*, FINRA's arbitral practices and procedures are subject to the oversight of the SEC, and Ms. Jimenez has failed to exhaust her administrative remedies by making her complaints to the SEC, which has exclusive jurisdiction over them in the first instance.  *Second*, FINRA is protected by absolute immunity for its conduct under the aegis of its delegated authority under the Exchange Act, and is also protected from liability by the doctrine of arbitral immunity.  *Finally*, Ms. Jimenez's claims against FINRA are both substantively and procedurally flawed, because she has not adhered to the procedures set forth in the Federal Arbitration Act for vacatur of

---

[1] On July 30, 2007, National Association of Securities Dealers, Inc. changed its name to Financial Industry Regulatory Authority, Inc.  For ease of reference, this brief refers to "FINRA" throughout.

[2] The Complaint is entitled "First Amended Complaint and Notice of Motion and Motion to Vacate Arbitration Award (with corrections and signed)."  As such, it is not clear from the title of the Complaint what type of pleading Ms. Jimenez has filed.  However, because the pleading seeks, among other things, "Relief from Arbitration," it appears that Plaintiff is seeking relief from the arbitration process generally, rather than simply vacatur of the arbitration award entered in her case.

[3] The Complaint states that the Second Cause of Action is pled only against Defendant Prozan.  Complaint at ¶ 27 ("This cause of action is plead against defendants Prozan.").

arbitration awards, nor has she (nor can she) allege that FINRA is a proper party to either her effort to vacate the arbitration award or her securities law claims.

Because her claims are fatally defective, and cannot be cured by amendment, Ms. Jimenez's First Amended Complaint to Vacate Arbitration against FINRA should be dismissed with prejudice.

## II.     BACKGROUND

### A.     FINRA's Role In The Regulation of the Securities Markets

FINRA is a private not-for-profit corporation and a Self-Regulatory Organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act of 1938, 15 U.S.C. § 78o-3, *et seq*., amending the Exchange Act, 15 U.S.C. §§ 78a, *et seq.  See Desiderio v. NASD*, 191 F.3d 198, 201 (2d Cir. 1999), *cert. denied*, 531 U.S. 1069, 121 S. Ct. 756, 148 L. Ed. 2d 659 (2001).  Pursuant to the Exchange Act, 15 U.S.C. §§ 78a *et seq.*, Congress established a system of "cooperative regulation" in the national securities markets under which SROs, such as FINRA, exercise a primary supervisory role subject to ultimate SEC control.  *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213-14 (9th Cir. 1998); 15 U.S.C. §§ 78a *et seq.*  FINRA is responsible for much of the day-to-day oversight of the securities markets, while the SEC is charged with ultimate responsibility and control of the national market system for securities.  *See* S. Rep. No. 94-75, at 23 (1975), *reprinted in* 1975 U.S.C.C.A.N. 179, 201-02; *Silver v. New York Stock Exch.*, 373 U.S. 341, 352; 83 S. Ct. 1246, 1254; 10 L. Ed. 2d 389, 397 (1963).

The SEC's general oversight of FINRA also applies to FINRA's rules and procedures related to arbitration.  Since the 1975 amendments to the Exchange Act, "the [SEC] has had expansive power to ensure the adequacy of the arbitration procedures employed by the SROs[,] . . . including the power to mandate the adoption of any rules it deems necessary to ensure that arbitration procedures adequately protect statutory rights."  *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 233-34; 107 S. Ct. 2332, 2341; 96 L. Ed. 2d 185, 198 (1987).  FINRA has adopted rules that govern the arbitration of disputes between or among members and member organizations, employees of members and member organizations, and/or public customers of FINRA members and member

organizations. "In the exercise of its regulatory authority, *the SEC has specifically approved the arbitration procedures of . . . the NASD.*"[4] *McMahon*, 482 U.S. at 234 (emphasis added).

**B.    Ms. Jimenez's Allegations Against FINRA**

Ms. Jimenez claims that the FINRA arbitration panel dismissed her claim against defendants Lawrence Prozan and Multi-Financial Securities Corporation because Mr. Prozan's wife, Linda Drucker, is a "high official of NASD."[5] Amended Complaint at ¶ 11. She further alleges that the dismissal of her claim by the FINRA arbitration panel resulted from Ms. Drucker's improper contact with the arbitrators which "short-circuit[ed] plaintiff's case and [] finagle[d] the arbitrators into dismissing the case . . . " *Id*. Ms. Jimenez advances a host of allegations concerning alleged

---

[4]   In addition to approving SROs' arbitration rules, the SEC

> oversees the arbitration programs of the SROs . . . through inspections of the SRO facilities and the review of SRO arbitration rules.  Inspections are conducted to identify areas where procedures should be strengthened, and to encourage remedial steps either through changes in administration or through the development of rule changes.

SEC Rel. No. 34-40109, 63 Fed. Reg. 35,299, 35,303 n.53 (June 29, 1998).  The SROs' arbitration programs are also subject to oversight by the GAO at the request of Congress.  *See* SEC Rel. No. 34-41971, 64 Fed. Reg. 55,793, 55,794 (Oct. 14, 1999).  The GAO has noted the fairness and efficiency of the SRO arbitration process.  Rep. No. GAO/GGD-00-115, at 44 (June 15, 2000) (*available at* www.gao.gov). Moreover, the Supreme Court has commented favorably on SRO arbitration procedures.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30; 111 S. Ct. 1647, 1654; 114 L. Ed. 2d 26, 40 (1991) (stating that NYSE arbitration procedures, which are substantively the same as FINRA procedures, "provide protections against biased panels").  Thus, all three branches of the federal government have expressly approved the use of arbitration in the securities industry and have recognized both the primacy of FINRA's involvement in this area and the effectiveness of SRO rules in promoting fairness and investor protection.

[5]   While it is not necessary for the resolution of this motion, for the clarity of the record, Ms. Drucker is not a FINRA "official," but is a member of FINRA's National Arbitration and Mediation Committee ("NAMC").  The NAMC is an advisory committee, comprised of representatives of the public at large, members of the securities arbitration plaintiff and defense bar, representatives of broker-dealers, and FINRA arbitrators and mediators.  The NAMC advises the FINRA Dispute Resolution Board on significant policy decisions, including evaluation of existing arbitration and mediation rules, recommendations for changes in those rules, and recommendations regarding recruitment, qualification, training and evaluation of neutrals.  The NAMC's advice and counsel is highly valued by FINRA, but it has no authority whatsoever with respect to specific arbitrators or arbitrations.  Moreover, the NAMC's membership is so broad and varied that, if Plaintiff's position were accepted, many arbitrations would be subject to vacatur as parties, lawyers, arbitrators and mediators are all represented on the NAMC.  Such a result is neither contemplated, merited nor justified.

1   improprieties with the process followed by the FINRA arbitration panel in her case. *See*, *e.g.*,
2   Amended Complaint at ¶ 11 ("NASD violated plaintiff's due process rights by rendering its award of
3   July 24 [sic] 2007 without a hearing"); ¶ 12 ("The arbitrators were guilty of misconduct when they
4   canceled a hearing in May 2007 at which they decided the case, and also they improperly held an 'ex
5   parte' telephone conference hearing with only defendant Prozan's attorney"); ¶ 13 ("The manner of
6   the decision rendered was highly irregular and suggests bias"); ¶ 18 ("Prozan's wife, a high official of
7   NASD whose ties to NASD were concealed from plaintiff, was somehow involved in persuading the
8   arbitrators to abruptly dismiss plaintiff's case without a hearing or even phone conference call"); ¶ 20
9   ("The arbitration panel canceled the mediation without informing plaintiff and was negligent in the
10  way that the arbitration was handled").

11  Ms. Jimenez alleges that she seeks to "vacate" the final arbitration award that has been
12  entered in her case. Amended Complaint at ¶ 11. At the same time, however, her Amended
13  Complaint is not, in fact, a motion to vacate the arbitration award. Rather, Ms. Jimenez apparently
14  seeks "relief" from the entire arbitration process, and damages and attorneys fees in compensation for
15  her alleged injuries. *See* Amended Complaint, First Cause of Action & Prayer for Relief; *see also*
16  Third Cause of Action (requesting that the court "vacate the arbitration decision and order a new
17  hearing before a new panel, preferably one other than NASD").

### III.    JURISDICTION

19  Ms. Jimenez claims that federal question jurisdiction is appropriate because her Amended
20  Complaint implicates the Federal Arbitration Act ("FAA"). Amended Complaint, ¶ 6. It is clear that
21  the FAA does not provide independent federal question jurisdiction in the Ninth Circuit. *Carter v.*
22  *Health Net of California*, 374 F.3d 830, 833 (9th Cir. 2004) (citing *Southland Corp. v. Keating*, 465
23  U.S. 1, 15 n. 9 (1984)). But this Court nevertheless has original federal question jurisdiction over this
24  action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa, because FINRA is a SRO registered with
25  the SEC, and the core of Ms. Jimenez's Amended Complaint against FINRA necessarily alleges that
26  FINRA violated its SEC-approved rules relating to fair arbitration procedure. Amended Complaint,
27  ¶¶ 11-13, 15, 17-23.

28

Federal district courts have "exclusive jurisdiction" over "violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder." 15 U.S.C. § 78aa (emphasis added); *Sparta Surgical*, 159 F.3d at 1211-12. Because all FINRA arbitration rules (with exceptions not relevant here) are specifically approved by the SEC under the Exchange Act before they may go into effect, Ms. Jimenez's Amended Complaint alleges claims brought to enforce liabilities or duties created by the Exchange Act and the rules and regulations thereunder. *See* Section II., A., *supra*. Because Ms. Jimenez's Amended Complaint alleges that FINRA or FINRA arbitrators violated FINRA arbitration rules, this Court has subject matter jurisdiction over those claims under 15 U.S.C. § 78aa, regardless of whether those claims are set forth under federal law or California law. *Sparta Surgical*, 159 F.3d at 1212.

### IV.   ARGUMENT

**A.   Standard of Review**

Subject matter jurisdiction may be challenged by motion or by "suggestion of [a] part[y]." *See* Fed. R. Civ. Proc. Rule 12 (b)(1), 12(h)(3)). Plaintiff bears the burden of proving that there is subject matter jurisdiction for her claims. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), *the plaintiff has the burden of proving jurisdiction in order to survive the motion*. The district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction.") (citations omitted; emphasis added); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (in ruling on a 12(b)(1) jurisdictional challenge, the "trial court may consider evidence . . . without converting the proceeding to one for summary judgment").

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations pleaded in the complaint as true, and draw all reasonable inferences from those facts in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995). The court need not, however, accept legal conclusions alleged in the complaint. *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 785 n.6 (9th Cir. 1996). Indeed, the court is "not obliged to accept as true for purposes of ruling

on a 12(b)(6) motion" any "erroneous legal conclusion." *Western Min. Council v. Watt*, 643 F.2d 618, 628-29 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S. Ct. 567, 70 L. Ed. 2d 474 (1981). The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 1965 n.3.

**B.    This Court Lacks Subject Matter Jurisdiction Over Ms. Jimenez's Purported Claims Because She Failed To Exhaust Her Administrative Remedies**

When Congress chose to rely upon SROs in the regulation of the securities industry, it created a "complex self-regulatory scheme" enforced by the SEC using a "broad . . . range of administrative remedies . . . for those aggrieved" by SRO action. *Merrill Lynch*, *Pierce*, *Fenner & Smith*, *Inc. v. Nat'l Ass'n of Sec. Dealers*, *Inc.*, 616 F.2d 1363, 1368 (5th Cir. 1980); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, *Inc.*, 159 F.3d 1209, 1213-14 (9th Cir. 1998). As part of that complex scheme, "[i]t is the SEC that is required, in the first instance, to determine whether self-regulatory organizations such as the NASD Defendants are discharging properly their duties and responsibilities in compliance with all applicable federal rules, regulations and federal law." *First Jersey Sec.*, *Inc. v. Bergen*, 605 F.2d 690, 692 (6th Cir. 1979) (finding lack of jurisdiction over complaint seeking monetary relief and injunction against NASD); *Cook v. NASD Regulation*, *Inc.*, 31 F. Supp. 2d 1245, 1249 (D. Colo. 1998) (no jurisdiction over complaint seeking monetary relief against NASD); *Rudolph v. Fulton*, 178 Cal. App. 2d 339, 342-43; 2 Cal. Rptr. 807, 809-810 (Cal. Ct. App. 1960) (exhaustion of administrative remedies is a jurisdictional prerequisite to judicial review even where plaintiff's suit asserts it has nothing to do with NASD's federal duties).

Thus, Ms. Jimenez must first seek relief through the administrative channels afforded by the SEC, 15 U.S.C. § 78s(h), and only after those channels have been exhausted may she seek judicial relief from a federal court of appeals (not the district court), 15 U.S.C. § 78y; *Datek Sec. Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 875 F. Supp. 230, 234 (S.D.N.Y. 1995); *see*

*Weinberger v. Bentex Pharmaceuticals, Inc.*, 412 U.S. 645, 654, 93 S. Ct. 2488, 2494, 37 L. Ed. 2d 235, 242 (1983) ("Threshold questions within the particular expertise of an administrative agency are appropriately routed to that agency, while the court stays its hand"). Enforcing the exhaustion requirement "allows the administrative agency to utilize its discretion, apply its expertise, correct its own errors, and handle its business expeditiously." *Merrill Lynch*, 616 F.2d at 1370; *J.W. Gant & Assocs., Inc. v. NASD*, 791 F. Supp. 1022, 1024-25, 1028 (D. Del. 1992) (dismissing claims pursuant to Rule 12(h) for failure to exhaust administrative remedies); *see Alton v. NASD, Inc.*, No. C-94-0618 MHP, 1994 U.S. Dist. LEXIS 11312, at *6 (N.D. Cal. July 26, 1994), *appeal dismissed as moot*, No. 94-16589, 1996 U.S. App. LEXIS 33303 (9th Cir. Dec. 16, 1996).

The matters at issue here are squarely within the SEC's oversight, as Ms. Jimenez alleges that the arbitration award resulted from a "flawed process" amounting to "fraud." Amended Complaint at ¶ 22; Section II., A., *supra*; *see also id.* at ¶¶ 11-13, 17-21; *compare McMahon*, at 482 U.S. at 234. Thus, the gravamen of her claims is the FINRA's alleged failure to discharge its duties and responsibilities in compliance with federal rules, regulations and federal law.

Because Ms. Jimenez has not exhausted her administrative remedies (or even, apparently, attempted to invoke them), her claim against FINRA must be dismissed. *Merrill Lynch*, 616 F.2d at 1370-71.

**C.    The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted**

Ms. Jimenez's Amended Complaint should also be dismissed for failure to state a claim upon which relief can be granted for at least three reasons: *first*, FINRA has immunity from Ms. Jimenez's claim, both because it is based on FINRA's functions under the Exchange Act and because arbitration providers are absolutely immune from all acts arising out of their arbitral functions; *second*, Ms. Jimenez's claim for "Relief from Arbitration" is both procedurally and substantively improper; *finally*, Ms. Jimenez's claim for "control person" liability under the Securities and Exchange Act is foreclosed by case law establishing that section 20 does not apply to the activities of a regulatory organization, such as FINRA.

### 1. FINRA Is Immune From Ms. Jimenez's Suit Pursuant To The Doctrine Of Arbitral Immunity

The doctrine of arbitral immunity bars this suit insofar as it arises from FINRA's actions as a provider of arbitration services. Arbitral immunity stems from the Supreme Court's teaching that absolute immunity inheres in quasi-judicial proceedings that are "functionally comparable" to judicial action. *Butz v. Economou*, 438 U.S. 478, 513; 98 S. Ct. 2894, 2914; 57 L. Ed. 2d 895, 920 (1978). Finding that arbitration proceedings are "functionally comparable" to judicial action, courts have determined that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) (citations omitted). "As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *Id.*, at 1582 (citing *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1209, 1211 (6th Cir. 1982); *Corbin v. Wash. Fire & Marine Ins. Co.*, 278 F. Supp. 393, 396-97 (D.S.C. 1968)).

Courts have held that FINRA is entitled to arbitral immunity for just the types of actions Ms. Jimenez complains of here. *See Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155 (10th Cir. 2007) (joining nine other federal circuit courts in recognizing doctrine of arbitral immunity, and holding NASD immune from suit); *Honn v. Nat'l Ass'n of Sec. Dealers, Inc.*, 182 F.3d 1014, 1016-18 (8th Cir. 1999) (NASD is immune to claims that NASD allowed tainted witness testimony, improperly forwarded materials to arbitrators, and improperly formulated and delivered responses to subpoenas); *Olson v. Nat'l Ass'n of Sec. Dealers, Inc.*, 85 F.3d 381, 382 (8th Cir. 1996) (NASD is immune from a damages action alleging that NASD-sponsored forum acted negligently in administering an arbitration); *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 149 F.3d 330, 331-32 (5th Cir. 1998) (claims based on alleged breach of the NASD Code of Arbitration Procedure during disciplinary proceedings brought against a member broker barred by arbitral immunity); *Shrader v. Nat'l Ass'n of Sec. Dealers, Inc.*, 855 F. Supp. 122, 123-24 (E.D.N.C. 1994) (NASD immune from claims that NASD and its employees conspired with arbitrators to deny plaintiff a fair hearing), *aff'd*, 54 F.3d 774 (4th Cir. 1995) (unpublished opinion).

From the provision of administrative support to arbitral tribunals to the formulation of procedural ground-rules that govern arbitrations, FINRA exhibits the integral features of judicial dispute resolution that are the touchstone of quasi-judicial immunity. *See Butz*, 438 U.S. at 511-12. Thus dismissal of the Amended Complaint on arbitral immunity grounds is appropriate.

### 2. Ms. Jimenez's Claim For "Relief From Arbitration" Is Both Procedurally and Substantively Improper Because She Has Failed To Adhere To The Requirements Set Out By The Federal Arbitration Act For Vacatur Of An Arbitral Award

But even if the arbitration award in Ms. Jimenez's arbitration proceeding were final, her Amended Complaint must be dismissed on both procedural and substantive grounds.

Procedurally, the FAA requires a plaintiff to bring a noticed motion to vacate, modify or correct a final arbitration award once such an award is issued. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.") Ms. Jimenez has instead brought a "Complaint to Vacate Arbitration Decision" and seeks "Relief from Arbitration." But there is no such cause of action available under the FAA (or any other law).[6] *See* 9 U.S.C. §§ 9-11 (setting forth the causes of action available under the Act with respect to arbitration awards).

This procedural deficiency, in turn, underscores the incurable substantive flaw in Ms. Jimenez's Amended Complaint – which, while not entirely clear, apparently seeks damages, attorneys fees and costs for the alleged "fraud" in the arbitration proceeding. *See* Amended Complaint, Prayer for Relief. In short, Ms. Jimenez is not seeking to vacate an arbitration award. Instead, Ms. Jimenez's Amended Complaint makes clear that she is seeking to escape the arbitration process altogether (though she does not dispute that she agreed to arbitrate[7]), and obtain the same relief in this Court that she originally agreed to seek only through arbitration. There is no provision

---

[6] To the extent the Court finds that Ms. Jimenez has brought a proper motion to vacate the arbitration award, Defendant FINRA is not a proper party to such a motion. *See* Section C.1.

[7] Ms. Jimenez's Complaint alleges that "the plaintiff was promised a fair process or she never would have agreed to a contract with a mandatory arbitration process in the first place." Complaint at ¶ 21. This allegation admits the existence and validity of the arbitration agreement.

anywhere in the FAA for escaping altogether from a pending arbitration, nor to obtain money damages and attorney fees from an arbitration provider

Finally, even if Ms. Jimenez had advanced a properly noticed motion to vacate a final arbitration award, as the arbitration provider, FINRA would not be a proper party to such a proceeding. *See*, *e.g.*, *Stasz v. Schwab*, 121 Cal. App. 4th 420, 438-439 (2004) (explaining that remedy for alleged arbitrator bias is a motion to vacate the resulting award, and that neither the arbitrator nor the arbitration forum is a proper party to that motion, and citing and quoting Federal and California authority, as well as commentators, in support of these propositions).

### 3. Ms. Jimenez Cannot State A Claim for "Control Person" Liability Against FINRA

The Amended Complaint alleges that FINRA is subject to suit and liable for damages pursuant to 15 U.S.C.§ 78t ("Section 20"). But even if FINRA were not absolutely immune from suit for the conduct Plaintiff complains of, it is settled law that Section 20 liability does not apply to the conduct of SROs in the exercise of their regulatory responsibilities.

In *Carr v. New York Stock Exchange, Inc.*, 414 F.Supp.1292 (N.D. Cal. 1976), the court considered a Section 20 claim against the NYSE for the sale of securities by a brokerage house regulated by the NYSE. The court acknowledged that the "reach of potential liability under [Section 20] is very broad," but nevertheless concluded that "the purpose of the statute is misinterpreted if the direct or indirect control which forms the basis of liability is extended to the institutions created by the Act itself to regulate the securities markets." *Carr*, 414 F.Supp. at 1302. The court noted that subjecting an SRO, such as NYSE, to potential liability under Section 20 would place the SRO in an "impossible" position because "the more closely it regulates, the more fully it becomes a 'controlling person', directly or indirectly inducing the acts complained of, and the more susceptible to liability under § 20(a) it becomes." *Id*. at 1303. The court dismissed the Section 20 claim on the ground that it could not state a claim on which relief could be granted, noting that "[a] holding that a national securities exchange was a 'controlling person' for the purposes of § 20(a) would inhibit regulatory flexibility, would be contrary to congressional intent in establishing the self regulatory exchange system

in the Act and would place the Exchange in an untenable position of strict liability for the fraudulent acts of brokerage houses and their employees." *Id.*; *see also Baty v. Pressman, Frohlich & Frost, Inc.*, 471 F. Supp. 390, 391 (S.D.N.Y. 1979) (relying on *Carr* and finding that the NYSE cannot be held liable as a "controlling person" under section 20); *New York Stock Exchange v. Sloan*, 1980 U.S. Dist. LEXIS 13316, *27-28 (S.D.N.Y. 1980) (same); *Market St. Ltd. Partners v. Englander Capital Corp.*, 1993 U.S. Dist. LEXIS 8065, *48 (S.D.N.Y. 1993) (same with respect to American Stock Exchange); *Ferreri v. Mainardi*, 690 F. Supp. 411, 414 (E.D. Pa. 1988) (same with respect to Philadelphia Stock Exchange).

The same reasoning applies here, where Plaintiff's claims are based on FINRA's exercise of its regulatory responsibilities as delegated by the SEC through the Exchange Act. As such, Plaintiff's Section 20 claim must be dismissed with prejudice.

## V.    CONCLUSION

For all the foregoing reasons, FINRA respectfully requests that its motion to dismiss be granted and that Ms. Jimenez's claim against FINRA be dismissed in its entirety and with prejudice.

DATED:  November 19, 2007

Respectfully submitted.

GIBSON, DUNN & CRUTCHER LLP


By: s/ Ethan D. Dettmer
                Ethan D. Dettmer

Attorneys for Defendant
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. ("FINRA") f/k/a NATIONAL
ASSOCIATION OF SECURITIES DEALERS, INC.

100263601_4.DOC

# DECLARATION OF SERVICE

I, Robin McBain, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, Suite 3100, San Francisco, California, 94104, in said County and State. On November 19, 2007, I served the within:

**NOTICE OF MOTION & MOTION OF DEFENDANT FINRA TO DISMISS FIRST AMENDED COMPLAINT & NOTICE OF MOTION TO VACATE ARBITRATION AWARD; [PROPOSED] ORDER GRANTING DEFENDANT FINRA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

to all interested parties as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 19, 2007. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 19, 2007, at San Francisco, California.

/s:/Robin McBain
Robin McBain