1  **EDGERTON & WEAVER, LLP**
2  SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
   ELIZABETH LOWERY (CA Bar No. 190393)
3  2615 Pacific Coast Highway, Suite 300
   Hermosa Beach, California 90254
4  Tel: (310) 937-2066
   Fax: (310) 937-2064
5

6  Attorneys for Defendants,
   Lawrence Ian Prozan and Multi-Financial Securities Corp.
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  REGINA JIMENEZ,                    )  Case No. 3:07-cv-03360-MJJ
                                       )
12            Plaintiff,               )  **NOTICE OF MOTION AND MOTION**
                                       )  **OF PROZAN DEFENDANTS TO**
13    vs.                              )  **DISMISS FOR: (1) LACK OF SUBJECT**
                                       )  **MATTER JURISDICTION (FRCP**
14  NATIONAL ASSOCIATION OF            )  **12(b)(1)) AND (2) FAILURE TO STATE**
    SECURITIES DEALERS; LAWRENCE IAN   )  **A CLAIM UPON WHICH RELIEF CAN**
15  PROZAN, DBA PROZAN FINANCIAL       )  **BE GRANTED (FRCP 12(b)(6)) OR IN**
    SERVICES; and MULTI-FINANCIAL      )  **THE ALTERNATIVE TO CONFIRM**
16  SECURITIES CORP.,                  )  **ARBITRATION AWARD (9 U.S.C. § 9)**
                                       )  **AND ENTRY OF JUDGMENT**
17            Respondents.             )  **THEREON; DECLARATION OF**
                                       )  **ELIZABETH LOWERY, ESQ. IN**
18                                     )  **SUPPORT THEREOF; [PROPOSED]**
                                       )  **ORDER**
19                                     )
                                       )
20                                     )  Date:  February 12, 2007
                                       )  Time:  9:30 a.m.
21                                     )  Courtroom: 11
                                       )
22                                     )  [The Honorable Martin J. Jenkins]
                                       )
23                                     )
                                       )
24

25

26      **TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

27      **PLEASE TAKE NOTICE** that on February 12, 2008 at 9:30 a.m., or as soon thereafter

28  as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1  Francisco, California 94102, Defendants Lawrence Ian Prozan dba Prozan Financial Services

2  and Multi-Financial Securities Corp. (collectively the "Prozan Defendants") will move the

3  Court, and hereby do move the Court, to dismiss this action pursuant to Federal <u>Rule of Civil</u>

4  <u>Procedure</u> 12(b)(1) and Federal <u>Rule of Civil Procedure</u> 12(b)(6) because Plaintiff's complaint

5  lacks subject matter jurisdiction and/or fails to state a claim upon which relief can be granted.

6  In the alternative, the Prozan Defendants move the Court to confirm the arbitration Award

7  pursuant to 9 U.S.C § 9, and to enter judgment in conformity therewith. In addition, the Prozan

8  Defendants respectfully request their costs, attorneys' fees and any other further relief the Court

9  deems proper.

10       This Motion is based upon the accompanying Memorandum of Points and Authorities,

11  the Declaration of Elizabeth Lowery, Esq. and Exhibits thereto, and all other evidence and

12  argument presented to the Court.

13

14  DATED: November 19, 2007                **EDGERTON & WEAVER, LLP**

15

16                                          By: _Elizabeth L_____

17                                          Elizabeth Lowery, Attorneys for Defendants,
                                            Lawrence Ian Prozan and Multi-Financial
18                                          Securities Corp.

19

20

21

22

23

24

25

26

27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The gravaman of Plaintiff's First Amended Complaint is her dissatisfaction with arbitration Award issued by three neutral arbitrators of the National Association of Securities Dealers ("NASD")[1] after years of amended pleadings, motions and hearings. Plaintiff's dissatisfaction does *not* constitute any of the limited grounds necessary to vacate the Award. Plaintiff's Motion to Vacate the Award included as part of her First Amended Complaint is both procedurally defective and is void of the requisite evidentiary support. Although Plaintiff is seeking to vacate the Award pursuant to the Federal Arbitration Act, doing so does *not* confer federal jurisdiction, which is wholly lacking. Pursuant to Federal <u>Rules of Civil Procedure</u> 12(b)(1) and 12(b)(6), Defendants Multi-Financial Securities Corporation and Lawrence Prozan (the "Prozan Defendants") move this Court to dismiss Plaintiff's First Amended Complaint without further leave to amend, as Plaintiff has already been given two such opportunities.[2] As discussed in detail below, this Court does not have subject matter jurisdiction as there is no federal question, and Plaintiff has failed to state a claim for which relief can be granted. Moreover, Plaintiff's claim for professional negligence was one of many claims decided by the NASD arbitrators, and thus it is barred by the doctrines of res judicata and collateral estoppel.

---

[1] On July 30th, 2007 the NASD consolidated with the New York Stock Exchange Member Regulation to form the Financial Industry Regulatory Authority or "FINRA". For simplicity, FINRA will be referred to through out this Motion as the NASD, the name it was known by during the time period relevant to this matter.

[2] Plaintiff filed her original, defective Complaint in this action on June 26, 2007. When Plaintiff desired to amend her original Complaint, the parties entered into a Stipulation which on August 4, 2007, was entered as an Order of this Court. That Order allowed Plaintiff to file an Amended Complaint on or before August 10, 2007. Plaintiff missed that deadline, just as she missed the majority of the deadlines in the underlying arbitration. The parties entered into a second stipulation on or about October 8, 2007 which provided, among other things, that Plaintiff would have until October 22, 2007 to file her Amended Complaint. Plaintiff's First Amended Complaint was filed just minutes before the midnight deadline on October 22, 2007.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

3

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1   There is no proper Motion to Vacate the Award pending before this Court. The Prozan
2   Defendants assert that the procedural and evidentiary defects in Plaintiff's Motion to Vacate
3   eliminate the need for a substantive response. However, if the Court is inclined to consider the
4   substance of Plaintiff's Motion to Vacate, the Prozan Defendants respectfully seek an Order
5   Confirming the arbitration Award and entering judgment in conformity therewith. If the Court
6   is not presently persuaded to do so by the evidence and argument submitted prior to and at the
7   hearing on this Motion, the Prozan Defendants respectfully seek a further opportunity to present
8   additional evidence in support of such an Order. Finally, the Prozan Defendants respectfully
9   seek their costs and attorneys' fees, in addition to any other relief the Court deems appropriate.

## II.

### ARGUMENT

**A.    THIS COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER**

13      Plaintiff erroneously asserts that this Court has jurisdiction in this matter pursuant to 28
14  U.S.C. § 1331, 9 U.S.C. § 10, and 15 U.S.C. §§ 78a, 78aa et seq. See First Amended Complaint
15  ("FAC") ¶ 6. However, 28 U.S.C. § 1331 states only that the district courts shall have
16  jurisdiction over cases involving a federal question, and does *not* confer federal-question
17  jurisdiction. Neither does 9 U.S.C. § 10, which is the statute that provides for vacatur of
18  arbitration awards. See, Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 883
19  (9th Cir. 1993) (The Federal Arbitration Act alone is *not* a basis for subject matter jurisdiction
20  when a petition is brought to confirm or vacate an arbitration award.) Plaintiff must have an
21  independent basis for federal jurisdiction for the court to hear a claim under the Federal
22  Arbitration Act. Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004).

23      In Garrett, appellant Steve Garrett appealed the District Court's dismissal of his petition
24  to vacate an arbitration award. Garrett, 7 F.3d at 883. Appellant sought to vacate the award
25  pursuant to § 10 of the Federal Arbitration Act (the "FAA") 9 U.S.C. §§ 1-16 (1988 & Supp.
26  1990), arguing that the arbitrators were biased. Id. The District Court dismissed appellant's
27  petition holding that the FAA does not confer independent federal question jurisdiction. Id.
28  The Ninth Circuit reviewed the District Court's holding regarding federal-question jurisdiction

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

4
NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1  *de novo.* The Ninth Circuit affirmed the District Court's holding, stating that the FAA "does not

2  create any independent federal question jurisdiction." Id. at 884.  Here, Plaintiff's FAC/Motion

3  to Vacate (no proper motion to vacate was filed) is based upon 9 USC § 10, which does not

4  constitute a federal-question, and thus lacks subject matter jurisdiction.

5      Plaintiff's only other expressly pled claim against the Prozan Defendants is one for

6  professional negligence.  Professional negligence is a state common law theory.  Even if this

7  claim had not already been determined in arbitration, it too is *not* a federal-question.  Ardary v.

8  Aetna Health Plans, 98 F.3d 496, 499-500 (9th Cir. 1996).

9      Plaintiff asserts that only Defendant NASD is subject to suit under 15 U.S.C. §§ 78a,

10  78aa *et seq*. because "it fits within the definition of a securities organization as stated in this

11  statute." [FAC ¶ 36.]   No such allegation is made as to the Prozan Defendants.  Although 15

12  U.S.C. § 78aa can confer jurisdiction over certain claims, it should only do so for claims

13  adequately pled.  Plaintiff's conclusory statement is insufficient to be the basis for subject

14  matter jurisdiction.  To the extent Plaintiff is attempting to assert a claim against the NASD for

15  a violation of its own rules, such claim is not legally viable.  Jablon v. Dean Witter & Co., 614

16  F.2d 677, 681 (9th Cir. 1980).  Even if this Court determines that it has subject matter

17  jurisdiction, as explained further below, this claim must be dismissed because it is untenable

18  and/or subject to the NASD's immunity defense.

19      Thus, 15 U.S.C. § 78aa does *not* properly confer subject matter jurisdiction for any claim

20  properly or expressly asserted against the Prozan Defendants.  Since Plaintiff does not have any

21  valid basis for federal jurisdiction against the Prozan Defendants, all her claims against the

22  Prozan Defendants warrant dismissal.

23  **B.    PLAINTIFF'S MOTION TO VACATE IS DEFECTIVE**

24      Plaintiff's attempt to file both her First Amended Complaint ("FAC") and the Motion to

25  Vacate ("MTV") as one document is improper, and its defects warrant its immediate dismissal.

26  The Prozan Defendants strongly urge this Court to determine that no such Motion has been

27  filed.  Under the Federal Arbitration Act ("FAA") '[a]ny application to the court hereunder

28  shall be made and heard in the manner provided by law for making and hearing motions." 9

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

5

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1  U.S.C. § 6. Civil L.R.7-2 required Plaintiff's MTV to be noticed on the motion calendar not

2  less than 35 days after service of the motion, that the MTV contain the noticed date and time of

3  the hearing on the MTV, and that the MTV be accompanied by a proposed order. More

4  importantly, Plaintiff's FAC fails to comply with Civil L.R.7-2(d) which requires that "[E]ach

5  motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5"; Civil

6  L.R. 7-5(a) requires that "factual contentions made in support of or in opposition to any motion

7  must be support by an affidavit or declaration and by appropriate references to the record."

8  Plaintiffs' MTV fails to comply with each of the foregoing requirements.

9      Plaintiff, as the party challenging the Award, not only should have filed a proper and

10  independent MTV, it was required to provide the Court with all matters that it desires the Court

11  to consider in support of that Motion. Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253,

12  1258 (7th Cir. 1992). "The burden on a plaintiff for vacation of an arbitration award due to

13  evident partiality is 'heavy,' and the plaintiff must establish by specific facts that indicate

14  improper motives on the part of an arbitrator. The alleged partiality must be direct, defiant and

15  capable of demonstration rather than remote, uncertain and speculative." Gianelli Money

16  Purchase Plan & Trust v. ADM Investor Servs., Inc. 146 F.3d 1309, 1312 (11th Cir. 1998)

17  (citations omitted). Plaintiff's MTV not only fails to attach the arbitration Award it seeks to

18  vacate, *it is completely void of any evidentiary support*. Perhaps this is because a cursory

19  review of the Award, attached as **Exhibit 1** to the **Declaration of Elizabeth Lowery (Lowery**

20  **Decl.**), directly refutes most, if not all, of the allegations in Plaintiff's FAC. Since Plaintiff, as

21  the moving party has the burden of proof, and Plaintiff has failed to provide any evidence in

22  support of her MTV, it must fail and no evidence should be required to defeat its meritless

23  allegations. Section 9 of the FAA provides that where a party to an arbitration applies to a court

24  for an order to confirm an arbitration award, "the court must grant such an order unless the

25  award is vacated, modified or corrected as prescribed in section 10 and 11 of this title" 9 U.S.C.

26  § 9. Thus, to the extent this Court is willing to consider Plaintiff's MTV, an Order confirming

27  the arbitration Award is warranted.

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

6

1    If however, this Court is inclined to consider the substance of the MTV despite both its

2    procedural and evidentiary defects, and is not yet persuaded that confirmation of the arbitration

3    Award is warranted, the Prozan Defendants respectfully request the opportunity to submit a

4    further, more detailed Opposition thereto, which will be replete with citations to the underlying

5    arbitration record supporting the fact that the Arbitrators were justified in dismissing Plaintiff's

6    claims.

7    **C.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN**

8    **BE GRANTED**

9    **1.    Plaintiff has failed to state a claim under 15 U.S.C. §78a, 78aa et. seq. for**

10    **which relief can be granted.**

11    In a nonsensical and factually void manner, Plaintiff awkwardly and inadequately

12    attempts to assert a claim against the NASD under the Securities and Exchange Act of 1934 (15

13    U.S.C. §78a, 78aa et. seq.), by stating that "[b]y hindering, delaying and obstructing the making

14    and filing of a hearing in this case, and hindering plaintiff and preventing her from presenting

15    evidence in her case at hearing, defendants NASD and PROZAN are guilty of violating 15

16    U.S.C. §78 and §78 aa. [FAC ¶ 38.]   While a complaint attacked by Rule 12(b) (6) motion to

17    dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

18    "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic

19    recitation of the elements of a cause of action will not do.  Papasan v. Allain, 478 U.S. 265, 286,

20    106 S.Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

21    conclusion couched as a factual allegation.")

22    There is no conceivable cause of action under the Securities and Exchange Act of 1934

23    that could arguably relate to the facts of this matter.  This is especially true since the NASD is

24    entitled to arbitral immunity.  Pfannensteil v. Merrill 477 F.3d 1155 (10th Cir. 2007).[3]  The facts

25    of this instant action are strikingly similar to those in Pfannenstiel where, after three NASD

26    arbitrators denied his claims against his brokerage firm, customer Robert Pfannenstiel filed a

27    _____

28    [3]  The Prozan Defendants anticipate that this issue will be more fully addressed in the NASD's
Motion to Dismiss filed contemporaneously herewith.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1   complaint in federal court against the brokerage firm and the NASD requesting 1) vacation of

2   the arbitrators' ruling; 2) that he be awarded unspecified damages because the NASD lost the

3   boxes of evidence and the transcripts, failed to manage his case properly tried to cover up the

4   loss of evidence, breached the arbitration contract, and disregarded his rights; and 3) for an

5   order compelling the NASD to establish a protocol for preserving evidence and transcripts.  Id.

6   at 1157.  The court explained that the key question was whether the claim at issue arises out of a

7   decisional act; "[I]n other words, does the claim, regardless of its nominal title, effectively seek

8   to challenge the decisional act of an arbitrator or arbitration panel?  If so, then the doctrine of

9   arbitral immunity should apply." (Citations omitted.)  That court held that Phannenstiel's claim

10  "is little more than a veiled attack on the decision rendered against him by the arbitration panel,

11  and that, accordingly, the NASD is entitled to immunity from that claim." Id. at 1160.  In the

12  instant action, to the extent this Court finds that it has subject matter jurisdiction over Plaintiff's

13  third claim, the reasoning in Phannenstiel should be followed, and that claim should be

14  dismissed.

15          **2.    Plaintiff is not entitled to re-litigate the claims decided in arbitration.**

16          In addition to her veiled Motion to Vacate which is jurisdictionally and procedurally

17  improper, Plaintiff attempts to bring a claim for professional negligence against the Prozan

18  Defendants.  The professional negligence claim has already been resolved by arbitration, as

19  reflected by the arbitration Award attached at **Exhibit 1** to **Lowery Decl.**  According to the

20  Ninth Circuit, Plaintiff is precluded under res judicata and collateral estoppel from bringing

21  claims and issues which have already been decided.  Clark v. Bear Stearns & Co., Inc., 966 F.2d

22  1318 (1992) citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987)

23  (Arbitration awards can have res judicata or collateral estoppel effect.)

24          In C.D. Anderson, appellant C. D. Anderson & Co. appealed the District Court's grant of

25  summary judgment in favor of appellee Michael A. Lemos. Id. at 1098.  The District Court held

26  that C.D. Anderson's federal claims were barred by an award rendered by the National

27  Association of Securities Dealers, Inc. (the "NASD"). Id.  The Ninth Circuit affirmed the

28  District Court's holding, stating that "'an arbitration decisions can have res judicata or collateral

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

8

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1  estoppel effect, even if the underlying claim involves the federal securities laws.'" Id. at 1099-

2  1100. The Court further stated that "[r]es judicata 'bars all grounds for recovery which could

3  have been asserted, whether they were or not, in a prior suit between the same parties . . . on the

4  same cause of action.'" Id. at 1100. Here, Plaintiff seeks to assert a state common law claim

5  which has already been litigated and decided upon before the NASD. Therefore, Plaintiff is

6  barred from asserting her claims again before this Court.

7        Similarly, California courts have held an arbitration award bars re-litigation of matters

8  heard or that could have been heard in the arbitration proceeding. Thibodeau v. Crum, 4 Cal.

9  App. 4th 749, 755 (1992). Since Plaintiff has already received a final determination of her

10  claims in the Arbitration, this Court should not allow Plaintiff to re-litigate her claims in this

11  forum. In arbitration, "the parties do not get to appeal an adverse decision." Saika v. Gold, 49

12  Cal. App. 4th 1074, 1076 (1996). That is precisely what Plaintiff is trying to do by filing the

13  underlying First Amended Complaint.

14        **3.    The Court may not hear the professional negligence claim *de novo*.**

15        Plaintiff's claim for professional negligence is nothing more than a request for *de novo*

16  review of the Arbitrator's dismissal of her claims. However, arbitration awards are immune

17  from judicial review in proceedings to challenge or enforce the award unless the grounds for

18  vacatur exist. Moncharsh v. Heily & Blase, 3 Cal. 4th 1, at 12-13 (1992).

19        In the instant case, Plaintiff expressly agreed that the Arbitrators were empowered to

20  decide all issues submitted to them. On June 21, 2005, Plaintiff executed a Uniform Submission

21  Agreement. *See* **Lowery Decl., Exhibit 2**. The Defendants also duly executed NASD

22  Submission Agreements. Those Agreements state:

23        1)    The undersigned party hereby submits the present matter
24             in controversy as set forth in the attached statement of
               claim, answers, and all related counterclaims and/or third-
25             party claims which may be asserted to arbitration in
               accordance with the Constitution, By-Law, Rules,
26             Regulations, and/or Code of Arbitration Procedure of the
               sponsoring organization.
27                                  . . .

28

9
NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1         4)      The undersigned party further agrees to abide by and
2                perform any award(s) rendered pursuant to this
                Submission Agreement . . .

By signing the Uniform Submission Agreement, Plaintiff agreed to comply with the NASD Code of Arbitration Procedure (the "Code.")  The Code states that "unless the applicable law directs otherwise, **all awards rendered pursuant to this Code shall be deemed final and not subject to review or appeal.**"  NASD Code of Arbitration Procedure Rule 10330(b).  (Emphasis added.)

California's Supreme Court held that arbitrators can not only grant relief that could be awarded by a court, but that they also enjoy the authority to fashion relief they consider just and fair unless there is an express restriction on their powers.  Advanced Micro Devices v. Intel Corp., 9 Cal. 4th 362 at 383, 384 (1994).  In the instant case, there was no restriction on the Arbitrators' powers.  Implicit in the Arbitrators' express power to deem a claim ineligible for arbitration is the corresponding authority to make that determination in advance of, and without the necessity for, a full hearing on the merits.  Schlessinger v. Rosenfeld, Meyer & Sussman, 40 Cal. App. 4th 1096, 1104 (1990) (Even in the absence of express authorization for summary judgment motions in the applicable arbitration rules or the parties' agreement, the arbitrator has implicit authority to rule on such motions.)

### III.

### CONCLUSION

As discussed above, this Court does not have jurisdiction over this matter.  Even if this Court has jurisdiction, Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.  Moreover, Plaintiff is barred by res judicata and collateral estoppel from asserting her professional negligence claim against the Prozan Defendants.  For these reasons, the Prozan Defendants request that this Court dismiss Plaintiff's First Amended Complaint without further leave to amend.  If this Court is inclined to address the substance of Plaintiff's Motion to Vacate, the Prozan Defendants respectfully request that the arbitration Award be confirmed, and judgment entered in conformity therewith.  If this Court deems such an Order is premature, the Prozan Defendants request in the alternative that they be provided a further

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

10

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

1  opportunity to present evidence in support of the Award's confirmation.  Finally, the Prozan

2  Defendants respectfully seek their costs and fees incurred in this matter, and such other relief as

3  this Court deems appropriate.

4

5  DATED: November 19, 2007                          **EDGERTON & WEAVER, LLP**

6

7                                    By: _Elizabeth h_

8                                         Elizabeth Lowery, Esq.
                                          Attorneys for Defendants,
9                                         Lawrence Ian Prozan and
                                          Multi-Financial Securities Corp.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS;
DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON

<b>PROOF OF SERVICE</b>

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On November 19, 2007, I served the following document described as: **NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS FOR: (1) LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)) AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)) OR IN THE ALTERNATIVE TO CONFIRM ARBITRATION AWARD (9 U.S.C. § 9) AND ENTRY OF JUDGMENT THEREON; DECLARATION OF ELIZABETH LOWERY, ESQ. IN SUPPORT THEREOF; [PROPOSED] ORDER** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR DEFENDANTS NASD** |
|---|---|
| Stanley G. Hilton, Esq.<br>Law Offices of Stanley G. Hilton<br>580 California Street, Suite 500<br>San Francisco, CA 94104<br>Fax: (415) 439-4963 | Ethan D. Dettmer, Esq.<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street<br>San Francisco, CA 94104<br>Fax: (415) 986-5309 |

(X)  **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( )  **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (DHL), for delivery to the above addressee(s).

(X)  **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

( )  **By Electronic E-mail:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following addresses.

(X)  **(FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on November 19, 2007 at Hermosa Beach, California.

Kathryn A. Wishard

12<br>NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS; DECLARATION OF ELIZABETH LOWERY; PROPOSED ORDER THEREON