1  **EDGERTON & WEAVER, LLP**
2  SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
   ELIZABETH LOWERY (CA Bar No. 190393)
3  2615 Pacific Coast Highway, Suite 300
   Hermosa Beach, California 90254
4  Tel: (310) 937-2066
   Fax: (310) 937-2064
5
6  Attorneys for Defendants,
   Lawrence Ian Prozan and Multi-Financial Securities Corp.
7
8                  **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10
11 REGINA JIMENEZ,                         )  Case No. 3:07-cv-03360-MJJ
                                           )
12              Plaintiff,                 )  **DECLARATION OF ELIZABETH
                                           )  LOWERY IN SUPPORT OF
13       vs.                               )  DEFENDANTS LAWRENCE IAN
                                           )  PROZAN AND MULTI-FINANCIAL
14 NATIONAL ASSOCIATION OF                 )  SECURITIES CORP.'S MOTION OF
   SECURITIES DEALERS; LAWRENCE IAN        )  PROZAN DEFENDANTS TO DISMISS
15 PROZAN, DBA PROZAN FINANCIAL            )  FOR: (1) LACK OF SUBJECT
   SERVICES; and MULTI-FINANCIAL           )  MATTER JURISDICTION (FRCP
16 SECURITIES CORP.,                       )  12(b)(1)); AND (2) FAILURE TO STATE
                                           )  A CLAIM UPON WHICH RELIEF CAN
17              Defendants.                )  BE GRANTED (FRCP 12(b)(6)) OR IN
                                           )  THE ALTERNATIVE TO CONFIRM
18 ─────────────────────────────────         ARBITRATION AWARD (9 U.S.C. § 9)
                                              AND ENTRY OF JUDGMENT
19                                            THEREON**
20
21                                            Judge: Hon. Martin J. Jenkins
22
23
24 I, Elizabeth Lowery, declare and state as follows:
25       1.      I am an attorney duly licensed to practice law before all courts of the State of
26 California and I am a partner with the law firm of Edgerton & Weaver, LLP, attorneys of record
27
28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    for Defendants Lawrence Ian Prozan, dba Prozan Financial Services and Multi-Fi Securities

2    Corp. (collectively the "Prozan Defendants"). I have been the attorney at our firm with primary

3    responsibility for the defense of these clients from the inception of the underlying arbitration

4    before the National Association of Securities Dealers ("NASD"), to the present defense of the

5    First Amended Complaint and Motion to Vacate the Arbitration Award filed by Plaintiff

6    Jimenez on October 22, 2007. I offer this declaration in support of the Prozan Defendants'

7    Motion to Dismiss and in the alternative, Motion to Compel the Arbitration Award. I have

8    personal knowledge of the facts set forth in this declaration and if called as a witness, would

9    competently testify to them.

10         2.      On or about August 16, 2005, Plaintiff Regina Jimenez filed an Amended

11    Statement of Claim in NASD Arbitration Case No. 05-03037 titled *Regina Jimenez v. Charles*

12    *Schwab & Co. Inc., Pershing LLC, TD Ameritrade, Inc, Royal Alliance Associates, Inc. Sentra*

13    *Securities Corporation, Lawrence I Prozan, Multi-Financial Securities Corporation, Ameritas*

14    *Acacia Mutual Holding Company, United Pacific Securities, Inc, Jack White & Company, Inc.,*

15    *Keogler, Morgan & Company, Inc.* The Prozan Defendants were served with this Amended

16    Statement of Claim shortly thereafter, and before they receive a copy of Plaintiff's original

17    Statement of Claim which bears a date of May 9, 2005. A true and correct copy of Plaintiff's

18    Amended Statement of Claim, as well as Plaintiff's NASD Arbitration Uniform Submission

19    Agreement, which bears a date of June 21, 2005, are attached hereto as **Exhibit 2**. By executing

20    that agreement, Plaintiff agreed to submit to the jurisdiction of the NASD Arbitrators and to

21    comply with the Award rendered.

22         3.      After years of amended pleadings, motions and hearings, every claim that

23    Plaintiff asserted against every Defendant was dismissed with prejudice, as reflected in the July

24    24, 2007 Arbitration Award duly executed by each of the three neutral arbitrators. In addition,

25    the Award ordered that Plaintiff and her counsel were jointly and severally liable to pay $500 in

26    attorney's fees and $1,000 in sanctions to the Prozan Defendants, $500 in attorney's fees to

27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2066
www.edgertonweaver.com

1  Royal Alliance Associates and $500 in attorney's fees to United Pacific Securities, Inc.  Plaintiff

2  has not paid the sanctions or the attorney's fees to the Prozan Defendants.  A true and correct

3  copy of that Award is attached hereto as **Exhibit 1.**  I filed many of the submissions referred to

4  in the Award, and attended each of the hearings referred to therein.  I affirmatively state that the

5  procedural history set forth in the Award is an accurate rendition of the procedural history of

6  the underlying arbitration.

7      4.    As reflected in the Award, the arbitrators initially dismissed the last of Plaintiff's

8  claims on May 24, 2007.  Plaintiff then challenged that Order by asserting the same allegations

9  as contained in Plaintiff's First Amended Complaint herein, i.e. that the Arbitrators were biased,

10  including that Defendant Prozan's wife is a member of the NASD's Arbitration and Mediation

11  Committee ("NAMC") and somehow wrongly influenced the NASD arbitrators.  During the

12  hearing on that Motion, the Arbitrators not only affirmed that they had fully and completely

13  made all necessary disclosures to the parties as required by California law and the NASD Code

14  of Arbitration Procedure, but also that none of the Arbitrators knew of or had any dealings

15  whatsoever with Defendants' Prozan's wife.

16

17      I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct.

19

20      Executed this 19th day November, 2007 at Hermosa Beach, California.

21

22      Elizabeth Lowery, Esq.

23

24

25

26

27

28

© **COPY**

Award

## NASD Dispute Resolution

In the Matter of the Arbitration Between:
Regina Jimenez, Claimant v. Charles Schwab & Co., Inc., Pershing LLC, TD Ameritrade, Inc., Royal Alliance Associates, Inc., Sentra Securities Corporation, Lawrence I. Prozan, Multi-Financial Securities Corporation, Ameritas Acacia Mutual Holding Company, United Pacific Securities, Inc., Jack White & Company, Inc., Keogler, Morgan & Company, Inc., Respondents

Case Number: 05-03037                    Hearing Site: Los Angeles, California

Nature of the Dispute: Customer v. Members, Non-Member, and Associated Person

### REPRESENTATION OF PARTIES

For Claimant Regina Jimenez:

Stanley G. Hilton, Esq.
Law Offices of Stanley G. Hilton
San Jose, California

For Respondent Charles Schwab & Co., Inc:

Lowell H. Haky, Esq.
Charles Schwab & Co., Inc.
San Francisco, California

For Respondent Pershing LLC:

Elizabeth Lowery, Esq.
Edgerton & Weaver, LLP
Hermosa Beach, California

For Respondent TD Ameritrade, Inc.:

John L. Erikson, Jr., Esq.
Jones, Bell, Abbott, Fleming & Fitzgerald
Los Angeles, California

For Respondent Royal Alliance Associates, Inc.:

Gregory M. Curley, Esq.
Royal Alliance Associates, Inc.
New York, New York

For Respondent Sentra Securities Corporation:

Sarah Kreisman, Esq.
Sentra Securities Corporation
Phoenix, Arizona

For Respondents Lawrence I. Prozan and Multi-Financial

EXHIBIT  1

07/24/2007  16:22 FAX                                                      ☒ 015/032

NASD Dispute Resolution
Arbitration No. 05-03037
Award   Page 2 of 15

Securities Corporation:                                    Elizabeth Lowery, Esq.
                                                           Edgerton & Weaver, LLP
                                                           Hermosa Beach, California

For Respondent Ameritas Acacia Mutual Holding Company:     David M. Williams, Esq.
                                                           The Ameritas Acacia
                                                           Companies
                                                           Lincoln, Nebraska

For Respondent United Pacific Securities, Inc.:            Edward S. Zusman, Esq.
                                                           Markun Zusman &
                                                           Compton, LLP
                                                           San Francisco, California

For Respondent Jack White & Company, Inc.:                 John L. Erikson, Jr., Esq.
                                                           Jones Bell Abbott Fleming
                                                           & Fitzgerald
                                                           Los Angeles, California

For Respondent Keogler, Morgan & Company, Inc.:            Gregory M. Curley, Esq.
                                                           Royal Alliance Associates,
                                                           Inc.
                                                           New York, New York

## CASE INFORMATION

Statement of Claim filed: June 10, 2005

Amended Statement of Claim filed: August 15, 2005

Second Amended Statement of Claim filed: July 20, 2006

Claimant's Uniform Submission Agreement signed: June 21, 2005

Statement of Answer filed by Respondent United Pacific Securities, Inc.: September 29, 2005

Respondent United Pacific Securities, Inc.'s Uniform Submission Agreement signed: September 29, 2005

Joint Statement of Answer filed by Respondents Royal Alliance Associates, Inc., Sentra Securities Corporation, and Keogler, Morgan & Company, Inc.: September 30, 2005
Respondent Royal Alliance Associates, Inc.'s Uniform Submission Agreement signed:

NASD Dispute Resolution
Arbitration No. 05-03037
Award   Page 3 of 15

October 10, 2005

Respondent Sentra Securities Corporation's Uniform Submission Agreement signed:
October 12, 2005

Respondent Keogler, Morgan & Company, Inc.'s Uniform Submission Agreement
signed: October 10, 2005

Statement of Answer filed by Respondent Ameritas Acacia Mutual Holding Company:
October 4, 2005

Respondent Ameritas Acacia Mutual Holding Company's Uniform Submission
Agreement signed: October 4, 2005

Joint Statement of Answer filed by Respondents Multi-Financial Securities Corporation
and Lawrence I. Prozan: October 5, 2005

Respondent Multi-Fi Securities Corporation's Uniform Submission Agreement signed:
September 6, 2005

Respondent Lawrence I. Prozan's Uniform Submission Agreement signed: October 3,
2005

Statement of Answer filed by Respondent Pershing LLC: October 5, 2005

Respondent Pershing LLC's Uniform Submission Agreement signed: October 3, 2005

Statement of Answer filed by Respondents TD Ameritrade, Inc. and Jack White &
Company, Inc.: October 5, 2005

Respondent TD Ameritrade, Inc.'s Uniform Submission Agreement signed: October 21,
2005

Respondent Jack White & Company, Inc.'s Uniform Submission Agreement signed:
October 12, 2005

Statement of Answer and Counterclaim filed by Respondent Charles Schwab & Co.,
Inc.: October 5, 2005

Respondent Charles Schwab & Co., Inc.'s Uniform Submission Agreement signed:
October 3, 2005

Statement of Answer to Counterclaim filed by Claimant: December 29, 2005

NASD Dispute Resolution
Arbitration No. 05-03037
Award   Page 4 of 15

## CASE SUMMARY

Claimant asserted the following causes of action in her Amended Statement of Claim:
professional negligence, breach of written contract, breach of covenant of good faith
and fair dealing, fraud, breach of fiduciary duty, intentional infliction of emotional
distress, and negligent infliction of emotional distress. Claimant's allegations involved
the purchase and sale of unspecified securities.

Unless specifically admitted in their Answers, Respondents denied the allegations of
wrongdoing set forth in Claimant's Amended Statement of Claim and asserted various
affirmative defenses.

## RELIEF REQUESTED

Claimant requested $1,000,000.00 in compensatory damages.

Respondent Charles Schwab & Co., Inc. requested dismissal of Claimant's Statement
of Claim in its entirety and that Claimant be held liable to Charles Schwab & Co., Inc. for
Charles Schwab & Co.'s fees, costs, and expenses incurred in connection with this
matter pursuant to an indemnification agreement.

Respondent Pershing LLC requested dismissal of Claimant's Statement of Claim in its
entirety, assessment of all forum fees to Claimant, a refund of its member surcharge,
and costs, including attorney's fees.

Respondents Royal Alliance Associates, Inc., Sentra Securities Corporation, and
Keogler Morgan & Company, Inc. requested dismissal of Claimant's Statement of Claim
in its entirety.

Respondents Multi-Financial Securities Corp. and Lawrence I. Prozan requested
dismissal of Claimant's Statement of Claim in its entirety, refund of Respondent Multi-
Financial Securities Corp.'s member surcharge, expungement of this matter from
Respondent Lawrence I. Prozan's Central Registration Depository ("CRD") records,
assessment of all forum fees to Claimant, and costs, including attorney's fees.

Respondent Ameritas Acacia Mutual Holding Company requested dismissal of
Claimant's Statement of Claim in its entirety and costs, including attorney's fees.

Respondent United Pacific Securities, Inc. requested dismissal of Claimant's Statement
of Claim in its entirety and costs, including attorney's fees.

Respondents TD Ameritrade Inc. and Jack White & Company, Inc. requested dismissal
of Claimant's Statement of Claim in its entirety and costs.

NASD Dispute Resolution
Arbitration No. 05-03037
Award   Page 5 of 15

## OTHER ISSUES CONSIDERED AND DECIDED

On June 10, 2005, Claimant filed a Statement of Claim. On August 15, 2005, Claimant filed an Amended Statement of Claim, which superseded and replaced the initial Statement of Claim that had been filed.

In January 2006, Claimant and Respondent Pershing LLC filed a Stipulation and Proposed Order requesting a dismissal of Respondent Pershing LLC with prejudice, a refund of its member surcharge, and expungement of this matter from its CRD records. In March 2006, the Panel approved the parties' stipulation dismissing Respondent Pershing LLC from this matter.

On September 29, 2005, Respondent United Pacific Securities, Inc. filed a Motion to Dismiss. On September 30, 2005, Respondents Royal Alliance Associates, Inc., Sentra Securities Corporation, and Keogler, Morgan & Company, Inc. filed a Motion for More Definite Claim and Motion to Dismiss. On October 4, 2005, Respondent Ameritas Acacia Mutual Holding Company filed a Motion for More Definite Claim and Motion to Dismiss. On December 2, 2005, Respondents Multi-Financial Securities Corp. and Lawrence I. Prozan (hereinafter "Multi-Fi" and "Prozan") filed a Motion to Dismiss and Motion for Sanctions. On December 29, 2005, Claimant filed a Memorandum of Points and Authorities in Opposition to Motions to Dismiss, Answers, and Counterclaims. On January 31, 2006, Respondents Royal Alliance Associates, Inc., Sentra Securities Corporation, and Keogler, Morgan & Company, Inc. filed a Reply to Claimant's Memorandum of Points and Authorities in Opposition to Motions to Dismiss, Answers, and Counterclaims. On February 15, 2006, Respondent United Pacific Securities, Inc. filed a Reply in Support of its Motion to Dismiss and Declaration in Support. On February 15, 2006, counsel for Respondents Multi-Fi and Prozan filed a Declaration in Support of Multi-Fi and Prozan's Motion to Dismiss. On February 16, 2006, Respondent Ameritas Acacia Mutual Holding Company filed a Reply to Claimant's Memorandum of Points and Authorities in Opposition to Motions to Dismiss. On April 28, 2006, Respondents Multi-Fi and Prozan filed a Supplemental Submission in Support of their Motion to Dismiss. On May 2, 2006, Respondents TD Ameritrade, Inc. and Jack White & Company filed a Motion to Dismiss with Declarations in Support Thereof. On May 4, 2006, Claimant filed a request to amend her Statement and a proposed Amended Statement of Claim. On May 9, 2006, the parties and the Panel participated in a pre-hearing conference during which the Panel heard oral argument from the parties regarding the pending motions. On May 10, 2006, the Panel issued the following Order, which was sent to the parties on May 17, 2006:

    (a) Claimant offered a dismissal with prejudice of all claims in exchange for a waiver of fees and costs, which was accepted by the following Respondents:
        1.  Jack White & Company, Inc.;
        2.  TD Ameritrade, Inc.;

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 6 of 15

      3.  Charles Schwab & Co., Inc.;
      4.  Sentra Securities Corporation;
      5.  Keogler Morgan & Company, Inc.; and
      6.  Ameritas Acacia Mutual Holding Company.

The Panel approved and ordered the dismissal with prejudice of these
Respondents.

(b) Claimant offered to dismiss Respondent United Pacific Securities, Inc. in
exchange for a waiver of fees and costs. Respondent United Pacific Securities,
Inc. did not accept this offer. The Panel heard oral argument from the parties with
respect to the dismissal of Respondent United Pacific Securities, Inc. and an
assessment of costs.

The Panel ordered the dismissal with prejudice of Respondent United Pacific
Securities, Inc. Claimant and Claimant's counsel Stanley Hilton were ordered to
jointly reimburse Respondent United Pacific Securities, Inc. for any forum fees
that had been assessed against that entity since December 2004. Attorney
Stanley Hilton was ordered to pay Respondent United Pacific Securities, Inc.
$1,500.00 in attorney's fees.

(c) Respondent Royal Alliance Associates, Inc. requested dismissal of all claims
against it.

The Panel granted Respondent Royal Alliance Associates, Inc.'s request for
dismissal. Claimant and Claimant's counsel Stanley Hilton were ordered to jointly
reimburse Respondent Royal Alliance Associates, Inc. for any forum fees that
had been assessed against that entity since December 2004. Attorney Stanley
Hilton was ordered to pay Respondent Royal Alliance Associates $1,500.00 in
attorney's fees.

(d) Respondents Multi-Fi and Prozan requested dismissal of all claims against them.

The Panel denied the motion without prejudice. Claimant was permitted to file a
Final Amended Statement of Claim setting forth sufficient facts to put
Respondents Multi-Fi and Prozan on notice of all claims against them within
twenty days of the date of mailing of the Order by NASD. Thereafter, if needed,
Respondents Multi-Fi and Prozan could file a renewed Motion to Dismiss within
twenty days time. Claimant and Claimant's counsel Stanley Hilton were ordered
to jointly reimburse Respondents Multi-Fi and Prozan for any forum fees that had
been assessed against them since December 2004. Attorney Stanley Hilton was
ordered to pay $1,500.00 in attorney's fees to the law firm representing
Respondents Multi-Fi and Prozan.

On May 28, 2006, Claimant filed a Petition for Reconsideration of Decision and to Stay Case Pending Court Appeal and Mandamus Proceedings. On June 5, 2006, Respondents Multi-Fi and Prozan filed an Opposition to Claimant's Petition and Renewal of their Request for Dismissal and Request for Further Sanctions in an Amount of at Least $10,000.00. On June 22, 2006, Claimant, Respondents Multi-Fi and Prozan, and the Panel participated in a pre-hearing conference during which the Panel rescinded the portion of its May 10, 2006 Order that addressed the issue of costs and attorney's fees. On June 26, 2006, the Panel issued the following Order:

(a) Each Respondent that was initially named (with the exception of Pershing, LLC, whom the parties had agreed was named in error and should not have forum fees assessed to it) is to pay forum fees in the amount of $109.09 for the May 9, 2006 pre-hearing conference, with the exception of Respondents United Pacific Securities, Inc., Royal Alliance Associates, Inc., and Lawrence I. Prozan who are to pay no forum fees for these pre-hearing conferences.

(b) Claimant is to pay $436.36 in forum fees for the May 9, 2006 pre-hearing conference.

(c) Claimant and Claimant's counsel Stanley Hilton were ordered to pay attorney's fees in the amount of $500.00 to Respondent United Pacific Securities, Inc., $500.00 to Respondent Royal Alliance Associates, Inc., and $500.00 to Respondents Multi-Fi and Prozan.

(d) All such forum fees and attorney's fees are to be paid at the conclusion of the case.

(e) The Panel permitted Claimant to file a final Amended Statement of Claim on or before July 20, 2006, Respondent to challenge any such Amended Statement of Claim on or before August 17, 2006, and Claimant to respond to any such challenge on or before August 24, 2006.

On July 20, 2006, Claimant filed a Second Amended Statement of Claim. On August 15, 2006, Respondents Multi-Fi and Prozan filed an Opposition to Claimants' Second Amended Statement of Claim, a Motion to Dismiss and for Sanctions and Declaration in Support Thereof. On August 24, 2006, Claimant filed Claimant's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Second Amended Statement of Claim and for Sanctions, a Demand for Sanctions Against Respondents and their Counsel, Declaration in Support, and two e-mails regarding Respondents' Motion to Dismiss. On August 25, 2006, Claimant filed a Supplemental Declaration. On September 5, 2006 and October 6, 2006, the Panel and the parties participated in pre-hearing conferences during which the Panel heard oral argument from the parties and issued the following Order, dated October 6, 2006:

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 8 of 15

> Respondent Multi-Fi and Prozan's Motion to Dismiss Claimant's Second
> Amended Statement of Claim is granted as to all causes of action with the
> exception of Claimant's fraud claim. All claims with the exception of the fraud
> claim are barred by applicable statutes of limitation, and the breach of contract
> claim is not adequately pled.

On March 15, 2007, Respondents Multi-Fi and Prozan filed a Motion to Dismiss or for
Alternative Relief and a Motion for Sanctions against Claimant and her attorney. On
March 28, 2007, Claimant filed a Memorandum of Points and Authorities in Opposition
to Motion to Dismiss or for Alternative Relief and Motion for Sanctions. During a pre-
hearing conference on April 16, 2007, Respondents Multi-Fi and Prozan's counsel
advised the Panel on behalf of Respondents Multi-Fi and Prozan and Claimant that the
parties had reached a resolution in principle and would be forwarding certain documents
to the Panel for its review and signature. On May 10, 2007, Respondents Multi-Fi and
Prozan filed a Request for Immediate Ruling on Respondents' Motion to Dismiss. On
May 10, 2007, Claimant filed an objection to this request. On May 11, 2007,
Respondents Multi-Fi and Prozan filed a response to Claimant's objection to
Respondents' request. On May 16, 2007, Claimant filed a request to change venue and
a request for continuance of the May 30 – June 1, 2007 arbitration hearing. On May 22,
2007, Claimant provided a letter from his physician in support of his request to change
venue. On May 24, 2007, the Panel deliberated and issued the following Order:

   (a) Respondents' Multi-Fi and Prozan's Motion to Dismiss is granted; the Statement
      of Claim in its entirety is dismissed with prejudice.

   (b) Claimant and her counsel Stanley Hilton are to pay $1,000.00 in sanctions to
      Respondents.

   (c) The Panel recommends that Respondent Lawrence I. Prozan's request for
      expungement of this matter from his CRD records be granted.

On May 25, 2007, Claimant filed a request for a hearing on Respondents' Motion to
Dismiss and on Claimant's request that the Panel enforce a settlement agreement. On
May 28 and May 29, 2007, Claimant filed a further objection to the Panel's decision to
dismiss the matter and to the fact that Respondent Lawrence I. Prozan's wife is a
member of NASD's Arbitration and Mediation Committee ("NAMC"), which fact had not
been disclosed to Claimant. On June 14, 2007, the Panel and the parties participated in
a pre-hearing conference during which the Panel heard oral argument regarding
Claimant's request for reconsideration of the Panel's prior Order dismissing the case
and allegations of panel bias. In a memorandum dated June 14, 2007, NASD staff
advised the parties that after hearing oral argument, the Panel reaffirmed its prior
decision to dismiss the matter and requested that Respondents Multi-Fi and Prozan
provide all materials in support of their Rule 2130 expungement request no later than

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 9 of 15

June 28, 2007. On June 28, 2007, Respondents Multi-Fi and Prozan filed materials in support of their expungement request.

The parties agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, Respondents' Motions to Dismiss, and the parties' briefing and oral argument on these motions, the Panel decided in full and final resolution of the issues submitted for determination as follows:

1) Claimant's claims are dismissed with prejudice.

2) Claimant and her counsel Stanley G. Hilton are jointly and severally liable to and shall pay Respondent United Pacific Securities, Inc. the sum of $500.00 in attorney's fees.

3) Claimant and her counsel Stanley Hilton are jointly and severally liable to and shall pay Respondent Royal Alliance Associates, Inc. the sum of $500.00 in attorney's fees.

4) Claimant and her counsel Stanley G. Hilton are jointly and severally liable to and shall pay Respondents Multi-Financial Corp. and Lawrence I. Prozan the sum of $500.00 in attorney's fees.

5) Claimant and her counsel Stanley G. Hilton are jointly and severally liable to and shall pay Respondents Multi-Financial Corp. and Lawrence I. Prozan the sum of $1,000.00 in sanctions.

6) With the exception of the foregoing paragraphs, the parties shall bear their respective costs, including attorney's fees.

7) The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent Lawrence I. Prozan's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to NASD Notice to Members 04-16, Respondent Lawrence I. Prozan must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. Unless specifically waived in writing by NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents. Pursuant to Rule 2130, the arbitration panel has made the following affirmative findings of fact: the claim, allegation, or information is factually impossible

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 10 of 15

or clearly erroneous.

8)  Any and all relief not specifically addressed herein is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

NASD Dispute Resolution received or will collect the non-refundable filing fees for each
claim as follows:

| | |
|---|---|
| Initial claim filing fee | = $ 375.00 |

### Member Fees

Member fees are assessed to each member firm that is either a party in the matter or an
employer of a respondent associated person at the time of the events that gave rise to
the dispute, claim, or controversy. The member firm Charles Schwab & Co., Inc. is a
party, and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $2,250.00 |
| Pre-Hearing Process Fee | = $  750.00 |
| **Total Member Fees** | **= $3,000.00** |

The member firm TD Ameritrade, Inc. is a party, and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $ 2,250.00 |
| Pre-Hearing Process Fee | = $  750.00 |
| **Total Member Fees** | **= $3,000.00** |

The member firm Royal Alliance Associates, Inc. is a party, and the following fees are
assessed:

| | |
|---|---|
| Member Surcharge | = $ 2,250.00 |
| Pre-Hearing Process Fee | = $  750.00 |
| **Total Member Fees** | **= $ 3,000.00** |

The member firm Sentra Securities Corporation is a party, and the following fees are
assessed:

| | |
|---|---|
| Member Surcharge | = $ 2,250.00 |
| Pre-Hearing Process Fee | = $  750.00 |
| **Total Member Fees** | **= $3,000.00** |

The member firm United Pacific Securities, Inc. is a party, and the following fees are
assessed:

| | |
|---|---|
| Member Surcharge | = $ 2,250.00 |
| Pre-Hearing Process Fee | = $  750.00 |
| **Total Member Fees** | **= $ 3,000.00** |

07/24/2007 16:25 FAX

The member firm Jack White & Company, Inc. is a party, and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $ 2,250.00 |
| Pre-Hearing Process Fee | = $   750.00 |
| **Total Member Fees** | = $ 3,000.00 |

The member firm Morgan, Keogler & Company, Inc., is a party, and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $2,250.00 |
| Pre-Hearing Process Fee | = $   750.00 |
| **Total Member Fees** | = $3,000.00 |

The member firm Multi-Financial Securities Corporation is a party, and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $2,250.00 |
| Pre-Hearing Process Fee | = $   750.00 |
| Hearing Process Fee | = $4,000.00 |
| **Total Member Fees** | = $7,000.00 |

The member firm Pershing LLC is a party, and the following fees are assessed:

| | |
|---|---|
| Pre-Hearing Process Fee | = $   750.00 |
| **Total Member Fees** | = $   750.00 |

Member fees for Respondent Pershing LLC were administratively waived.

## Adjournment Fees
The following adjournment fees are assessed:

| | |
|---|---|
| May 30 – June 1, 2007, adjournment requested by Claimant and Respondents Multi-Fi and Prozan | = $1,200.00 |

The Panel waived the adjournment fee.

## Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), which lasts four (4) hours or less. The following forum fees are assessed:

| | |
|---|---|
| Seven (7) pre-hearing conference sessions with the Panel @ $1,200.00/session | = $ 8,400.00 |

Pre-hearing conferences:  December 6, 2005      1 session
                          May 9, 2006           1 session

07/24/2007 16:25 FAX                                                                                      囵025/082

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 12 of 15

| | | |
|---|---|---|
| June 22, 2006 | 1 session | |
| September 5, 2006 | 1 session | |
| October 6, 2006 | 1 session | |
| April 16, 2007 | 1 session | |
| June 14, 2007 | 1 session | |

**Total Forum Fees**                                                    = $ 8,400.00

1. The Panel assessed $3,545.45 of the forum fees to Claimant Regina Jimenez.

2. The Panel assessed $3,218.18 of the forum fees jointly and severally to
   Respondents Multi-Financial Corporation and Lawrence I. Prozan.

3. The Panel assessed $109.09 of the forum fees to Respondent Multi-Financial
   Corporation.

4. The Panel assessed $218.18 of the forum fees to Respondent Sentra Securities
   Corporation.

5. The Panel assessed $218.18 of the forum fees to Respondent Keogler, Morgan &
   Company, Inc.

6. The Panel assessed $218.18 of the forum fees to Respondent TD Ameritrade, Inc..

7. The Panel assessed $218.18 of the forum fees to Respondent Jack White &
   Company, Inc.

8. The Panel assessed $218.18 of the forum fees to Respondent Ameritas Acacia
   Mutual Holding Co.

9. The Panel assessed $218.18 of the forum fees to Respondent Charles Schwab &
   Co., Inc.

10. The Panel assessed $109.09 of the forum fees to Respondent United Pacific
    Securities Inc.

11. The Panel assessed $109.09 of the forum fees to Respondent Royal Alliance
    Associates.

### Fee Summary

1. Claimant Regina Jimenez is charged with the following fees and costs:
   | | |
   |---|---|
   | Initial Filing Fee | = $   375.00 |
   | Forum Fees | = $ 3,545.45 |

07/24/2007 16:26 FAX    図028/032

NASD Dispute Resolution
Arbitration No. 05-03037
Award Page 13 of 15

| | |
|---|---|
| Total Fees | = $ 3,920.45 |
| Less payments | = $(1,575.00) |
| **Balance Due NASD Dispute Resolution** | = $ 2,345.45 |

2. Respondent Charles Schwab & Co., Inc. is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 3,000.00 |
| Forum Fees | = $   218.18 |
| Total Fees | = $ 3,218.18 |
| Less payments | = $(5,750.00) |
| **Refund Due Charles Schwab & Co., Inc.** | = $(2,531.82) |

3. Respondent TD Ameritrade, Inc. is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 3,000.00 |
| Forum Fees | = $   218.18 |
| Total Fees | = $ 3,218.18 |
| Less payments | = $(3,000.00) |
| **Balance Due NASD Dispute Resolution** | = $   218.18 |

4. Respondent Royal Alliance Associates is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 3,000.00 |
| Forum Fees | = $   109.09 |
| Total Fees | = $ 3,109.09 |
| Less payments | = $(3,000.00) |
| **Balance Due NASD Dispute Resolution** | = $   109.09 |

5. Respondent Sentra Securities Corporation is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 3,000.00 |
| Forum Fees | = $   218.18 |
| Total Fees | = $ 3,218.18 |
| Less payments | = $(3,000.00) |
| **Balance Due NASD Dispute Resolution** | = $   218.18 |

6. Respondent Multi-Financial Securities Corporation is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 7,000.00 |
| Forum Fees | = $   109.09 |
| Total Fees | = $ 7,109.09 |
| Less payments | = $(3,000.00) |
| **Balance Due NASD Dispute Resolution** | = $ 4,109.09 |

07/24/2007 16:25 FAX

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 14 of 15

7. Respondent Ameritas Acacia Mutual Holding Company is charged with the following
   fees and costs:
   | | | |
   |---|---|---|
   | Forum Fees | = $ | 218.18 |
   | Less payments | = $ | (0.00) |
   | **Balance Due NASD Dispute Resolution** | **= $** | **218.18** |

8. Respondent United Pacific Securities is charged with the following fees and costs:
   | | | |
   |---|---|---|
   | Member Fees | = $ | 3,000.00 |
   | Forum Fees | = $ | 109.09 |
   | Total Fees | = $ | 3,109.09 |
   | Less payments | = $ | (0.00) |
   | **Balance Due NASD Dispute Resolution** | **= $** | **3,109.09** |

9. Respondent Jack White & Company is charged with the following fees and costs:
   | | | |
   |---|---|---|
   | Member Fees | = $ | 3,000.00 |
   | Forum Fees | = $ | 218.18 |
   | Total Fees | = $ | 3,218.18 |
   | Less payments | = $ | (750.00) |
   | **Balance Due NASD Dispute Resolution** | **= $** | **2,468.18** |

10. Respondent Keogler, Morgan & Company, Inc. is charged with the following fees
    and costs:
    | | | |
    |---|---|---|
    | Member Fees | = $ | 3,000.00 |
    | Forum Fees | = $ | 218.18 |
    | Total Fees | = $ | 3,218.18 |
    | Less payments | = $ | (0.00) |
    | **Balance Due NASD Dispute Resolution** | **= $** | **3,218.18** |

11. Respondents Multi-Financial Securities Corporation and Lawrence I. Prozan are
    charged jointly and severally with the following fees and costs:
    | | | |
    |---|---|---|
    | Forum Fees | = $3,218.18 |
    | **Balance Due NASD Dispute Resolution** | **= $3,218.18** |

12. Respondent Pershing LLC is charged with following fees and costs:
    | | | |
    |---|---|---|
    | Member Fees | = $ | waived |
    | Less Payments | = $ | (750.00) |
    | **Refund Due Respondent Pershing LLC** | **= $** | **(750.00)** |

All balances are payable to NASD Dispute Resolution and are due upon the receipt of
the Award pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 15 of 16

## ARBITRATION PANEL

Susan G. Weinstein        ·        Public Arbitrator  Presiding Chair
Carol Jeanne Medof        ·        Public Arbitrator
Robert A. Lombardi        ·        Non-Public Arbitrator

Concurring Arbitrators' Signatures

Susan G. Weinstein                        7/20/07
Chair, Public Arbitrator                  Signature Date


_____               _____
Carol Jeanne Medof                        Signature Date
Public Arbitrator


_____               _____
Robert A. Lombardi                        Signature Date
Non-Public Arbitrator


                                          7/24/07
                                          Date of Service

NASD Dispute Resolution
Arbitration No. 05-03037
Award  Page 15 of 15

## ARBITRATION PANEL

Susan G. Weinstein            •            Public Arbitrator, Presiding Chair
Carol Jeanne Medof            •            Public Arbitrator
Robert A. Lombardi            -            Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____                    _____
Susan G. Weinstein                          Signature Date
Chair, Public Arbitrator

*Carol Jeanne Medof*                        7-16-07
_____                    _____
Carol Jeanne Medof                          Signature Date
Public Arbitrator

_____                    _____
Robert A. Lombardi                          Signature Date
Non-Public Arbitrator

                                            7/24/07
                                            _____
                                            Date of Service

NASD Dispute Resolution
Arbitration No. 06-03037
Award  Page 15 of 15

## ARBITRATION PANEL

Susan G. Weinstein        -        Public Arbitrator, Presiding Chair
Carol Jeanne Medof        -        Public Arbitrator
Robert A. Lombardi        -        Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____
Susan G. Weinstein
Chair, Public Arbitrator

_____
Signature Date

_____
Carol Jeanne Medof
Public Arbitrator

_____
Signature Date

_Robert A. Lombardi_
Robert A. Lombardi
Non-Public Arbitrator

_July 11, 2007_
Signature Date

_7/24/07_
Date of Service



# Proof of Service

State of California, County of Los Angeles

I am employed in the county of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is:

NASD Dispute Resolution
300 South Grand Avenue, Suite 900
Los Angeles, California 90071

On July 24, 2007, I served the following documents described as:

Award, Cover Letters and Invoice Statement for Arbitration Case No. 05-03037
On the interested parties in this action by placing the true copies thereof enclosed in the sealed envelopes as follows:

Stanley G. Hilton, Esq., Law Offices of Stanley G. Hilton, 2570 N. First St, Suite 200, San Jose, CA 95131   Fax: 415-439-4963

Lowell H. Haky, Esq. Charles Schwab & Co., Inc., Office of Corporate Counsel, 101 Montgomery Street, San Francisco, CA  94104  Fax: 415-636-5304

Elizabeth Lowery, Esq., Edgerton & Weaver, LLP, 2615 Pacific Coast Hwy., Suite 300, Hermosa Beach, CA 90254   Fax: 310-937-2064

John L. Erikson, Jr., Esq., Jones, Bell, Abbott, Fleming &Fitzgerald, 601 S. Figueroa Street, 27th Floor, Los Angeles, CA  Fax: 90017-5759 Fax: 213-689-1004

Gregory M. Curley, Esq. Royal Alliance Associates, Inc., 733 Third Avenue, 4th Floor, New York, NY 10017   Fax: 212-551-5107

Sarah Kreisman, Esq., Sentra Securities Corporation, 2800 North Central Avenue, Suite 2100, Phoenix, AZ 85004   Fax: 602-744-3145

David M. Williams, Esq., The AmeritaAcacia Companies, 5900 "O" Street, Lincoln, NE 68410  Fax: 402-467-7956

Edward S. Zusman, Esq., Markun Zusman & Compton, LLP, 465 California Street, 5th Floor, San Francisco, CA 94104  Fax: 415-434-4505

07/24/2007 16:27 FAX

By Certified Mail, I caused each envelope, with certified class postage thereon fully prepaid.

X   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

By Personal Service, I caused such envelope to be delivered by hand to the individuals at the addressee(s) listed.

By overnight courier, I caused the above-referenced documents to be delivered to an overnight courier service (Federal Express), for delivery to the above addressees.

X   By facsimile machine, I caused the above-referenced documents to be transmitted to the above-named persons at the numbers above.

X   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(FEDERAL) I declare that I am employed in the office of a member of the bar on this court at whose direction the service was made.

Executed this July 24, 2007, at Los Angeles, California.

Margaret Stephen

Margaret Stephen

Received

AUG 1 6 2005

NASD West Regional
Dispute Resolution Office

## AMENDED STATEMENT OF CLAIM BEFORE NASD.

## CLAIMANT: REGINA JIMENEZ

**RESPONDENTS:**Lawrence Ira Prozan, dba Prozan Financial Services (CRD 1410302), Multi-Financial Securities Corp. (CRD 10299), Sentra Securities Corp. (CRD 10249), Pershing LLC (CRD 7560), Charles Schwab & Co., Inc. (CRD 5393), TD Waterhouse Investor Services, Inc. (CRD 7870), Royal Alliance Associates, Inc. (CRD 23131), Ameritas Acacia Mutual Holding Company, United Pacific Securities, Inc., Jack White & Company, Inc., Keogler Morgan & Co., Inc.

It is alleged, *inter alia,* that from on or about January 1998 to on or about March 2003, respondent PROZAN committed acts of professional negligence as a broker and financial adviser, and that his conduct violated NASD rules, and should make him responsible for damages caused to claimant.

Claimant maintains that her portfolio, which should have been worth over $ 900,000 had respondent acted competently, is worth currently under $200,000. While details may vary according to market conditions, it was Prozan's negligence and self-dealing, as well as churning and *sub rosa* financial relationships with Schwab, Price and others, which caused losses to claimant.

Claimant instructed Mr. Prozan to act in a conservative and minimal risk manner, and advised him that her main goal was to build up her investment as a nest egg for retirement. Instead, he handled her account in a reckless, high-risk manner and lost the vast majority of it, reducing it from a high of over $700,000 in 2000 to its dismal state today.

Details are provided *infra,* and will be summarized as follows.

The claims are:

A. PROFESSIONAL NEGLIGENCE

B. BREACH OF WRITTEN CONTRACT

C. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

D. FRAUD

E. BREACH OF FIDUCIARY DUTY

F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

G. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

EXHIBIT 2

We would like to point out that Mr. Prozan has a disciplinary record listed at NASD, to wit, an incident in 1998 when he forged a supervisor's signature in an act of self-dealing, and this alone suggests a lack of credibility and a propensity for dishonest by respondent.

Claimant Regina Jimenez alleges that Respondent Lawrence Ira Prozan committed many instances of the following conduct that is strictly prohibited by NASD rules:

1. Recommending to Ms. Jimenez the purchase or sale of securities that were unsuitable given the customer's age, financial situation, investment objective, and investment experience. Investment in a particular type of security was unsuitable and the amount or frequency of transactions ("churning") was excessive and therefore unsuitable for her. Ms. Jimenez instructed Mr. Prozan that she wanted to invest in low risk, conservative securities, and Mr. Prozan completely disregarded her wishes and invested her money in high risk, unsuitable, speculative securities, and thereby engaged in churning in order to generate commissions for himself and for the brokerage houses for which he worked, and to which he had professional ties, including but not limited to Charles Schwab (where Prozan's wife worked, thus creating a conflict of interest for him as investor to Ms Jimenez *qua* investment adviser while having a family tie to an employee of Schwab), Royal Alliance Associates Inc., MultiFinancial Securities Corporation, Keogler, Morgan and Co. Inc., United Pacific Securities). Mr. Prozan failed to properly disclose to Ms Jimenez the exact nature and extent of his relationships–professional as well as personal00—with any of these companies and entities, and thus kept her in the dark about conflicts of interest and potential conflicts of interest, as well as churning incentives for his interests and against her interests.

2. Purchasing and selling securities in Ms. Jimenez's account without first contacting her, and doing so without the customer did not specifically authorizing the sale or purchase.

3. Switching Ms. Jimenez from one mutual fund to another, many times, when there was no legitimate investment purpose underlying these switches.

4. Misrepresenting and failing to disclose to Claimant many material facts concerning many investments. Many examples of such material information that should have been accurately presented to claimant, but was not, include: the risks of investing in a particular security; the charges or fees involved; company financial information; and technical or analytical information, such as bond ratings.

5. Removing funds or securities from Ms. Jimenez's account without the customer's prior authorization.

6. Charging Ms. Jimenez excessive markups, markdowns, and commissions on the purchase and sale of securities.

7. Guaranteeing Ms. Jimenez that she would not lose money on a particular securities transaction, making specific price predictions, and agreeing to share in any losses in the customer's account.

8. Engaging in private securities transactions between a broker and a customer that may violate NASD rules, particularly where such transactions were done without the knowledge and permission of the sales representative's firm.

9. Trading for a firm's account in preference to Ms. Jimenez, by trading ahead of a customer limit order, absent a valid exception.

10. Failure by a market maker to display a customer limit order in its published quotes, absent a valid exception.

11. Failing to use reasonable diligence to see that Ms. Jimenez's order was executed at the best possible price, given prevailing market conditions.

12. Purchasing and selling securities while in possession of material, non-public information regarding an issuer.

13. Using many manipulative, deceptive, and other fraudulent devices or contrivances to effect any transaction in, or induce the purchase or sale of, any security.

14. Failing to keep Ms. Jimenez properly informed of what he was doing with her money, where he was investing it, the extent and risk of the securities in which he invested her funds, and so forth.

In short, the respondent PROZAN acted in an unethical, incompetent and grossly disloyal manner toward claimant, refused to communicate with here properly and regularly, and kept her in the dark about his grossly negligent activity in churning her securities and failing to inform her of the status of her investment. He took advantage of her lack of familiarity with securities and the stock market and she trusted him with what amounted to her life savings and retirement nest egg. While the Dow industrial average and NASDAQ did fall somewhat between the year 2000 and 2003, the percentage of loss of market value was far less than that of claimant's portfolio which respondent mismanaged during this time. His failure to keep claimant informed and his unjustifiable and incompetent mismanagement of her funds has caused her great loss and emotional distress.

Date August 15, 2005

Stanley G. Hilton, attorney for claimant Regina Jimenez

Received

AUG 1 6 2005

NASD West Regional
Dispute Resolution Office

## NASD ARBITRATION UNIFORM SUBMISSION AGREEMENT

Claimant(s)

In the Matter of the Arbitration Between

Name(s) of Claimant(s)  *REGINA JIMENEZ*

and

Name(s) of Respondent(s)

Lawrence Ira Prozan, dba Prozan Financial Services (CRD 1410302), Multi-
Financial Securities Corp. (CRD 10299), Sentra Securities Corp. (CRD 10249),
Pershing LLC (CRD 7560), Charles Schwab & Co., Inc. (CRD 5393), TD
Waterhouse Investor Services, Inc. (CRD 7870), Royal Alliance Associates, Inc.
(CRD 23131), Ameritas Acacia Mutual Holding Company, United Pacific
Securities, Inc., Jack White & Company, Inc., Keogler Morgan & Co., Inc.

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

*REGINA JIMENEZ*
Claimant Name (please print)

*Regina Jimeny*
Claimant's Signature

6/21/05
Date

Claimant Name (please print)

Claimant's Signature

Date

If needed, copy this page.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

## PROOF OF SERVICE

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On November 19, 2007, I served the following document described as:

**DECLARATION OF ELIZABETH LOWERY, ESQ. IN SUPPORT OF MOTION OF PROZAN DEFENDANTS TO DISMISS FOR: (1) LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)); and (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)) OR IN THE ALTERNATIVE TO CONFIRM ARBITRATION AWARD (9 U.S.C. § 9) AND ENTRY OF JUDGMENT THEREON**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

## PLEASE SEE ATTACHED SERVICE LIST

( )    **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( )    **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( )    **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (DHL), for delivery to the above addressee(s).

( )    **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X)    **(FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on November 19, 2007, at Hermosa Beach, California.

Kathryn A. Wishard

DECLARATION OF ELIZABETH LOWERY

1

**SERVICE LIST**
**Jimenez v. National Association of Securities Dealers, et al.**

2

**Case No. 3:07-cv-03360-MJJ**

3

| **COUNSEL FOR PLAINTIFFS** | **COUNSEL FOR DEFENDANTS NASD** |
|---|---|
| Stanley, G. Hilton, Esq.<br>Law Offices of Stanley G. Hilton<br>580 California Street, Suite 500<br>San Francisco, CA 94104<br>Fax: (415) 439-4963 | Ethan D. Dettmer, Esq.<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street<br>San Francisco, CA 94104<br>Fax: (415) 986-5309 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

5
DECLARATION OF ELIZABETH LOWERY
