STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel:  (415) 786 4821
Fax: (415) 439 4963
E MAIL: LOUCASLOUKAS@YAHOO.COM

Attorney for Plaintiff
REGINA JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ, <br><br> Plaintiff, <br><br> vs. <br><br> LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP. and DOES 1 through 20, inclusive, <br><br> Defendants. | No. C 07 3360 MJJ <br><br> MEMORANDUM IN OPPOSITION TO DEFENDANT PROZAN AND MULTI-FINANCIAL SECURITIES' MOTION TO DISMISS <br><br> DATE FEB 12 2008 <br><br> TIME 930 AM <br><br> JUDGE: JENKINS |

**ARGUMENT**

1.    Plaintiff, Regina Jimenez, reasonably believed that she would be protected by a legitimate arbitration process. Now she filed a Motion to Vacate (MTV) under the Federal("Prozan-MFS") Arbitration Act (FAA) and defendants Prozan and Multifinancial Securities ("PROZAN-MFS") HAVE filed a contradictory opposition to the motion, arguing inconsistently that (A) this court has no subject matter jurisdiction over the case because there is no federal question, and (B) this court DOES have subject matter jurisdiction and should

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

1

therefore deny plaintiffs motion/complaint and should affirm PRO-MFS' arbitration "award"

First of all, plaintiff seeks leave of court to amend her complaint to properly and more exactly state the basis of her federal subject matter jurisdiction: It is both the Federal Arbitration Act, 9 US Code sections 6-10 et seq, and also 15 US Code sec 78aa et seq.

Second, we maintain that this court should order an evidentiary hearing and open up discovery to allow plaintiff to prove her case that the NASD panel was biased and prejudiced and engaged in unethical misconduct in wilfully (A) concealing from plaintiff the fact that defendant Prozan's wife is a high official in the NASD itself; and (B) truncating and then dismissing plaintiff's entire case a week before trial—without hearing, without notice, and without any opportunity to be heard.  The latter action smacks of wire pulling, corruption and bias, and calls for a order vacating the fraudulently procured  "award."

That the NASD panel not only secretly dismissed plaintiff's entire action without a hearing, but did so under cover of darkness AND ORDERED PLAINTIFF'S ENTIRE COMPLAINT AGAINST PROZAN TO BE "EXPUNGED"–THIS ALONE SMACKS OF CORRUPTION, BIAS AND DECEIT BY THIS PANEL.

Courts held that a plaintiff could seek vacatur of the arbitral result only if it was a manifest disregard of the law, <u>First Options of Chi., Inc. v. Kaplan</u>, 514 U.S. 938, 942 (1995) (citing <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953)), an implausible interpretation of the contract, <u>Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh,</u> 933 F.2d 1481 (9th Cir. 1991), the award was procured by corruption, fraud, or undue means, 9 U.S.C. § 10, or the arbitrator exceeded his powers, <u>First Options</u>, 514 U.S. at 942. The argument that fits within any of these categories, is the  argument that the arbitrator's failure to disclose Proxzan's wife's involvement with NASD-FINRA  resulted in an award procured by corruption, fraud or undue means. THUS THIS COURT HAS JURISDICTION TO HEAR THIS CASE. DISCOVERY

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

2

SHOULD BE ORDERED: <u>QUALLS V BLUE CROSS</u> 22 F. 3d 839, 844 (9TH CIR 1994).

In <u>Garvey v Roberts</u> 203 F.4D 580 (9tH CIR., 2000), ballplayer Steve Garvey sued the arbitrator and the court found there was federal court jurisdiction on a motion to vacate the arbitration award. Garvey cited 9 USC section 10 for jurisdiction, as Jimenez does here.

What is the purpose of having a statute to vacate arb awards, if the federal courts lack jurisdiction over those very case brought under this statute?

1.

Plaintiff avers that 15 US Code sec 78aa et seq apply to ALL defendants sued in this case INCLUDING PROZAN, MULTI FINANCIAL SECURITIES AND THE NASD We seek leave to amend to more exactly state this

Second, the Federal Arbitration Act ("FAA") is a federal statute which confers jurisdiction The federal law allows dissatisfied investors only one avenue to appeal their incompetent and/or corrupt broker's misconduct in investment policy: file an action in federal court undue the FAA to vacate the award.

To then argue, as PRO-MFS does, that plaintiff has no right to bring this action here, is to deny plaintiff even a semblance of due process (DP). In the case ta bar, the award is invalid and should be vacated BECAUSE THE NASD PANEL DID NOT ALLOW PLAINTIFF TO PRESENT HER CASE AT A HEARING OR TRIAL, AND DID NOT EVEN ALLOW HER COUNSEL TO ARGUE AGAINST PRO-MFS' 11TH HOUR MOTION TO DISMISS THE CASE, WHICH WAS DECIDED ONE WEEK BEFORE THE SCHEDULED ARBITRATION HEARING, AND DECIDED BEHIND CLOSED DOORS *IN ABSENTIA* AND *SUB ROSA* BY

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

A VISIBLY CORRUPT AND CORRUPTED PANEL OF THREE ARBITRATORS WHO SHAMELESSLY FAILED TO DISCLOSE THEIR CONFLICT OF INTEREST AND FAILED TO DISCLOSE TO PLAINTIFF THE FACT THAT PROZAN'S WIFE WAS AND IS A MAJOR TOP NATIONAL OFFICIAL OF NASD, AS SHE SITS O THE ASSIGNMENTS COMMITTEE AND THUS HAS POWER TO GRANT OR DENY LUCRATIVE ARBITRATION ASSIGNMENTS TO THE VERY ARBITRATORS WHO SAT ON THIS CORRUPT PANEL.

Plaintiff also argues under the Due Process clause of the US Constitution—which raises a federal question—she was denied substantive and procedural due process (DP) in that she was deprived of a hearing or trial and saw her case truncated and then dismissed arbitrarily by this corrupt panel.

Defendants also argue that plaintiff should have submitted declarations ro affidavits in support of her motion to vacate. But plaintiff asks for an EVIDENTIARY HEARING AND TRIAL and avers that declarations are hearsay and do not afford right to cross examination, nor do they allow the judge the right to assay the credibility fo the conflicting combatant witnesses.

Plaintiff has asked the court also to allow discovery on this case, at least as to the issue of why the NASD arbitration panel ("AP") dismissed her case *in absentia,* a week before trial. She wants to depose the three arbitrators, Prozan and Prozan's wife. She maintains she has a DP right to do this and thus just submitting hearsay declarations is not sufficient

Plaintiff has made very serious ethical, moral and legal arguments showing a prima facie case why the panel was corrupted because of the corrosive and pernicious overbearing influence of Prozan's wife, who turned out to work for the very panel which was purportedly supposed to be

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

4

"fair and neutral" on the case involving her husband.

The federal courts have inherent equity jurisdiction to hear cases invoking constitutional and DP rights and this is sure one of those cases. The self-serving hearsay declaration of Elizabeth Lowery, PRO-MFS' lawyer, will not be adequate to even begin to address the issues raised by plaintiff. Lowery does not even address the issue of bias and prejudice and wilful concealment of the fact that Prozan's wife was a high official in NASD. The Declaration simply argues, conclusory in tone and empty in substance, that the panel's shameful *in absentia* "award" should be "confirmed" simply because it was issued by this panel. This is a circular argument, "The award is *ipso facto and ipse dixit* valid because it was issued by the panel."

But plaintiff seeks to go behind the curtains to expose the charade that passed for "fair arbitration" and expose the wire-pulling behind the scenes by Prozan and his wife.

PRO-MFS also argue, incredibly, that because of nomenclature in the plaintiff's action, calling it a "complaint" and a "motion to vacate," the court should deny it in whole. This absurd argument has no authority. Again, the court must look to the substance of what is presented to it, and nomenclature does not strip an action of its merit. Clearly plaintiff moves to vacate the *in absentia sub rosa* arbitration "award," and that is clear from the pleading. We seek leave to amend to make it clear that this is both a complaint and a motion to vacate, because we seek not only to hold the award null and void but also to have the NASD held accountable for corruption and concealment of serious conflict of interest and bias. This makes the action both a complaint and a MTV, and this duality does not logically nor legally render the action invalid \and dismissible. This absurd argument is as insubstantial as the rest of these defendants' motion.

Defendants also seek to assert arguments why NASD itself should be immune from this suit.

But they do not have standing to assert such arguments, and should not be allowed to. The fact is that under 15 USC sec. 78aa, NASD can be sued and should be sued because it corrupted the arb process by allowing and concealing the fact that Prozan's wife worked for NASD as a top official responsible fro assigning the very lucrative cases on which the arbitrators earned their living.

The argument that PRO-MFS should be allowed to submit a yet more "detailed" brief in opposition to the plaintiffs motion, is absurd. These defendants had every opportunity to submit whatever they wanted in their original motion to dismiss. They cannot come in here now and have a second bite at the apple.

Finally, Prozan's argument that plaintiff's case is meritless, because "the stock market went down in general," is self serving argument. The level fo losses Prozan's incompetent stewardship caused plaintiff was fafr worse than the percentage of NASDAQ OR DOW JONES indsex declines for the period, 1998-2003. And plaintiff questions the procedure by which Prozan and MFS—and now their lawyers herein—finagled first the loss of nearly a million dollars of plaintiff's assets, and then sought to cover up their misdeeds by procuring a fraudulent and *in absentia, sub rosa* dismissal of the case without a hearing or notice. That this same panel sought to immunize Prozan not only from liability to plaintiff, but also by taking the extraordinary step of expunging plaintiff's complaint against him from the Record of NASD—shows how invalid the absentee award was.

For the above reasons the court should deny the motion to dismiss If granted, it should be with leave to amend.

Dated: JAN 22, 2008

                                              Respectfully submitted,

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

                  /S/
_____

Stanley G. Hilton

Attorney for Plaintiff

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ