STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel: (415) 786 4821
Fax: (415) 439 4963
E MAIL: LOUCASLOUKAS@YAHOO.COM

Attorney for Plaintiff
REGINA JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ, | No. C 07 3360 MJJ |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT NASD AND FINRA'S MOTION TO DISMISS |
| vs. | |
| LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP. and DOES 1 through 20, inclusive, | DATE FEB 12 2008 |
| | TIME 930 AM |
| | JUDGE: JENKINS |
| Defendants. | |

**ARGUMENT**

1.   Plaintiff, Regina Jimenez, reasonably believed that she would be protected by a legitimate arbitration process. Now she filed a Motion to Vacate (MTV) under the Federal("Prozan-MFS") Arbitration Act (FAA) and defendants Prozan and Multifinancial Securities ("PROZAN-MFS") HAVE filed a contradictory opposition to the motion, arguing inconsistently that (A) this court has no subject matter jurisdiction over the case because there is no federal question, and (B) this court DOES have subject matter jurisdiction and should

1  therefore deny plaintiffs motion/complaint and should affirm the NASD/FINRA' arbitration
2  "award"
3     First of all, plaintiff seeks leave of court to amend her complaint to properly and more exactly
4  state the basis of her federal subject matter jurisdiction: It is both the Federal Arbitration Act, 9
5  US Code sections 6-10 et seq, and also 15 US Code sec 78aa et seq.
6     Second, we maintain that this court should order an evidentiary hearing and open up
7  discovery to allow plaintiff to prove her case that the NASD panel was biased and prejudiced and
8  engaged in unethical misconduct in wilfully (A) concealing from plaintiff the fact that defendant
9  Prozan's wife is a high official in the NASD itself; and (B) truncating and then dismissing
10 plaintiff's entire case a week before trial—without hearing, without notice, and without any
11 opportunity to be heard.  The latter action smacks of wire pulling, corruption and bias, and calls
12 for a order vacating the fraudulently procured "award."
13    That the NASD panel not only secretly dismissed plaintiff's entire action without a hearing,
14 but did so under cover of darkness AND ORDERED PLAINTIFF'S ENTIRE COMPLAINT
15 AGAINST PROZAN TO BE "EXPUNGED"–THIS ALONE SMACKS OF CORRUPTION,
16 BIAS AND DECEIT BY THIS PANEL.
17    Courts held that a plaintiff could seek vacatur of the arbitral result only if it was a manifest
18 disregard of the law, <u>First Options of Chi., Inc. v. Kaplan</u>, 514 U.S. 938, 942 (1995) (citing
19 <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953)), an implausible interpretation of the contract,
20 <u>Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh,</u> 933 F.2d 1481 (9th Cir.
21 1991), the award was procured by corruption, fraud, or undue means, 9 U.S.C. § 10, or the
22 arbitrator exceeded his powers, <u>First Options</u>, 514 U.S. at 942. The argument that fits within any
23 of these categories, is the argument that the arbitrator's failure to disclose Proxzan's wife's
24 involvement with NASD-FINRA resulted in an award procured by corruption, fraud or undue
25 means. THUS THIS COURT HAS JURISDICTION TO HEAR THIS CASE. DISCOVERY
26 SHOULD BE ORDERED: <u>QUALLS V BLUE CROSS</u> 22 F. 3d 839, 844 (9TH CIR 1994).
27    In  <u>Garvey v Roberts</u> 203 F.4D 580 (9tH CIR., 2000), ballplayer Steve Garvey sued the
28

PLT'S OPPOSITION TO NASD/FINRA MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

arbitrator and the court found there was federal court jurisdiction on a motion to vacate the arbitration award. Garvey cited 9 USC section 10 for jurisdiction, as Jimenez does here.

NASD-FINRA argue that it is immune absolutely from any suit because it is a SRO under th Maloney Act of 1938 and that plaintiff should have filed an administrative claim ("AAC') with the SEC.

Hence, our first task is to determine whether the face of Lippitt's complaint contains any allegations that would render his cause of action one that 'arises' under federal law. See Sparta Surgical Corp. v. National Assoc. of Securities Dealers, 159 F.3d 1209, 1211 (9th Cir. 1998) (we ordinarily determine the existence of a federal question from the face of plaintiff's complaint).

IN SPARTA SUPRA, Sparta Surgical Corp. v. National Assoc. of Securities Dealers, 159 F.3d 1209, 1211 (9th Cir. 1998 A PLAINTIFF SUED THE NASD IN STATE COURT AND NASD REMOVED THE ACTION TO FEDERAL COURT, ALLEGING THE ACTION "AROSE UNDER FEDERAL LAW"–IT SEEMS PLAINTIFF WAS ALLOWED TO SUE NASD AND NASD DID NOT CLAIM ABSOLUTE IMMUNITY THERE, BUT RATHER CONCEDED THAT IT COULD BE SUED IN FEDERAL COURT.

HERE, NASD CLAIMS PLAINTIFF SHOULD HAVE PROCEEDED IN SEC UNDER AN ADMINISTRATIVE "SRO" CLAIM. Plaintiff disputes this contention.  NASD has not acted as a SRO nor in a regulatory capacity in this case.  Rather it corrupted an arbitration process by willfully concealing from plaintiff the fact that the defendant, PROZAN, had a wife who was a top official of the arbitration committee of FINRA-NASD. And FINRA-NASD went even further by providing exceptionally favorable and prejudicial treatment toward PROZAN by immunizing

him also from JIMENEZ' complaint by expunging her entire complaint–thus the FINRA-NASD acted *ultra vires* and went way beyond its purported role as some kind of SRO or regulatory agency.

Contrary to this defendant's arguments, which are clearly *ad hoc,* plaintiff does not seek to bypass or short circuit the arbitration process. Rather she seeks to have her fair day in court, a day denied her by a corrupt panel which perverted the arbitration process by extirpating her case at one fell sweep, in order to shelter good fortune on their favorite son, PROZAN, husband of one of their top officials.

Plaintiff has a right to explore the exact relationship between NASD, their arbitrators and Drucker and PROZAN to prove the wire pulling she alleges that unfairly extirpated her case a week before the scheduled trial-hearing May 30 2007. And it did so *in absentia*.

Plaintiff does not necessarily allege that NASD-FINRA violated its own rules. Rather she asserts the discriminatory and corrupt manner in which the panel of arbitrators–clearly beholden to PROZAN and his wife—abused its power under those rules.

An administrative complaint brought within the walls of the SEC against NASD-FINRA, for its misconduct herein, is not merited because SEC has no jurisdiction to review an arbitration process by NASD. But if the court feels that an administrative SEC claim should have been lodged as a prerequisite to binging this action, plaintiff seeks leave of court to brig such an SEC admin. Claim and asks the court to stay this case vis a vis FINRA-NASD until such a claim is resolved.

The cases cited by this defendant are all inapposite for they involved radically different facts, such as an employee suing NASD for wrongful employment/discharge practices. In such a case,

involving labor law, an administrative claim before SEC would have been a valid regulatory gambit, but in the case ta bar, no such facts manifest. Rather, this is a case of a corrupt panel willfully violating Jimenez' rights, and of her struggle to vindicate those rights with some semblance of due process, DP.

The defendants claim that the fact that plaintiff stylized her case as a "complaint to vacate" rather than a "motion to vacate" should render the action null and void. But no real authority is given for this *ipse dixit* argument. Again, the substance of the case is what the court must consider.

Plaintiff avers that 15 US Code sec 78aa et seq apply to ALL defendants sued in this case INCLUDING PROZAN, MULTI FINANCIAL SECURITIES AND THE NASD We seek leave to amend to more exactly state this

Second, the Federal Arbitration Act ("FAA") is a federal statute which confers jurisdiction The federal law allows dissatisfied investors only one avenue to appeal their incompetent and/or corrupt broker's misconduct in investment policy: file an action in federal court undue the FAA to vacate the award.

To then argue, as FINRA-NASD does, that plaintiff has no right to bring this action here, is to deny plaintiff even a semblance of due process (DP). In the case at bar, the award is invalid and should be vacated BECAUSE THE NASD PANEL DID NOT ALLOW PLAINTIFF TO PRESENT HER CASE AT A HEARING OR TRIAL, AND DID NOT EVEN ALLOW HER COUNSEL TO ARGUE AGAINST PRO-MFS' 11TH HOUR MOTION TO DISMISS THE CASE, WHICH WAS DECIDED ONE WEEK BEFORE THE SCHEDULED ARBITRATION HEARING, AND DECIDED BEHIND CLOSED DOORS *IN ABSENTIA* AND *SUB ROSA* BY

A VISIBLY CORRUPT AND CORRUPTED PANEL OF THREE ARBITRATORS WHO SHAMELESSLY FAILED TO DISCLOSE THEIR CONFLICT OF INTEREST AND FAILED TO DISCLOSE TO PLAINTIFF THE FACT THAT PROZAN'S WIFE DRUCKER WAS AND IS A MAJOR TOP NATIONAL OFFICIAL OF NASD, AS SHE SITS ON THE ASSIGNMENTS COMMITTEE AND THUS HAS POWER TO GRANT OR DENY LUCRATIVE ARBITRATION ASSIGNMENTS TO THE VERY ARBITRATORS WHO SAT ON THIS CORRUPT PANEL.

Plaintiff also argues under the Due Process clause of the US Constitution—which raises a federal question—she was denied substantive and procedural due process (DP) in that she was deprived of a hearing or trial and saw her case truncated and then dismissed arbitrarily by this corrupt panel.

Defendants also argue that plaintiff should have submitted declarations ro affidavits in support of her motion to vacate. But plaintiff asks for an EVIDENTIARY HEARING AND TRIAL and avers that declarations are hearsay and do not afford right to cross examination, nor do they allow the judge the right to assay the credibility fo the conflicting combatant witnesses.

Plaintiff has asked the court also to allow discovery on this case, at least as to the issue of why the NASD arbitration panel ("AP") dismissed her case *in absentia,* a week before trial. She wants to depose the three arbitrators, Prozan and Prozan's wife. She maintains she has a DP right to do this and thus just submitting hearsay declarations is not sufficient

Plaintiff has made very serious ethical, moral and legal arguments showing a prima facie case why the panel was corrupted because of the corrosive and pernicious overbearing influence of Prozan's wife, who turned out to work for the very panel which was purportedly supposed to be

PLT'S OPPOSITION TO NASD/FINRA MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

"fair and neutral" on the case involving her husband.

The federal courts have inherent equity jurisdiction to hear cases invoking constitutional and DP rights and this is sure one of those cases. The self-serving hearsay declaration OF DEFENDANTS' lawyers, will not be adequate to even begin to address the issues raised by plaintiff. They do not even address the issue of bias and prejudice and wilful concealment of the fact that Prozan's wife was a high official in NASD. The Declaration simply argues, conclusory in tone and empty in substance, that the panel's shameful *in absentia* "award" should be "confirmed" simply because it was issued by this panel. This is a circular argument, "The award is *ipso facto and ipse dixit* valid because it was issued by the panel."

But plaintiff seeks to go behind the curtains to expose the charade that passed for "fair arbitration" and expose the wire-pulling behind the scenes by Prozan and his wife.

PRO-MFS also argue, incredibly, that because of nomenclature in the plaintiff's action, calling it a "complaint" and a "motion to vacate," the court should deny it in whole. This absurd argument has no authority. Again, the court must look to the substance of what is presented to it, and nomenclature does not strip an action of its merit. Clearly plaintiff moves to vacate the *in absentia sub rosa* arbitration "award," and that is clear from the pleading. We seek leave to amend to make it clear that this is both a complaint and a motion to vacate, because we seek not only to hold the award null and void but also to have the NASD held accountable for corruption and concealment of serious conflict of interest and bias. This makes the action both a complaint and a MTV, and this duality does not logically nor legally render the action invalid \and dismissible. This absurd argument is as insubstantial as the rest of these defendants' motion.

Defendants also seek to assert arguments why NASD itself should be immune from this suit.

PLT'S OPPOSITION TO NASD/FINRA MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

7

But they do not have standing to assert such arguments, and should not be allowed to. The fact is that under 15 USC sec. 78aa, NASD can be sued and should be sued because it corrupted the arb process by allowing and concealing the fact that Prozan's wife worked for NASD as a top official responsible fro assigning the very lucrative cases on which the arbitrators earned their living.

For the above reasons the court should deny the motion to dismiss. If granted, it should be with leave to amend.

Dated: JAN 22, 2008

Respectfully submitted,

_____/S/_____

Stanley G. Hilton

Attorney for Plaintiff