**EDGERTON & WEAVER, LLP**
SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
ELIZABETH LOWERY (CA Bar No. 190393)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Attorneys for Defendants Lawrence Ira Prozan
dba Prozan Financial Services and Multi-Financial Securities Corp.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| REGINA JIMENEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS; LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES; and MULTI-FINANCIAL SECURITIES CORP.,<br><br>　　　　Defendants. | Case No. 3:07-cv-03360-MJJ<br><br>**REPLY TO MEMORANDUM IN OPPOSITION TO THE PROZAN DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date:　February 12, 2008<br>Time:　　　　9:30 a.m.<br>Courtroom:　　11<br>Judge:　　　　Hon. Martin J. Jenkins |

　　　　Plaintiff filed her Complaint on June 26, 2007, and later missed the deadline to file her Amended Complaint. Defendants allowed Plaintiff a third opportunity, until October 22, 2007, to file her Amended Complaint. Plaintiff's Opposition to the pending Motions to Dismiss seeks yet another opportunity to amend the Amended Complaint because it is fatally defective. Just as in the underlying arbitration, Plaintiff has already had ample opportunity to file a factually and legally sufficient pleading. The Motions to Dismiss filed by the Prozan Defendants and by the

NASD detailed both the procedural and substantive defects in Plaintiff's Amended Complaint.[1] Plaintiff's Oppositions to those Motions not only fail to cure those defects, it barely addresses them.

The Prozan Defendants' Motion to Dismiss explains that dismissal of the Amended Complaint is proper because this Court lacks subject matter jurisdiction, and/or it fails to state a claim upon which relief against the Prozan Defendants may be granted. Plaintiff's Opposition correctly acknowledges that the Prozan Defendants argue, in the alternative, that if this Court determines it has subject matter jurisdiction and that it will consider Plaintiff's defective Motion to vacate the arbitration Award, that it instead confirm the Award because the narrow grounds necessary to vacate an Award are not present here. Contrary to the inference in Plaintiff's Opposition, such alternative motions are not improper, but are expressly allowed and encouraged to be asserted simultaneously for efficiency. Federal Rule of Civil Procedure 12(g).

## I. PLAINTIFF HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION

By seeking "leave of court to amend her complaint to properly and more exactly state the basis of her federal subject matter jurisdiction," Plaintiff's Opposition contains a de facto admission that Plaintiff has not adequately established subject matter jurisdiction. Opposition, pg. 2, lns. 2-3. The Opposition asserts the unsupported and untrue proposition that "the Federal Arbitration Act ("FAA") is a federal statute which confers jurisdiction," despite the clear authority to the contrary cited in the Prozan Defendants' Motion. (*See* Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (9th Cir. 1993) 7 F.3d 882, 883.

---

[1] Consistent with the related Motion, this Reply collectively refers to Defendants Lawrence Ira Prozan, dba Prozan Financial Services, and Multi-Financial Securities Corp., as the "Prozan Defendants." In addition, Defendant FINRA (the Financial Industry Regulatory Authority) shall be referred to as the NASD, which is the acronym the National Association of Securities Dealers, Inc. was known by during the time period relevant to this action.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    The only authority the Opposition contains which is related to this point is Garvey; "ballplayer Steve Garvey sued the arbitrator and the court found there was Federal Court jurisdiction on a motion to vacate the Arbitration award." Opposition, pg. 3, lns. 2-3. That case, unlike the instant matter, involved a collective bargaining agreement and arose under § 301 of the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S.C. § 185(a). Major League Baseball Players Association v. Steve Garvey (2001) 532 U.S. 504, 509; 121 S. Ct. 1724, 1728. That case was ultimately heard by the Supreme Court, which echoed the well-established principle that arbitrator's awards are generally immune from judicial review. Id. Plaintiff bears the burden of proving subject matter jurisdiction in order to survive the pending Motions to Dismiss. Madison-Hughes v. Shalala (6th Cir. 1996) 80 F.3d 1121, 1130. Since Plaintiff has failed to satisfy this burden, dismissal of her claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is warranted.

## II.    PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED

Dismissal of Plaintiff's claims is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) even if this Court determines that it has subject matter jurisdiction because Plaintiff has failed to state a claim upon which relief can be granted. In addition, if subject matter jurisdiction exists and this Court substantively considers Plaintiff's defective Motion to Vacate, confirmation of the Arbitration Award is also warranted.

The Opposition does not refute that Plaintiff's third cause of action for violation of the Securities and Exchange Act of 1934 (15 U.S.C. §78a, 78aa *et. seq*.) is barred by the doctrine of arbitral immunity. Plaintiff's Amended Complaint primarily seeks to re-litigate or re-arbitrate the claims carefully and repeatedly considered, and ultimately dismissed by three neutral NASD arbitrators. In arbitration, "the parties do not get to appeal an adverse decision." Saika v. Gold (1996) 49 Cal.App.4th 1074, 1076. Thus, Plaintiff's claims are barred by the doctrines of

collateral estoppel and res judicata.   In a feeble attempt to circumvent this bar, Plaintiff's Amended Complaint includes a cause of action titled "Relief from Arbitration: Motion to Vacate Arbitration Award," which is not a legally recognized cause of action.  Both pending Motions detail the procedural and substantive defects of Plaintiff's Motion to Vacate.  Plaintiff's Opposition does not address these defects, it ignores them.   Perhaps this is because Plaintiff can not present a scintilla of evidence to refute the following facts:

1) Plaintiff failed to file a properly noticed Motion to Vacate as required by Civil L.R. 7-2.

2) The Arbitrators dismissed Plaintiff's claims *after* Plaintiff had three opportunities to amend her Statement of Claim over a period of approximately two years. Award, pgs. 11 & 12.

3) The Arbitrators dismissed Plaintiff's claims *after* six hearings, and *after* Plaintiff was given ample opportunity to provide evidentiary and legal support for her claims.  After Plaintiff's sole surviving clam for fraud was dismissed on May 24, 2007, Plaintiff filed three additional submissions and was provided a final hearing before the Arbitrators on June 14, 2007 during which her counsel presented oral argument in support of her Request for Reconsideration of the Arbitrator's dismissal of her last claim.  Award, pg. 8.

4) In the arbitration, Plaintiff asserted the allegation that "Respondent Lawrence Prozan's wife is a member of the NASD's Arbitration and Mediation Committee ("NAMC"), which fact had not been disclosed to Claimant". See Award, pg. 6. On the hearing on this allegation, the Arbitrators not only affirmed that they had

fully and completely made all necessary disclosures to the parties as required by California law and the NASD Code of Arbitration Procedure, but also that none of the Arbitrators knew or had any dealings whatsoever with Defendant Prozan's wife. Lowery Decl. ¶ 4.

Plaintiff's Opposition is void of any evidence supporting the allegations contained therein, and void of any evidence refuting any of the above facts. The Opposition therefore fails to satisfy the requirement of Civil L.R. 7-5(a) that requires that "factual contentions made in opposition to any motion **must** be supported by an affidavit or declaration and by appropriate references to the record." [Emphasis added.] In fact, Plaintiff's Opposition is void of any evidentiary support or any reference to the record. Instead it states:

> "[D]efendants also argue that plaintiff should have submitted declarations or affidavits in support of her motion to vacate. But plaintiff asks for an EVIDENTIARY HEARING AND TRIAL and avers that declarations are hearsay and do not afford the right to cross examination, nor do they allow the judge the right to assay the credibility for the conflicting combatant witnesses."

The above statement does not begin to satisfy Plaintiff's "heavy burden" to set forth specific facts to establish improper motives of any arbitrator, and to establish that the alleged partiality is "direct, defiant and capable of demonstration rather than remote, uncertain and speculative." (Citations omitted.) Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc. (11th Cir. 1998) 146 F.3d 1309, 1312. Plaintiff's unsupported and speculative allegations are insufficient to vacate the Arbitration Award. As a result, this Court is empowered by Section 9 of the FAA to confirm the Arbitration Award.

### III. CONCLUSION

Dismissal of Plaintiff's claims is warranted either for lack of subject matter jurisdiction, or for failure to state a claim. If this Court determines that subject matter determination exists, confirmation of the Arbitration Award is necessary to give Plaintiff and the Prozan Defendants the finality they expressly contracted that the Award would enjoy.

DATED: January 25, 2008

EDGERTON & WEAVER, LLP

By: /s/ Elizabeth Lowery
Elizabeth Lowery, Attorney for Defendants
Lawrence Ira Prozan and Multi-Financial
Securities Corp

## PROOF OF SERVICE

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On January 28, 2008, I served the following document described as:

**REPLY TO MEMORANDUM IN OPPOSITION TO THE PROZAN DEFENDANT'S MOTION TO DISMISS**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

( )  **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( )  **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (DHL), for delivery to the above addressee(s).

(X)  **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X)  **(FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on January 28, 2008, at Hermosa Beach, California.

_____
Irma Negrete

# SERVICE LIST
### Jimenez v. National Association of Securities Dealers, et al.
### Case No. 3:07-cv-03360-MJJ

| COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANTS NASD |
|---|---|
| Stanley, G. Hilton, Esq.<br>Law Offices of Stanley G. Hilton<br>580 California Street, Suite 500<br>San Francisco, CA  94104<br>Fax: (415) 439-4963 | Ethan D. Dettmer, Esq.<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street<br>San Francisco, CA  94104<br>Fax: (415) 986-5309 |

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

REPLY TO MEMORANDUM IN OPPOSITION TO THE PROZAN DEFENDANTS' MOTION TO DISMISS