GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER, SBN 196046
EDettmer@gibsondunn.com
REBECCA JUSTICE LAZARUS, SBN 227330
RJustice@gibsondunn.com
One Montgomery Street
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

Attorneys for Defendant
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. ("FINRA") f/k/a NATIONAL
ASSOCIATION OF SECURITIES DEALERS,
INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| REGINA JIMENEZ,<br><br>                Plaintiff,<br><br>      v.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS, LAWRENCE IRA PROZAN DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP.,<br><br>              Defendants. | CASE NO. 07-03360-MJJ<br><br>**REPLY IN SUPPORT OF FINRA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD**<br><br>Date:        February 12, 2008<br>Time:       9:30 a.m.<br>Courtroom:  11<br>Judge:     Hon. Martin J. Jenkins |

Gibson, Dunn &
Crutcher LLP

# I.     INTRODUCTION

In FINRA's Motion to Dismiss Plaintiff Regina Jimenez's "First Amended Complaint to Vacate Arbitration Award" ("Amended Complaint"), FINRA explained that Ms. Jimenez's claims against FINRA should be dismissed because (1) she has failed to exhaust her administrative remedies by making her complaint to the SEC; (2) under the doctrine of arbitral immunity, FINRA is absolutely immune for acts (such as those alleged in the Amended Complaint) arising out of its arbitral functions; and (3) Ms. Jimenez's claims against FINRA are both substantively and procedurally flawed.  Ms. Jimenez's Opposition to FINRA's motion does not explain why any of these independent grounds for dismissal do not apply here.  Instead, the Opposition reiterates the claims advanced in the Amended Complaint and demands that the Court hold "an evidentiary hearing" and "open up discovery."  Opp. at 2.  Because Ms. Jimenez has provided no basis on which her claims against FINRA may move forward, her claims should be dismissed.

# II.     ARGUMENT

## A.     This Court Lacks Subject Matter Jurisdiction Over Ms. Jimenez's Purported Claims Against FINRA Because She Has Failed To Exhaust Her Administrative Remedies

Plaintiff disputes FINRA's contention that Plaintiff should have first sought relief through the administrative channels afforded by the SEC on the basis that "NASD[1] has not acted as a SRO nor in a regulatory capacity in this case."  Opp. at 3.  In support of this argument, Plaintiff asserts that FINRA "corrupted an arbitration process by willfully concealing from plaintiff the fact that the defendant PROZAN, had a wife who was a top official of the arbitration committee of FINRA-NASD" and "provid[ed] exceptionally favorable and prejudicial treatment toward PROZAN by immunizing him also from JIMENEZ' complaint by expunging her entire complaint."  *Id*. at 3-4.  Plaintiff's own arguments illustrate that her claims against FINRA are based on alleged actions relating to FINRA administering and regulating the arbitration process challenged by Ms. Jimenez.  But "[i]t is the SEC that is required, in the first instance, to determine whether self-regulatory

---

[1]     On July 30, 2007, National Association of Securities Dealers, Inc. changed its name to Financial Industry Regulatory Authority, Inc.

organizations such as the NASD Defendants are discharging properly their duties and responsibilities in compliance with all applicable federal rules, regulations and federal law." *First Jersey Sec., Inc. v. Bergen*, 605 F.2d 690, 692 (3d Cir. 1979). Administering and regulating the arbitration process is one of FINRA's self-regulatory organization responsibilities. Accordingly, Ms. Jimenez's failure to exhaust (or even attempt to exhaust) her administrative remedies with the SEC requires dismissal of her claim.[2]

**B.    The Amended Complaint Should Be Dismissed Because It Fails To State A Claim Upon Which Relief May Be Granted**

Ms. Jimenez's Opposition does not specifically respond to any of the arguments advanced by FINRA in its Motion to Dismiss with respect to the incurable defects in her claims against FINRA, namely the fact that FINRA is immune from her claims, that FINRA cannot be liable as a "control person"[3] and that FINRA is not a proper party to a motion to vacate an arbitration award. Mot. at 8-11. Instead, Ms. Jimenez argues, as she did in the Amended Complaint, that it would violate her due process rights if she did not have the right to bring an action against FINRA based on the allegations set forth in the Amended Complaint. Opp. at 5. She further clarifies that the Amended Complaint is "both a complaint and a motion to vacate, because we seek not only to hold the award null and void but also to have the NASD held accountable for corruption and concealment of serious conflict of interest and bias." Opp. at 7.

---

[2]    Ms. Jimenez "seeks leave of court to brig [sic] such an SEC admin. Claim [sic] and asks the court to stay this case vis a vis FINRA-NASD until such a claim is resolved" in the event that her claim is dismissed on this ground. Opp. at 4. But a stay would be inappropriate here for two independent reasons. First, absent exhaustion of her administrative remedies, this Court does not have jurisdiction to hear Ms. Jimenez's claim and thus must dismiss it. *See, e.g.,* 15 U.S.C. § 78y; *Datek Sec. Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 875 F. Supp. 230, 234 (S.D.N.Y. 1995) (only after administrative channels have been exhausted may a plaintiff seek judicial relief). Second, for the other reasons set forth in this brief and FINRA's Motion, Ms. Jimenez's claims against FINRA must be dismissed.

[3]    The Opposition provides no support for the allegation advanced in the Amended Complaint that FINRA may be liable under a theory of "control person" liability. As FINRA noted in its Motion to Dismiss, such an action is expressly precluded by case law establishing that section 20 does not apply to the activities of a regulatory organization such as FINRA. *See* Motion at 10-11 (citing and explaining cases). As such, that claim must be dismissed.

As FINRA pointed out in its Motion to Dismiss, FINRA has immunity from Ms. Jimenez's claims to "hold the NASD accountable" because arbitration providers are absolutely immune from all acts arising out of their arbitral functions.[4]  Mot. at 7-9.   Indeed, the Ninth Circuit has explicitly recognized that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions."  *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987) (citations omitted).  Ms. Jimenez claims that FINRA "corrupted the arb [sic] process by allowing and concealing the fact that Prozan's wife worked for NASD as a top official responsible fro [sic] assigning the very lucrative cases on which the arbitrators earned their living."  Opp. at 8. These types of allegations are exactly the types of actions for which courts have consistently held FINRA is entitled to immunity based on its role as the arbitration provider; the fact that Ms. Jimenez alleges due process violations does not alter this outcome.  *See, e.g., Honn v. Nat'l Ass'n of Sec. Dealers, Inc.*, 182 F.3d 1014, 1016-1018 (8th Cir. 1999) (NASD is immune from claim that NASD allowed tainted witness testimony, improperly forwarded materials to arbitrators, and improperly formulated and delivered responses to subpoenas); *Shrader v. Nat'l Ass'n of Sec. Dealers, Inc.*, 855 F. Supp. 122, 123-24 (E.D.N.C. 1994) (NASD immune from claims that NASD and its employees conspired with arbitrators to deny plaintiff a fair hearing), *aff'd*, 54 F.3d 774 (4th Cir. 1995 (unpublished opinion).  As such, dismissal of the Amended Complaint on grounds of arbitral immunity is appropriate.[5]

Additionally, to the extent Ms. Jimenez seeks to vacate the arbitration award, it is clear that FINRA is not a proper party to such a proceeding.  The federal courts have uniformly held that

---

[4]  As FINRA also noted in its Motion, Ms. Jimenez's attempt to recover money damages and attorneys fees from FINRA as part of her claims is clearly not authorized or contemplated by the Federal Arbitration Act or any other statute.  Mot. at 9-10.

[5]  Plaintiff cites to *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1211 (9th Cir. 1998) for the proposition that "NASD did not claim absolute immunity there, but rather conceded it could be sued in federal court."  Opp. at 3.  As FINRA noted in its Motion, FINRA does not dispute that this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa because FINRA is an SRO registered with the SEC and the core of Ms. Jimenez's Amended Complaint against FINRA alleges that FINRA violated its SEC-approved rules relating to fair arbitration procedure. Mot. at 4.

arbitrators and arbitration providers are not proper parties to a motion to vacate. *See Olson v. Nat'l Ass'n of Sec. Dealers,* 85 F.3d 381, 383 (8th Cir. 1996); *Honn, supra,* 182 F.3d at 1017–1018; *In re A.H. Robins Co.,* 219 B.R. 135, 142–144 (E.D.Va. 1998), *aff'd. mem.,* 166 F.3d 331 (4th Cir. 1998); 9 U.S.C. § 10(a)(2). Indeed, as the *Olson* court pointed out, to give effect to the policies underlying the Federal Arbitration Act, "arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations. [citations]  Without this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from individual arbitrators to the sponsoring organizations."  *Olson, supra,* 85 F.3d at 383 (internal citations omitted).  This is true when, as here, the allegations relate to the selection and/or appointment of arbitrators selecting an arbitration panel, even when the selection violates the organization's own rules. *Id.*

### III.    CONCLUSION

For all the foregoing reasons, FINRA respectfully requests that its motion to dismiss be granted and that Ms. Jimenez's claim against FINRA be dismissed in its entirety and with prejudice.

DATED:  January 28, 2008

Respectfully submitted.

GIBSON, DUNN & CRUTCHER LLP


By: s/ Ethan D. Dettmer
        Ethan D. Dettmer

Attorneys for Defendant
FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. ("FINRA") f/k/a NATIONAL
ASSOCIATION OF SECURITIES DEALERS, INC.

100375889_2.DOC

Gibson, Dunn &
Crutcher LLP

Reply in Support of FINRA's Motion to Dismiss Complaint to Vacate Arbitration; Case No. 07-03360 MJJ

# DECLARATION OF SERVICE

I, Robin McBain, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, Suite 3100, San Francisco, California, 94104, in said County and State.  On January 28, 2008, I served the within:

**REPLY IN SUPPORT OF MOTION OF DEFENDANT FINRA TO DISMISS FIRST AMENDED COMPLAINT & MOTION TO VACATE ARBITRATION AWARD**

to all interested parties as follows:

☑        **BY ECF (ELECTRONIC CASE FILING)**:   I e-filed the above-detailed document utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 28, 2008.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 28, 2008, at San Francisco, California.

_____/s/Robin McBain_____
                Robin McBain

Gibson, Dunn & Crutcher LLP