IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINA JIMENEZ,

    Plaintiff,

v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, ET AL,

    Defendant.
_____/

No. C 07-03360 JSW

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Now before the Court are two motions: (1) the motion by defendant Financial Industry Regulatory Authority, Inc. ("FINRA") f/k/a National Association of Securities Dealers, Inc. ("NASD") and (2) the motion by defendants Lawrence Ian Prozan and Multi-Financial Securities Corp. (collectively as "Prozan Defendants") to dismiss the complaint filed by plaintiff Regina Jimenez ("Jimenez"). Having carefully reviewed the parties' papers and considering their arguments and the relevant legal authority, the Court hereby GRANTS FINRA's and the Prozan Defendants' motions to dismiss.

**BACKGROUND**

On June 26, 2007, Jimenez filed this action to appeal from and vacate the final NASD arbitration award and decision rendered by the NASD on July 24, 2007. She filed an amended complaint on October 23, 2007.

Jimenez alleges that FINRA violated her due process rights by rendering its award without a hearing. (First Amended Complaint ("FAC"), ¶ 11.) She further alleges that FINRA

1  and the Prozan Defendants concealed from her that Laurence Prozan's wife, Linda Drucker
2  ("Drucker"), was a high official within FINRA and sat on a committee that oversees the
3  assignment of arbitrators. (*Id.*) Jimenez believes that Drucker improperly contacted the three
4  arbitrators on the panel and pulled strings in order to pressure the arbitrators into dismissing the
5  arbitration without a hearing. (*Id.*) Jimenez also alleges that the arbitrators refused to hear
6  pertinent evidence and conducted an *ex parte* hearing with Laurence Prozan and his attorney.
7  (*Id.*, ¶ 12.) Based on such facts, Jimenez seeks to vacate the arbitration award. (*Id.*, ¶¶ 18-23.)
8      Jimenez also claims that the Prozan Defendants committed professional negligence by
9  mishandling her investments. (*Id.*, ¶¶ 28-35.) Finally, Jimenez asserts a claim against FINRA
10 and the Prozan Defendants under the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et*
11 *seq*. ("Securities and Exchange Act"). She alleges that FINRA is subject to suit under the
12 Securities and Exchange Act "because it fits within the definition of a securities organization as
13 stated in this statue" and that "[i]t regulates securities dealers and brokers and conducts
14 arbitrations by disgruntled clients against their brokers ... and must be brought in under this
15 statute." (*Id.*, ¶ 37.) She alleges that FINRA and the Prozan Defendants violated the Securities
16 and Exchange Act by delaying and obstructing the arbitration hearing and by preventing her
17 from presenting evidence in her case. (*Id.*, ¶ 38.)
18     FINRA and the Prozan Defendants have filed motions to dismiss on grounds of lack of
19 subject matter jurisdiction as well as failure to state a claim for which relief can be granted.

**ANALYSIS**

**A.    Applicable Legal Standards.**

22     When a defendant moves to dismiss a complaint or claim for lack of subject matter
23 jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the
24 claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).
25 Federal courts can only adjudicate cases which the Constitution or Congress authorize them to
26 adjudicate: those cases which involve diversity of citizenship, or those cases which involve a
27 federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen*
28 *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B.    FINRA's Motion to Dismiss.**

FINRA argues that as a provider of arbitration services, it is entitled to immunity under the doctrine of arbitral immunity. (FINRA's Mot. at 8.) "[A]rbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). Arbitrators have been granted immunity because their role is akin to that of judges, to whom immunity also is granted. *Id.* "As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *Id.* In *Wasyl*, the Ninth

Circuit granted an appraisal corporation immunity because it acted as an arbitrator, setting the price of partnership interests pursuant to agreement. *Id.* at 1580-81.

The Court finds that FINRA as a provider of arbitration services, is immune from suit. Consequently, the Court grants FINRA's motion to dismiss.

**C.     Prozan Defendants' Motion to Dismiss.**

The Prozan Defendants move to dismiss on the grounds that, inter alia, this Court lacks jurisdiction over Jimenez's claims. The United States Supreme Court has held that the Federal Arbitration Act ("FAA") does not provide a separate basis for federal subject matter jurisdiction. Rather, there must exist other independent grounds for federal jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *see also Luong v. Cicuit City Stores, Inc.,* 368 F.3d 1109, 1111 (9th Cir. 2004) (holding that section 10 of the FAA does not confer federal subject matter jurisdiction). Therefore, Jimenez must demonstrate another independent grounds for federal jurisdiction.

Jimenez argues that this court has jurisdiction over her claims pursuant to the Securities and Exchange Act. Jimenez's complaint fails to allege facts that state a claim against the Prozan Defendants under the Securities and Exchange Act. Although Jimenez asserts this claim against both FINRA and the Prozan Defendants, the conduct she contends violated the Securities and Exchange Act was allegedly committed by FINRA. At the hearing on the motions to dismiss, the Court asked Jimenez what facts she would allege to state a claim against the *Prozan Defendants* under the Securities and Exchange Act if given leave to amend. In response, she merely restated the facts she alleged regarding *FINRA*'s misconduct.

Because Jimenez has not yet alleged facts that state a claim against the Prozan Defendants, the Court GRANTS the Prozan Defendants' motion to dismiss for lack of subject matter jurisdiction. The Court will provide Jimenez leave to amend to state such a claim. However, if Jimenez chooses to file an amended complaint, the Court admonishes Jimenez that her complaint shall be directed against the Prozan Defendants, and not FINRA.

//
//

4

**CONCLUSION**

For the foregoing reasons, the Court grants FINRA's motion to dismiss without leave to amend and GRANTS the Prozan Defendants' motion to dismiss with leave to amend. Jimenez shall file an amended complaint in compliance with this Order by May 30, 2008. The Prozan Defendants shall have twenty days thereafter to file their responsive pleading. If Jimenez fails to file an amended complaint by May 30, 2008, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: May 5, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE