STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel: (415) 786 4821
Fax: (650) 558 0806
E MAIL: FROG727@AOL.COM
Attorney for Plaintiff
REGINA JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ,<br><br>   Plaintiff,<br><br>   vs.<br><br>LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP. and DOES 1 through 20, inclusive,<br><br>   Defendants.<br>_____ | No. C 07 3360 JSW<br><br>SECOND AMENDED COMPLAINT AND NOTICE OF MOTION AND MOTION TO VACATE ARBITRATION AWARD (WITH CORRECTIONS AND SIGNED)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.   Plaintiff, Regina Jimenez, is a citizen of the U.S. who at all times herein mentioned resided in Santa Clara County, California, and/or in Orange County, California, and who entered into contact with defendants in Alameda County, California in the city of Oakland, where Prozan had his offices at all times mentioned herein. She is an investor protected by NASD. She files this to appeal from and vacate the Final NASD arbitration award and decision rendered by NASD on or about July 24, 2007, in NASD CASE NO. 05-03037. That case was filed by plaintiff in NASD in 2005.

2.   Defendants, LAWRENCE PROZAN AND MULTI-FINANCIAL SECURITIES

1  CORPORATION (these defendants are hereinafter referred to as "Prozan") are all business
2  entities and are subject to suit. Defendants operated as the plaintiff's broker and agent from on or
3  about 1998 to the present.
4      3.   These defendants are registered securities dealers and are subject to suit under
5  Securities and Exchange Act of 1934, 15 U.S.C. §§ 78 et seq. Also this arbitration award can be
6  challenged under Calif. CCP sections 1285-1290 (a petition to vacate arbitration award) as
7  procured by fraud and corrupt means, and this court has pendent supplemental jurisdiction to
8  hear the state tort claim. There is also 9 U.S.C. sec. 10 conferring jurisdiction to seek judicial
9  review of the arbitration award.
10     4.   The aforementioned defendants were the agent and employee of each of the remaining
11 defendants and, in doing the things hereinafter alleged, were acting within the course and scope
12 of such agency and employment.
13     5.   VENUE: The unlawful practice complained of herein occurred in this district.
14     6.   JURISDICTION is based on 28 U.S.C. § 1331 and 9 U.S.C. § 10 and 15 U.S.C. §§
15 78a, 78aa et seq..
16     7.   JURY TRIAL IS DEMANDED AND DISCOVERY RIGHTS ARE REQUESTED.
17     8.   The foregoing conduct of defendants, and each of them, was at all material times
18 malicious and intentional, and entitles plaintiff to an award of punitive damages.
19     9.   Also plaintiff requests an award of attorney fees.
20     WHEREFORE, plaintiff prays for relief as hereinafter set forth.
21                        **FIRST CLAIM (CAUSE OF ACTION)**
22 (ACTION UNDER SECURITIES AND EXCHANGE ACT OF 1934, 15 U.S.C. §§ 78 ET` SEQ
23 AND 9 U .S.C. § 10)) SEEKING RELIEF FROM ARBITRATION: MOTION TO VACATE
24 ARBITRATION,  ALSO PER CALIF.  CCP SEC. 1285-1290).
25
26     10.  The allegations of paragraphs 1 through 9 are realleged and incorporated herein by
27 reference. This cause of action is pled against each and every defendant.
28     11.  This court has original and exclusive subject matter jurisdiction to hear this case

1  under 15 U.S.C. § 78aa because plaintiff alleges that defendants Prozan et al violated rules and
2  regulations of the SEC in the manner in which they handled plaintiff's investments.
3      12.   Plaintiff seeks to vacate the arbitration award of July 24 2007 IN NASD CASE NO.
4  05-03037, which was improperly rendered without a hearing or trial of any kind, and without
5  due process. United States Code, Title 9, Section 10, describes the grounds for vacating an
6  arbitration award IF THERE IS SEPARATE FEDERAL JURISDICTION WHICH THERE IS
7  HERE, I.E. VIOLATION OF 15 U.S.C. §§ 78aa et seq. Section 78aa confers exclusive federal
8  court jurisdiction over such a claim. The plaintiff seeks vacation of the arbitration award because
9  under 15 U.S.C. § 78 u-2 there is a basis for "civil remedies in administrative proceedings" and
10 also § 78t describes "liability of controlling persons and persons who aid and abet violations [of
11 the rules and regulations]." Plaintiff asserts that defendants violated the rules and regulations not
12 only as to how they handled plaintiff's finances and investments, but also by the manner in which
13 they manipulated and corrupted the NASD arbitration process and concealed the fact that
14 Prozan's wife was a high official and a "controlling" official in the NASD. The mere fact that
15 Prozan's counsel later—after the arbitration decision—may have denied any such undue
16 influence is not sufficient to refute these allegations and plaintiff is entitled to an evidentiary
17 hearing on them. Section 78t(c) makes it illegal for anyone to hinder, delay, or obstruct the
18 making of any report or information, and plaintiff avers that defendants violated that rule. This
19 case meets those criteria in that the arbitration overstepped her powers, and evidence was
20 overlooked which prejudiced the plaintiff's position. In addition, the NASD violated plaintiff's
21 due process rights by rendering its award of July 24 2007 without a hearing. Inexplicably, the
22 NASD canceled the hearing set for telephone in May 2007 and issued its award against plaintiff
23 and for defendant *in absentia.* In addition, NASD and all other defendants concealed from
24 plaintiff the fact that defendant Laurence Prozan's wife, Linda Drucker, was a high official
25 within NASD and sat on a major national oversight committee which oversees assignment of
26 arbitrators. The concealment of this fact renders the award null and void because if plaintiff had
27 known about the fact that Prozan's wife is a high NASD official, she would have been able to
28 investigate what personal or other relationship Drucker had with the three arbitrators in this case,

to look for bias. Also, the three arbitrators here concealed Drucker's role in NASD and did not even do a conflicts check to see if any of them knew her and had any ties to her which could have rendered bias against plaintiff and for Prozan in this case. Plaintiff is informed and believes and alleges that Linda Drucker played an instrumental role in improperly contacting the three arbitrators in this case, and pulling strings in order to short-circuit plaintiff's case and to finagle the arbitrators into dismissing the case WITHOUT A HEARING OF ANY KIND,       just 2 weeks before the scheduled hearing. That Drucker and PROZAN concealed Drucker's role in this procedure is corruption and fraud and misbehavior meriting a vacating of the arbitration award.

13.    The arbitrators were guilty of misconduct in violation of the Securities and Exchange Act of 1934, when they canceled a hearing in May 2007 at which they decided the case, and also they improperly held an "ex parte" telephone conference hearing with only defendant Prozan's attorney (Elizabeth Lowery of Edgarton and Weaver)  present, yet plaintiff's attorney was not notified of this ex parte hearing and had no opportunity to appear by phone and did not appear, this was also in or about May 17, 2007. Plaintiff's attorney asked that the originally scheduled arbitration hearing (trial) be continued from May 29-31 2007 to a later date, because of his illness. Yet the arbitrators unjustifiably denied that request and instead ruled *in absentia* on a motion to dismiss the entire claim of plaintiff, on a motion brought by defendant Prozan . The arbitrators  exceeded their authority by CANCELING THE HEARING ENTIRELY *SUB ROSA* BASED ON ALLEGED IMPROPER CONTACTS BETWEEN PROZAN, HIS WIFE AND THE ARBITRATOR PANEL. That Prozan's wife was herself on the arbitration oversight committee of NASD, and thus had power to assign or not assign arbitration cases to the particular three ARBITRATIORS who ruled in Prozan's favor on this case, is outrageous conduct constituting fraud and corruption within the meaning of 9 U.S.C. § 10, and also refused to hear evidence pertinent and material to the controversy, and they grossly abused and violated the rights of plaintiff and her counsel by ruling in absentia, canceling a hearing, conducting improper ex parte hearings with Prozan and his lawyer only, and granting Prozan's motion to DISMISS THE ENTIRE CLAIM OF PLAINTIFF just 2 weeks before the scheduled hearing (trial) was supposed to start. BY DENYING PLAINTIFF ANY HEARING OR TRIAL

4

1  WHATSOEVER ON HER CLAIM, THE ARBITRATORS EXCEEDED THEIR AUTHORITY.
2  In addition, plaintiff challenges each and every ruling made by the NASD arbitrators in this case,
3  including an earlier ruling which granted part of Prozan's earlier motion to dismiss, and
4  dismissed the claim for "unsuitability negligence" and breach of contract, and only allowed the
5  fraud claim to proceed, the arbitrators evinced fraud and corruption themselves,  and also bias
6  and misconduct.  Similarly with all of the other rulings on this case, all fo which plaintiff asks the
7  court to overturn the arbitration award. The arbitrators were guilty of partiality in favor of
8  Prozan, and against plaintiff, and they denied plaintiff JIMENEZ the right to hold and attend a
9  hearing at which evidence would be presented.  Such a hearing would set forth expert witness
10 testimony and to present the case in full  Such denial effectively barred plaintiff from putting on
11 her case.  Therefore, this court is clearly called upon to vacate the arbitration award. See also
12 Calif. CCP §§ 1285-1290.

13    14.    The arbitration was concluded on or about May 17, 2007 with a denial of a hearing.
14 The manner of the decision rendered was highly irregular and suggests bias. The arbitrators
15 granted Prozan's  motion to dismiss at the last minute, just 2 weeks before scheduled hearing, did
16 not even notify plaintiff's counsel officially of their decision to grant Prozan's motion to dismiss.
17  The plaintiff has a subsequent right to file this motion to vacate the arbitration award under 9
18 U.S.C. Section 10.  Therefore, the plaintiff is well within her limitations in filing this petition.
19 The arbitrators acted by corruption, fraud and undue means and with pro-Prozan partiality, and
20 they improperly refused to hear evidence at a hearing because they abruptly canceled the
21 scheduled hearing of May 29-31 2007.  Also the arbitrators exceeded their authority in ignoring
22 plaintiff';s counsel's illness and request for a resetting of the hearing and a relocation to another
23 venue, San Francisco.  Instead they simply dismissed the case *sub rosa* and *in absentia*  and
24 without any opportunity to be heard.

25    15.    The judicial review of arbitration awards is set out by statute in United States Code,
26 Title 9, Section 10, which states:

27    § 10. Same; vacation; grounds; rehearing
   (a) In any of the following cases the United States court in and for the district wherein the
28    award was made may make an order vacating the award upon the application of any party

2NDAMENDED Complaint
5

to the arbitration—
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

We point out this language is similar to that in Calif. CCP §§ 1285-1290, which also is a basis to vacate an arbitration award.

16. This statute is clear and sets out the exceptions to the general principle that arbitration awards should be final and conclusive. It is recognized by the courts that there is a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. At the same time, the object of all institutions of our government must be justice.

17. By setting out the statute so that arbitration awards can be vacated, the legislature is affirming that denial of the opportunity to put on one's case, in a way that results in a substantial injustice, must be vacated. A review of case law in this state supports just that interpretation.

18. In the case at bench, the arbitrators clearly "exceeded their authority" by imposing attorney fees and costs against plaintiff and in favor of respondent.

19. The essence of plaintiff's claim against Prozan in the arbitration procedure was: fraud and unsuitability of investments for her.

20. The arbitrator's decision of July 24, 2007 was based on a clear error of fact and law as well as fraud and corruption and undue means. Plaintiff is informed and believes and thereupon alleges that Prozan's wife, a high official of NASD whose ties to NASD were concealed from plaintiff, was somehow involved in persuading the arbitrators to abruptly dismiss plaintiff's case without a hearing or even phone conference call. This misbehavior by arbitrators was prejudicial to plaintiff.

21. The arbitratiors' total disregard of plaintiff and her counsel's rights violated due process and the corruption and partiality of the arbitrators was evident,.

22. The arbitration panel cancelled the mediation without informing plaintiff and was

negligent in the way that the arbitration was handled to the detriment of plaintiff. This cancellation without just cause constituted a denial of due process under the mandated procedures for valid arbitration rights as an alternative to judicial process.

23. As explained above, another ground for rejection of the arbitration award is that it was perpetrated through fraud. In this case, the plaintiff was promised a fair process or she never would have agreed to a contract with a mandatory arbitration process in the first place.

24. The flawed process amounts to fraud and the entire arbitration agreement was an attempt to defraud the defendant. Under the statute set forth above the arbitrator should have been disqualified for a relationship with a party. The evidence shows that the arbitrator had a personal relationship with the counsel for respondent and failed to disclosure. This disclosure would have led to disqualification under the statute. This failure to disqualify, constitutes both fraud and misconduct of the arbitrator.

25. Because of Prozan's wife's high position on the NASD panel overseeing arbitrators, plaintiff cannot get a fair hearing before NASD and requests the court to order a vacating of the arbitration award of July 24 2007, and an order sending this case to another panel, such as JAMS, for arbitration. The court should also order a conflicts check to be made so that each arbitrator discloses whatever ties he or she has to Linda Drucker. Without such a conflict check, the process is tainted. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff to reasonably believe that she would be protected by a legitimate arbitration process.

26. Plaintiff requests the court to allow discovery ion this case so that plaintiff can depose Drucker, Prozan and the three NASD arbitrators in order to prove her claim of bias and partiality and corruption in the arbitration process.

27. As a proximate result of defendants' conduct as explained below, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income all to her detriment in a sum according to proof

28. Plaintiff is entitled to award of attorney fees and costs and punitive damages.

The Prozan defendants are liable for damages to plaintiff under the SEC Act of 1934, are liable for damages caused to plaintiff, as set forth in 15 U.S.C. § 78t to wit:

**§ 78t. Liability of Controlling Persons and Persons Who Aid and Abet Violations.**

1. **Joint and several liability; good faith defense**

(a) Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

(b) **Unlawful activity through or by means of any other person**

It shall be unlawful for any person, directly or indirectly, to do any act or thing which it would be unlawful for such person to do under the provisions of this chapter or any rule or regulation thereunder through or by means of any other person.

(c) **Hindering, delaying, or obstructing the making or filing of any document, report, or information**

It shall be unlawful for any director or officer of, or any owner of any securities issued by, any issuer required to file any document, report, or information under this chapter or any rule or regulation thereunder without just cause to hinder, delay, or obstruct the making or filing of any such document, report, or information.

38. By hindering, delaying and obstructing the making and filing of a hearing in this case, and hindering plaintiff and preventing her from presenting evidence in her case at hearing, defendants NASD and PROZAN are guilty of violating 15 U.S.C. § 78 and 78t.

39. This court has jurisdiction over this case because of 28 U.S.C. § 78aa.

40. There is a need for the court to vacate the July 24 2007 arbitration decision and order a new hearing before a new panel, preferably one other than NASD.

41. Plaintiff is entitled to award of attorney fees and costs and punitive damages.

42. As a proximate result of defendants' conduct as explained below, plaintiff has been

damaged financially and emotionally, has suffered pain, has lost income all to her detriment in a sum according to proof

WHEREFORE, plaintiff requests relief as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each cause of action above alleged, as follows:

1. For an order vacating the arbitration award of July 24 2007, and also vacating all other orders and decisions made by this NASD panel of arbitrators in this case, and ordering a rehearing before a different panel of arbitrators, in San Francisco, and before a different arbiter, one other than NASD itself.

2. For monetary relief, i.e. The difference between what plaintiff's portfolio would have been worth today, as opposed to what it was worth when plaintiff terminated Prozan in 2003, in a sum according to proof;

3. For general damages for physical and emotional pain and suffering sustained by plaintiff, in a sum according to proof;

4. For punitive damages in an amount appropriate to punish defendants for its wrongful conduct and set an example for others;

5. For interest on the sum of damages awarded, calculated from the date of injury to the date of judgment;

6. For reasonable attorney's fees;

7. For costs of suit herein incurred; and

8. For such other and further relief as this Court deems fair, just and equitable.

Dated: MAY 30, 2008

Respectfully submitted,

/S/ _____

Stanley G. Hilton

Attorney for Plaintiff