

1  **EDGERTON & WEAVER, LLP**
2  SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
   ELIZABETH LOWERY (CA Bar No. 190393)
3  2615 Pacific Coast Highway, Suite 300
   Hermosa Beach, California 90254
4  Tel: (310) 937-2066
   Fax: (310) 937-2064
5

6  Attorneys for Defendants,
   Lawrence Ira Prozan and Multi-Financial Securities Corp.
7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11 REGINA JIMENEZ,                        Case No. 3:07-cv-03360-MJJ

12              Plaintiff,                 **NOTICE OF MOTION AND MOTION
                                           OF PROZAN DEFENDANTS TO**
13      vs.                               **DISMISS THE SECOND AMENDED
                                           COMPLAINT FOR: (1) LACK OF**
14 LAWRENCE IRA PROZAN, DBA               **SUBJECT MATTER JURISDICTION
   PROZAN FINANCIAL SERVICES; and          (FRCP 12(b)(1)) AND (2) FAILURE TO**
15 MULTI-FINANCIAL SECURITIES CORP.,      **STATE A CLAIM UPON WHICH
                                           RELIEF CAN BE GRANTED (FRCP**
16              Defendants.                **12(b)(6)) OR IN THE ALTERNATIVE
                                           TO CONFIRM ARBITRATION AWARD**
17                                         **(9 U.S.C. § 9) AND ENTRY OF
                                           JUDGMENT THEREON;**
18                                         **DECLARATION OF ELIZABETH
                                           LOWERY, ESQ. IN SUPPORT**
19                                         **THEREOF; [PROPOSED] ORDER**

20                                         Date:  August 8, 2008
                                           Time:  9:00 a.m.
21                                         Courtroom: 17
                                           Judge: Hon. Jeffrey S. White

22 **TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

23      **PLEASE TAKE NOTICE** that on August 8, 2008 at 9:00 a.m., or as soon thereafter as

24 the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San

25 Francisco, California 94102, Defendants Lawrence Ira Prozan dba Prozan Financial Services

26 and Multi-Financial Securities Corp. (collectively the "Prozan Defendants") will move the

27 Court, and hereby do move the Court, to dismiss this action pursuant to Federal <u>Rule of Civil</u>

28 <u>Procedure</u> 12(b)(1) and Federal <u>Rule of Civil Procedure</u> 12(b)(6) because Plaintiff's Second

*(left margin, vertical text)* EDGERTON & WEAVER, LLP  2615 Pacific Coast Hwy., Suite 300  Hermosa Beach, California 90254  Telephone: (310) 937-2066  Facsimile: (310) 937-2064  www.edgertonweaver.com

1    Amended Complaint lacks subject matter jurisdiction and/or fails to state a claim upon which

2    relief can be granted.  In the alternative, the Prozan Defendants move the Court to confirm the

3    arbitration Award pursuant to 9 U.S.C § 9, and to enter judgment in conformity therewith.  In

4    addition, the Prozan Defendants respectfully request their costs, attorneys' fees and any other

5    further relief the Court deems proper.

6        This Motion is based upon the accompanying Memorandum of Points and Authorities,

7    the Declaration of Elizabeth Lowery, Esq. and Exhibits thereto, and all other evidence and

8    argument presented to the Court.

9

10   DATED: June 19, 2008              **EDGERTON & WEAVER, LLP**

11

12                                    By: _Elizabeth Lowery_
13                                        Elizabeth Lowery,
14                                        Attorneys for Defendants, Lawrence Ira Prozan and
                                         Multi-Financial Securities Corp.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS; DECLARATION OF
ELIZABETH LOWERY; PROPOSED ORDER THEREON

1             **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.**    **INTRODUCTION**

3       Once again, Plaintiff Regina Jimenez is attempting to re-litigate the claims which have

4 already been fully and fairly determined by three neutral arbitrators of the National Association

5 of Securities Dealers, now known as the Financial Industry Regulatory Authority ("FINRA").[1]

6 Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Prozan Defendants

7 move this Court to dismiss the Second Amended Complaint without further leave to amend, as

8 Jimenez has already been given three such opportunities.[2]  Although she is seeking to vacate the

9 award pursuant to the Federal Arbitration Act, doing so does *not* confer federal jurisdiction,

10 which is wholly lacking.  As discussed in detail below, this Court does not have subject matter

11 jurisdiction as there is no federal question.  Moreover, Jimenez has failed to state a claim for

12 which relief can be granted.

13       Jimenez's conclusory allegations that her brokerage account was mishandled, and that

14 the Arbitrators had an undisclosed relationship with Defendant Prozan's wife, were two of many

15 claims decided by the Arbitrators.  Thus those claims are barred by the doctrines of res judicata

16 and collateral estoppel.  Jimenez's dissatisfaction with the arbitration Award does *not* constitute

17 any of the limited grounds necessary to vacate it.  Jimenez's Motion to Vacate the Award,

18 which is improperly included as part of her Second Amended Complaint, is both procedurally

19

20 [1]  On July 30, 2007 the National Association of Securities Dealers consolidated with the New

21 York Stock Exchange Member Regulation to from the Financial Industry Regulatory Authority or "FINRA".  For simplicity, this Motion shall only use the term FINRA, even though the entity

22 was known as the NASD during the time period relevant to the underlying arbitration.

23 [2]  Jimenez filed her original, defective Complaint in this action on June 26, 2007.  When

24 Jimenez desired to amend her original Complaint, the parties entered into a Stipulation which on August 4, 2007, was entered as an Order of this Court. That Order allowed Jimenez to file an

25 Amended Complaint on or before August 10, 2007. Jimenez missed that deadline, just as she missed the majority of the deadlines in the underlying arbitration. The parties entered into a

26 second stipulation on or about October 8, 2007 which provided, among other things, that Jimenez would have until October 22, 2007 to file her Amended Complaint. Plaintiff's First

27 Amended Complaint was filed just minutes before the midnight deadline on October 22, 2007. Thus, Jimenez has been provided three opportunities over the last year to sufficiently plead her

28 claims.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1

1   defective and is void of the requisite evidentiary support. The Prozan Defendants assert that the

2   procedural and evidentiary defects in Jimenez's Motion to Vacate eliminate the need for a

3   substantive response. If the Court is inclined to consider the substance of that Motion, the

4   Prozan Defendants respectfully seek an Order confirming the arbitration award and entering

5   judgment in conformity therewith. The Prozan Defendants stand ready to present additional

6   evidence in support of such an Order, should the Court wish to consider the substance Jimenez's

7   defective Motion to Vacate. Finally, the Prozan Defendants seek their cost, attorney's fees, and

8   such other relief as the Court deems appropriate.

9   **II.    ARGUMENT**

10          **A.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER**

11                 **JIMENEZ'S CLAIMS, AND JIMENEZ HAS FAILED TO STATE A**

12                 **CLAIM**

13          Jimenez has the burden of proving that this Court has jurisdiction to decide her claims.

14   Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp. 594 F.2d 730 233 (9th Cir. 1979). Whether a

15   case "arises under federal law for jurisdiction purposes is tested by the "well-pleaded

16   complaint" rule; Federal courts consider only what necessarily appears in the complaint. Taylor

17   v. Anderson 234 U.S. 74, 75-76; 34 S.Ct. 724, 724-725 (1914). Just as in her two preceding

18   complaints, Jimenez' Second Amended Complaint erroneously reasserts that this Court has

19   jurisdiction in this matter pursuant to 28 U.S.C. § 1331, 9 U.S.C. § 10, and 15 U.S.C. §§ 78a,

20   78aa et seq. See Second Amended Complaint ("SAC") ¶ 6. In considering this Motion, the

21   Court need not accept as true conclusionary allegations or legal characterizations. Nor need it

22   accept unreasonable inferences or unwarranted deductions of facts. In re: Delorean Motor Co.

23   991 F.2d 1236, 1240. (6th Cir. 1993).

24                 1.    Jimenez Has Not, and Can Not Establish Subject Matter Jurisdiction

25                       Pursuant to 28 U.S.C. § 1331, 9 U.S.C. § 10, or C.C.P. §§ 1285–1290

26          District courts have jurisdiction over cases involving a federal question pursuant to 28

27   U.S.C. § 1331; however, this statute does not *confer* federal-question jurisdiction. Neither does

28   the Federal Arbitration Act, 9 U.S.C. § 10, which is the statute that provides for vacatur of

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

2

1    arbitration awards.  It is well established that Jimenez must have an independent basis for

2    federal jurisdiction for the court to hear a claim under the Federal Arbitration Act.  Luong v.

3    Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004).  It is irrefutable that Jimenez's

4    attempt to seek vacatur of the arbitration Award pursuant to California law, C.C.P. §§ 1285–

5    1290, also does not confer federal jurisdiction.

6              2.      Jimenez Has Not, and Can Not Establish Subject Matter Jurisdiction or

7                      Plead A Sufficient Claim Pursuant to 15 U.S.C. §§ 78a, 78aa et seq.

8              Although 15 U.S.C. § 78aa can confer jurisdiction over certain claims, it does so only for

9    claims adequately pled.  Plaintiff's conclusory statements are insufficient to be the basis for

10   subject matter jurisdiction.  The complaint must contain sufficient factual allegations "to raise a

11   right to relief above the speculative level.  Bell Atlantic v. Twombly, 550 U.S.__; 127 S.Ct.

12   1955, 1965 (2007).  "Without some factual allegations in the complaint, it is hard to see how a

13   claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the

14   claim, but also 'grounds' on which the claim rests."  Id. at 1965 n.3.  Moreover, in considering a

15   motion to dismiss pursuant to Rule 12(b)(6), the court need not accept the legal conclusions

16   alleged in the complaint.  SmileCare Dental Group v. Delta Dental Plan 88 F.3d 780, 785 n.6

17   (9th Cir. 1996).

18             Given this Court's prior Order on the prior Motion to Dismiss (the "Order"), it is not

19   surprising that Jimenez has failed to establish subject matter jurisdiction and/or to adequately

20   plead a claim pursuant to the Securities and Exchange Act of 1934.  "At the hearing on the

21   Prozan Defendant's first Motion to Dismiss, the Court asked Plaintiff what facts she would

22   allege to state a claim against the Prozan Defendants under the Securities and Exchange Act if

23   given leave to amend.  In response, she merely restated the facts she alleged against FINRA's

24   Motions."  [Order, p. 4, lns. 18-21.]  This Court admonished Plaintiff that if she filed an

25   amended complaint, "her complaint shall be directed against the Prozan Defendants, and not

26   FINRA."  [Order, p. 4, lns. 23-26.]

27             The SAC does not heed this Court's admonition.  Instead, the majority of the SAC

28   regurgitates the prior allegations against FINRA, even though Jimenez was *not* granted leave to

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

3

1   amend those claims because FINRA is entitled to arbitral immunity.[3]  Jimenez can not secure

2   subject matter jurisdiction, and circumvent this Court's dismissal of her claims against FINRA,

3   merely by including allegations against FINRA within a complaint in which the Prozan

4   Defendants are the only defendants.

5   •   "**The NASD violated** plaintiff's due process rights by rendering

6       its award of July 24, 2007 without a hearing." [SAC, ¶ 12.]

7   •   "**In addition, NASD** and all other defendants **concealed** from

8       plaintiff the fact that defendant Laurence Prozan's wife, Linda

9       Drucker, was a high official within NASD . . .". "[SAC, ¶ 12.][4]

10  •   "**The arbitrators were guilty of misconduct** in violation of the

11      Securities and Exchange Act of 1934 when they canceled a

12      hearing in May 2007 . . ." [SAC, ¶ 13.] [Emphasis added.]

13  Moreover, to the extent the SAC contains allegations fraud or mistake, the circumstances

14  constituting fraud or mistake must be stated "with particularity."  F.R.C.P. 9(b); <u>Desaigouda v.</u>

15  <u>Meyercord</u> 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pled with a high degree of

16  meticulousness").  The SAC is replete with allegations of fraud, but lacks particularity.

17  •   "The arbitrators acted by corruption, **fraud** and undue means and

18      with pro-Prozan partiality, and the improperly refused to hear

19      evidence at a hearing because they abruptly cancelled the schedule

20      hearing of May 29 - 31, 2007."[SAC, ¶ 14.]

21

22

23  [3] "[A]rbitrators are immune from civil liability for acts within their jurisdiction arising out of

24  their arbitral functions in contractually agreed upon arbitration hearings."  <u>Wasyl, Inc. v. First</u>
    <u>Boston Corp</u>. 813 F.2d 1579, 1582 (9th Cir. 1987.)  Arbitral immunity is essential to protect the

25  decision-maker from undue influence and protect the decision-making process from reprisals by

26  dissatisfied litigants".  <u>Id</u>.

27  [4] Linda Drucker is employed by the brokerage firm Charles Schwab.  While she sits on a
    FINRA committee, she is not a "high official with the NASD" and there was no such

28  concealment.  More importantly, Jimenez has failed to establish that the Prozan Defendants
    owed her such a duty of disclosure.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

4

- "The arbitrator's decision of July 24, 2007 was based on a clear error of fact and law as well as **fraud** and corruption and undue means." [SAC, ¶ 20.]

- "Another ground for rejection of the arbitration award is that it was perpetuated through **fraud**." [SAC, ¶ 23.] [Emphasis added.]

Thus, SAC does not come close to satisfying its pleading requirement. The SAC is a veiled and defective Motion to Vacate as it asserts a single, poorly pled cause of action which is titled as follows:

<u>FIRST CLAIM (CAUSE OF ACTION)</u>

(ACTION UNDER SECURITIES AND EXCHANGE ACT OF 1934, 15 U.S.C. §§ 78 ET' SEQ 9 U.S.C.) SEEKING RELIEF FROM ARBITRATION: MOTION TO VACATE ARBITRATION, ALSO PER CALIF. CCP §§ 1285- 1290.

The Securities and Exchange Act is a complex and substantial body of legislation; claims there under must be specifically articulated, both by section and with supporting facts. The SAC has done neither. In a nonsensical and factually void manner, Jimenez states that "[b]y hindering, delaying and obstructing the making and filing of a hearing in this case, and hindering plaintiff and preventing her from presenting evidence in her case at hearing, defendants NASD and PROZAN are guilty of violating 15 U.S.C. §78 and §78 aa." [SAC ¶ 38.] While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")

The SAC asserts the Prozan Defendants are subject to suit under 15 U.S.C. § 78aa because "defendants violated the rules and regulations not only as to how they handled plaintiff's finances and investments, but also by the manner in which they manipulated and corrupted the NASD arbitration process and concealed the fact that Prozan's wife was a high

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

5

1    official and a 'controlling' official in the NASD." [SAC ¶ 11.]  A complaint must include the

2    "operative facts" on which a claim is based.  Lucien v. Preiner 967 F.2d 166, 1168 (7th Cir.

3    1992) (conclusory allegation that defendant "lied", without stating what those lies were, was not

4    sufficient to state a claim).  Even if this Court determines that it has subject matter jurisdiction,

5    the claims were already determined by the FINRA Arbitrators and thus must be dismissed

6    pursuant to the doctrines of collateral estoppel and res judicata as explained further below, and

7    evidence by **Declaration of Elizabeth** ("**Lowery Decl.**") attached hereto.

8        **B.    JIMENEZ'S MOTION TO VACATE IS DEFECTIVE**

9        Arbitration awards are immune from judicial review in proceedings to challenge or

10   enforce the award unless the specific grounds for vacatur exist.  Moncharsh v. Heily & Blase, 3

11   Cal. 4th 1, at 12-13 (1992).  In recognition of this fact, Jimenez has asserted a Motion to Vacate.

12   That Motion, however, is defective.  Since a proper Motion has been presented to this Court, or

13   served upon Defendants within the three months after service of the arbitration Award as 9

14   U.S.C. § 12 requires, the arbitration Award must stand.

15       Plaintiff's attempt to file both her SAC and the Motion to Vacate ("MTV") as one

16   document is improper, and its defects warrant its immediate dismissal.  The Prozan Defendants

17   strongly urge this Court to determine that no such Motion has been filed.  Under the Federal

18   Arbitration Act ("FAA") '[a]ny application to the court hereunder shall be made and heard in

19   the manner provided by law for making and hearing motions." 9 U.S.C. § 6.  Civil L.R. 7-2

20   required Jimenez's MTV to be noticed on the motion calendar not less than 35 days after service

21   of the motion, that the MTV contain the noticed date and time of the hearing on the MTV, and

22   that the MTV be accompanied by a proposed order.  More importantly, Jimenez's SAC fails to

23   comply with Civil L.R. 7-2(d) which requires that "[E]ach motion must be accompanied by

24   affidavits or declarations pursuant to Civil L.R. 7-5"; Civil L.R. 7-5(a) requires that "factual

25   contentions made in support of or in opposition to any motion must be support by an affidavit or

26   declaration and by appropriate references to the record."  Jimenez's MTV fails to comply with

27   each of the foregoing requirements.

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

6

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    Jimenez, as the party challenging the Award, not only should have filed a proper and

2  independent MTV, it was required to provide the Court with all matters that it desires the Court

3  to consider in support of that Motion.  Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253,

4  1258 (7th Cir. 1992).  "The burden on a plaintiff for vacation of an arbitration award due to

5  evident partiality is 'heavy,' and the plaintiff must establish by specific facts that indicate

6  improper motives on the part of an arbitrator.  The alleged partiality must be direct, defiant and

7  capable of demonstration rather than remote, uncertain and speculative."  Gianelli Money

8  Purchase Plan & Trust v. ADM Investor Servs., Inc. 146 F.3d 1309, 1312 (11th Cir. 1998)

9  (citations omitted).  Jimenez's MTV not only fails to attach the arbitration Award it seeks to

10  vacate, *it is completely void of any evidentiary support*.  Perhaps this is because a cursory

11  review of the Award, attached as **Exhibit 1** to the **Lowery Decl**.), directly refutes most, if not

12  all, of the allegations in Jimenez's SAC.  Jimenez's dissatisfaction of the Award is not evidence

13  that the process was unfair or that the Arbitrators exceeded their powers.[5]

14    Since Jimenez, as the moving party has the burden of proof, and Jimenez has failed to

15  provide any evidence in support of her MTV, it must fail and no evidence should be required to

16  defeat its meritless allegations.[6]  Section 9 of the FAA provides that where a party to an

17  arbitration applies to a court for an order to confirm an arbitration award, "the court must grant

18  such an order unless the award is vacated, modified or corrected as prescribed in section 10 and

19

20

21  [5] California's Supreme Court held that arbitrators can not only grant relief that could be awarded
22  by a court, but that they also enjoy the authority to fashion relief they consider just and fair
unless there is an express restriction on their powers.  Advanced Micro Devices v. Intel Corp., 9
23  Cal.4th 362, 383-384 (1994).  In the Jimenez arbitration, there was no restriction of the
arbitrators' powers..

24  [6] The facts of this instant action are strikingly similar to those in Pfannenstiel.  Pfannenstiel was
25  a brokerage firm customer who, like Jimenez, was dissatisfied with a FINRA arbitration award,
and who sought to vacate the award because he believed the arbitration process was unfair and
26  wrongful.  Pfannenstiel v. Merrill 477 F.3d 1155, 1157 (10th Cir. 2007).  The court recognized
that Pfannenstiel's claim was "little more than a veiled attack on the decision rendered against
27  him by the arbitration panel" and declined to vacate the arbitration award.  This Court should
reach the same conclusion if it decides to substantively consider Jimenez' defective Motion to
28  Vacate.

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS; DECLARATION OF
ELIZABETH LOWERY; PROPOSED ORDER THEREON

1   11 of this title" 9 U.S.C. § 9.  Thus, to the extent this Court is willing to consider Jimenez's

2   MTV, an order confirming the arbitration Award is warranted. [7]

3          Similarly, Jimenez has failed to comply with California's requirements to vacate an

4   arbitration award.  California <u>Code of Civil Procedure</u> § 1285.4 requires that a Petition to

5   Vacate an Award include copies of the arbitration agreement and the award, or that the Petition

6   set forth the substance of each.  In addition, it requires that such a Petition be served and filed

7   not later than 100 days after the date of service of a signed copy of the award.  (C.C.P. § 1288.)

8   Jimenez has failed to file and serve a proper Petition pursuant to this statute on or before

9   November 1, 2007, which is 100 days after the July 24, 2007 Award was served.

10  **C.      JIMENEZ IS NOT ENTITLED TO RE-LITIGATE THE CLAIMS**

11  **          DECIDED IN ARBITRATION**

12         Jimenez's SAC is an untimely and improper attempt to re-assert the same allegations

13  that were already decided by the Arbitrators; i.e. that the Prozan Defendants mishandled her

14  brokerage account.  This fact is established by the arbitration Award attached at **Exhibit 1** to

15  **Lowery Decl.**  According to the Ninth Circuit, Plaintiff is precluded under res judicata and

16  collateral estoppel from bringing claims and issues which have already been decided.  <u>Clark v.</u>

17  <u>Bear Stearns & Co. Inc.</u>, 966 F.2d 1318 (1992) citing <u>C.D. Anderson & Co., Inc. v. Lemos</u>, 832

18

19

20

21

22

23

24

25  [7] If this Court is inclined to consider the substance of the MTV despite both its procedural and

26  evidentiary defects, and is not yet persuaded that confirmation of the arbitration Award is

    warranted, the Prozan Defendants respectfully request the opportunity to submit a further, more

27  detailed Opposition thereto, which will be replete with citations to the underlying arbitration

28  record supporting the fact that the Arbitrators were justified in dismissing Jimenez' s claims
    with prejudice.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

8

1    F.2d 1097, 1100 (9th Cir. 1987) (Arbitration awards can have res judicata or collateral estoppel

2    effect.)[8] Moreover, Federal courts to not allow "claim splitting. [9]

3         In C.D. Anderson & Co., the Court stated that "[R]es judicata 'bars all grounds for

4    recovery which could have been asserted, whether they were or not, in a prior suit between the

5    same parties . . . on the same cause of action.'" Id. at 1100. Here, Jimenez seeks to assert the

6    claims based on the same exact facts which have already been litigated and decided upon before

7    FINRA. Therefore, Jimenez is barred from asserting her claims again before this Court.

8         Similarly, California courts have held an arbitration award bars re-litigation of matters

9    heard or that could have been heard in the arbitration proceeding. Thibodeau v. Crum, 4

10   Cal.App.4th 749, 755 (1992). Since Jimenez has already received a final determination of her

11   claims in the Arbitration, this Court should not allow her to re-litigate her claims in this forum.

12   In arbitration, "the parties do not get to appeal an adverse decision." Saika v. Gold, 49

13   Cal.App.4th 1074, 1076 (1996). That is precisely what Jimenez is trying to do by filing her

14   SAC.

15        In the instant case, Jimenez expressly agreed that the Arbitrators were empowered to

16   decide all issues submitted to them. On June 21, 2005, Plaintiff executed a Uniform Submission

17   Agreement. See **Lowery Decl., Exhibit 2.**

18

19

20

---

21   [8] In C.D. Anderson, appellant C. D. Anderson & Co. appealed the District Court's grant of
     summary judgment in favor of appellee Michael A. Lemos. Id. at 1098. The District Court held

22   that C.D. Anderson's federal claims were barred by an award rendered by the National
     Association of Securities Dealers, Inc. (now known as FINRA.). Id. The Ninth Circuit affirmed

23   the District Court's holding, stating that "'an arbitration decisions can have res judicata or

24   collateral estoppel effect, even if the underlying claim involves the federal securities laws.'" Id.
     at 1099-1100.

25   [9] "It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical

26   complaints to expand the procedural rights she would have otherwise enjoyed.'" Harstel Springs
     Ranch of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982, 990 (10th Cir. 2002) (quoting Walton v.

27   Eaton Corp., 563 F.2d 66, 71 (3d Cir. 1977). "In particular, 'the court must [e]nsure that the
     plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of

28   circumventing the rules pertaining to the amendment of complaints.'" Id.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

9

NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS; DECLARATION OF
ELIZABETH LOWERY; PROPOSED ORDER THEREON

1    By signing the Uniform Submission Agreement, Plaintiff agreed to comply with the

2  NASD Code of Arbitration Procedure (the "Code.")  The Code states that "unless the applicable

3  law directs otherwise, **all awards rendered pursuant to this Code shall be deemed final and**

4  **not subject to review or appeal.**"  NASD Code of Arbitration Procedure Rule 10330(b).

5  [Emphasis added.]  The Prozan Defendants urge this Court to give the parties the full and final

6  resolution they contracted to receive.

7  **III.    CONCLUSION**

8    This Court does not have jurisdiction over this Jimenez's claims.  Even if it did,

9  Jimenez's Second Amended Complaint fails to state a claim for which relief can be granted.  To

10  the extent any claims are arguably pled, they are against FINRA and barred by this Court's prior

11  Order, and/or barred by the arbitration Award via the doctrines of res judicata and collateral

12  estoppel.  For these reasons, the Prozan Defendants request that this Court dismiss Plaintiff's

13  Second Amended Complaint without further leave to amend.  There is no proper or timely

14  Motion to Vacate the arbitration award pending.  But to this extent this Court may consider the

15  substance of Plaintiff's Motion to Vacate, the Prozan Defendants respectfully request that the

16  arbitration Award be confirmed, and judgment entered in conformity therewith.  If this Court

17  deems such an Order is premature, the Prozan Defendants request in the alternative that they be

18  provided a further opportunity to present evidence in support of the Award's confirmation.

19  Finally, the Prozan Defendants respectfully seek their costs and fees incurred in this matter, and

20  such other relief as this Court may deem appropriate.

21

22  DATED: June 19, 2008                    **EDGERTON & WEAVER, LLP**

23

24                            By: _Elizabeth Lowery_
                                                                    
25                            Elizabeth Lowery, Esq.
                            Attorneys for Defendants,
26                            Lawrence Ira Prozan and
                            Multi-Financial Securities Corp.
27

28

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

10

EDGERTON & WEAVER, LLP<br>2615 Pacific Coast Hwy., Suite 300<br>Hermosa Beach, California 90254<br>Telephone: (310) 937-2066<br>Facsimile: (310) 937-2064<br>www.edgertonweaver.com

## PROOF OF SERVICE

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On June 19, 2008, I served the following document described as: **NOTICE OF MOTION AND MOTION OF PROZAN DEFENDANTS TO DISMISS FOR: (1) LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(b)(1)) AND (2) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)) OR IN THE ALTERNATIVE TO CONFIRM ARBITRATION AWARD (9 U.S.C. § 9) AND ENTRY OF JUDGMENT THEREON; DECLARATION OF ELIZABETH LOWERY, ESQ. IN SUPPORT THEREOF; [PROPOSED] ORDER** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

| **COUNSEL FOR PLAINTIFFS**<br>Stanley G. Hilton, Esq.<br>**LAW OFFICES OF STANLEY G. HILTON**<br>2570 North First Street, Suite 200<br>San Jose, California 95131<br>Email: FROG727@AOL.COM | |
|---|---|

( )  **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( )  **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (DHL), for delivery to the above addressee(s).

( )  **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X)  **By Electronic E-mail:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following addresses.

(X)  **(FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on June 19, 2008 at Hermosa Beach, California.



_____
Carole Serrano

11