STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel:  (415) 786 4821
Fax: (650) 558 0806
E MAIL: FROG727@AOL.COM

Attorney for Plaintiff
REGINA JIMENEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ, <br><br> Plaintiff, <br><br> vs. <br><br> LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES, MULTI-FINANCIAL SECURITIES CORP. and DOES 1 through 20, inclusive, <br><br> Defendants. | No. C 07 3360 JSW <br><br> MEMORANDUM IN OPPOSITION TO DEFENDANT PROZAN AND MULTI-FINANCIAL SECURITIES' MOTION TO DISMISS <br><br> DATE AUG. 8, 2008 <br><br> TIME 900 AM <br><br> JUDGE: WHITE |

INTRODUCTION

  The defendants basically argue that PLAINTIFF has no right to judicial review of the NASD *in absentia* decision, yet they cite out of circuit cases and argue in a contradictory manner that plaintiff should have filed two separate actions, a 2AC and a MTV, while also claiming she has no right to do so.

  The plaintiff asks for discovery rights to ascertain facts in more detail and asks for leave to amend her pleading to state facts in more detail.

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

1

**ARGUMENT**

There is federal jurisdiction for this court to consider this case, as stated in the plaintiff's SECOND AMENDED COMPLAINT (2AC) which was timely filed. As stated in the 2AC, the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78a, 78aa et seq., confers jurisdiction and 9 U.S.C. §      10.

Defendants admit that 15 U.S.C. §§ 78a, 78aa et seq. Can be an independent basis for federal jurisdiction but claim that JIMENEZ has not adequately pled her claims, and is just conclusory.  We disagree. See <u>Luong v Circ City</u> 368 F3d 1109,1111 (9TH CIR.   2004).

Contrary to defendants' allegations, the 2AC does not merely restate allegations against FINRA. It is crystal; clear that the 2AC is directed only against Prozan and MultiFinancial Securities (MFS)< and NOT AGAINST FINRA OR NASD. The caption lists only Prozan and MFS as defendants, and plaintiff states this clearly in the 2AC. Defendants are misleading the court in alleging this 2AC is against FINRA, when the facts are otherwise.

The 2AC clearly states what actions Prozan and MFS took which violate 15 U.S.C. § 78 et seq., this has nothing to do with FINRA. We are not suing FINRA here.

Under 15 U.S.C. § 78 u-2 there is a basis for "civil remedies in administrative proceedings" and also § 78t describes "liability of controlling persons and persons who aid and abet violations [of the rules and regulations]."  Plaintiff asserts in 2AC that defendants violated the rules and regulations not only as to how they handled plaintiff's finances and investments, but also by the manner in which they manipulated and corrupted the NASD arbitration process and concealed the fact that Prozan's wife was a high official and a "controlling" official in the NASD.  The mere fact that Prozan's counsel later—after the arbitration decision—may have denied any such undue influence is not sufficient to refute these allegations and plaintiff is entitled to an evidentiary hearing on them.   Section 78t(c) makes it illegal for anyone (including PROZAN AND MFS) to hinder, delay, or obstruct the making of any report or information, and plaintiff avers that defendants violated that rule.

Since NASD/FINRA are not listed as defendants, the 2AC is not against therm. What

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

plaintiff asserts in the 2AC is that PROZAN, acting via his wife (a high official of NASD), violated 15 U.S.C. sec. 78 et seq. By manipulating the situation to finagle an award against plaintiff without a hearing. Thus it is Prozan's conduct, via his wife, that is challenged here.

The defendants claim that the 2AC is devoid of operative facts to prove fraud and other abuses under the statute. But the plaintiff seeks discovery rights here in this court so that she can ascertain such detailed operative facts. She ha stated what she could, which is that fraud was perpetrated. We need to depose Prozan and his wife and the arbitrators to determine exactly how this fraud was done. {Plaintiff has met the notice pleading requirements as is.

A non binding 7th circuit case was cited by Prozan, Lucien v Priener, 967 F2d 166, (7th Cir 1992).

B. THE MOTION TO VACATE IS NOT DEFECTIVE

The defendants complain because the plaintiff filed her 2AC as one document rather than two, a 2AC and motion to vacate. But one document was filed because the court order permitted only one document to be filed, a 2AC, by th deadline. There was nothing IN THE COURT order which required or permitted a separate MTV (motion to vacate) and it is thus improper for the defendants to claim so now.

Again defendants cite another circuit case, the 11th circuit, Gianelli, which is not binding. Plaintiff would like to file a motion to vacate but only if given leave by the court to do so and preferably after discovery is done.

The defendants argue in a contradictory manner that plaintiff has no right to file anything, should have filed 2 separate actions, a 2AC and a MTV, or should have filed nothing. Which is it? Essentially defendants attempt to cite out of circuit cases to argue that plaintiff has no rights of judicial review whatsoever, that the NASD arbitrators are above suspicion and their word is the Word of God, that their *in absentia* decision is ipso facto valid on its face, etc. We disagree. We think independent court review should be available.

Defendants also argue that res judicata bars JIMENEZ from challenging the arbitration award now and here because all issues that could have been litigated should have been. But

JIMENEZ did not know that Prozan's wife was a high official of NASD at the time of the arbitration; the arbitrators abruptly canceled the hearing and thus deprived her of any chance to challenge or raise issues, etc.

On its face the 2AC does state enough details to confer federal jurisdiction for review of the arbitration decision: denial of a hearing, acting in absentia, concealing the fact that Prozan's wife was a high official of NASD etc. These are detailed facts which are specific. We ask leave to amend to assert more details, and ask for discovery rights to obtain more details, also.

Defendants also assert that California CCP 1285.4 should be applied, yet we maintain federal preemption because 15 U.S.C. 78 et seq preempts the state statute. Further, the instant action was filed timely even by a 100 day rule.

C. RELITIGATING CLAIMS NOT THE ISSUE

The defendants assert that JIMENEZ cannot relitigate claims decided in arbitration, again denying any right to judicial review. Signing the Uniform Submission Agreement did not bar plaintiff from seeking judicial review of an arbitration award procured by fraud or other undue means, and did not erase 15 U.S.C. 78 et seq.

As to whether the statute of limitations (SL) bars some of plaintiff's claims, we maintain that it does not, and that among other acts, all within the SL permissible period, plaintiff maintains that Prozan pulled money from her Cash and Money Market Funds on Oct 16 2003 and Nov 18, 2003 and that on Dec 16 2003 he reinvested a cash dividend into Ameristock and purchased stock without her approval, after she told him she wanted to convert to cash and get out of stocks and especially high risk tech stocks.

CONCLUSION

For the foregoing reasons, the motion to dismiss should be denied, discovery should be permitted and plaintiff should be given leave to amend the complaint and, if appropriate, to file a MTV.

Date July 7 2008

_____/S/_____

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ

4

1  STANLEY G HILTON
2  ATTY FOR PLAINTIFF
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLT'S OPPOSITION TO PROZAN/MULTI-FIN MOTION TO DISMISS
JIMENEZ VS PROZAN ET AL NO C 07 3360 MJJ