1  **EDGERTON & WEAVER, LLP**
2  SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
   ELIZABETH LOWERY (CA Bar No. 190393)
3  2615 Pacific Coast Highway, Suite 300
   Hermosa Beach, California 90254
4  Tel: (310) 937-2066
5  Fax: (310) 937-2064

6  Attorneys for Defendants Lawrence Ira Prozan
   dba Prozan Financial Services and Multi-Financial Securities Corp.
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN FRANCISCO DIVISION

| | |
|---|---|
| REGINA JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL ASSOCIATION OF SECURITIES DEALERS; LAWRENCE IRA PROZAN, DBA PROZAN FINANCIAL SERVICES; and MULTI-FINANCIAL SECURITIES CORP.,<br><br>Defendants. | Case No. 3:07-cv-03360-MJJ<br><br>**REPLY IN SUPPORT OF THE PROZAN DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO VACATE THE ARBITRATION AWARD**<br><br>Hearing Date: August 8, 2008<br>Time: 9:00 a.m.<br>Courtroom: 17<br>Judge: Hon. Jeffrey S. White |

Plaintiff Jimenez's Opposition fails to substantively address any of the arguments contained in the Motion to Dismiss filed by the Prozan Defendants (Lawrence Ira Prozan DBA Prozan Financial Services, and Multi-Financial Securities Corp.). Moreover, the Opposition does not cite to, nor present, any evidence. Instead, the Opposition seeks permission to conduct extensive discovery, and leave to file a third Amended Complaint. Jimenez's Second Amended Complaint is insufficient to vacate the arbitration Award and allow her to re-litigate her claims. The Motion to Dismiss explains that dismissal of the Second Amended Complaint, without leave to amend, is proper because this Court lacks subject matter jurisdiction, and/or it fails to state a claim upon which relief may be granted. In the alternative, should this Court determine it

1

REPLY IN SUPPORT OF THE PROZAN DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND MOTION TO VACATE THE ARBITRATION AWARD

has subject matter jurisdiction and that it will consider Jimenez's defective Motion to Vacate the arbitration Award, confirmation of the Award is required because the narrow grounds necessary to vacate an Award are not properly plead, nor present.[1]

## I.

## PLAINTIFF HAS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION AND HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Jimenez has not alleged facts sufficient to state a claim against the Prozan Defendants under the Securities and Exchange Act – despite having *two* prior attempts to do so. The Opposition asks for "discovery rights to ascertain facts in more detail and asks for leave to amend her pleading to state facts in more detail." [Opposition ("Opp."), p. 1]. This is tantamount to an admission that the Second Amended Complaint ("SAC") fails to state sufficient facts to support a claim. The pleading hurdle "serves to prevent costly discovery on claims with no underlying factual or legal basis." Migdal v. Rowe Price-Fleming Int'l, Inc. 248 F.3d 321, 323 (4th Cir. 2001) ("plaintiffs cannot simply promise the court that once they have competed discovery, something will turn up."). Jimenez's pleading defect is fatal – and thus the granting of the Motion to Dismiss pursuant to Rule 12(b)(6) is proper.

The Opposition does not illustrate that Jimenez has satisfied her pleading burden because it is impossible for it to do so. Instead, the Opposition states that under 15 U.S.C. § 78 u-2 there is a basis for "civil remedies in administrative proceedings." [Opp., p. 2.] This statement is irrelevant to the instant matter because neither the underlying arbitration, nor this proceeding, is an administrative proceeding.

Jimenez also seeks to establish federal jurisdiction by pleading a federal claim, but the SAC does not contain any of the facts necessary to properly plead controlling person liability under the 15 U.S.C. § 78t ("Section 20" of the Securities and Exchange Act.). Section 20

---

[1] Such alternative motions are not improper, but are expressly allowed and encouraged to be asserted simultaneously for efficiency. Federal Rule of Civil Procedure 12(g).

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

provides that, under certain circumstances, a "controlling person" is vicariously liable for the wrongdoing of the primary wrongdoer, the "controlled person." However, the SAC does not include the minimal allegations identifying the controlled and controlling persons, or what specific provision of the federal securities laws the controlled person is alleged to have violated. The SAC and the Opposition both state:

> "§78t describes liability of controlling persons and persons who aid and abet violations [of rules and regulations.]. Plaintiff asserts in 2AC that defendants violated the rules and regulations not only as to how they handled plaintiff's finances and investments, but also by the manner in which they manipulated and corrupted the NASD arbitration process and concealed the fact that Prozan's wife was a high official and a "controlling" official in the NASD."
> [SAC p.12, Opp., p. 2.]

Section 20 states, in pertinent part, that:

> Every person who * * * controls any person liable under any provision of this title * * * shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action. Section 20(a) of the Securities and Exchange Act of 1934.

Jimenez's incoherent allegation seems to be that *Prozan's wife* is a controlling person and thus liable to Jimenez – but this can not serve as the basis of liability of the Prozan Defendants as she is *not* one of the Prozan Defendants, nor a named defendant in this action. Perhaps it was Jimenez's intention to allege that the Prozan Defendants are the controlling persons liable to her under Section 20 because they controlled the NASD, i.e. the Prozan Defendants "manipulated and corrupted the NASD arbitration process" and concealed facts –

however, this too is insufficient to state a claim. Even if the Prozan Defendants had concealed the fact Prozan's wife was a "high official and a controlling official in the NASD" – which is untrue[2] – that allegation is insufficient to state a claim because the Prozan Defendants had no duty to make such disclosure. Neither the SAC, nor the Opposition, allege that the Prozan Defendants owed Jimenez any such duty.

Section 20 holds that the controlling persons *are liable with, and to the same extent, as the controlled person.* To the extent Jimenez's pleading could be construed as containing an allegation that the controlled person is the NASD, and thus the Prozan Defendants are the controlling persons who are liable with, and to the same extent, as the NASD - this too is insufficient to state a claim. The NASD is not, and can not possibly be, liable to Jimenez to any extent because this Court dismissed Jimenez's claims against it pursuant to the doctrine of arbitral immunity. Moreover, well-settled case law holds that Section 20 liability does not apply to SROs (self-regulatory organizations) like the NASD. Carr v. New York Stock Exchange Inc. 414 F.Supp. 1292 (N.D. Cal. 1976). Given that Section 20 holds that the controlling person is only liable to the extent of the controlled person, and there is no viable allegation pled against any "controlled person," Jimenez has once again failed to state a claim against the Prozan Defendants under the Securities and Exchange Act. Even if Jimenez had properly pled a claim under the federal securities laws, it is most likely time barred, as the conduct at issue occurred in the years 2000-2003 and suitability/ fraud claims under 10(b) and 10(b)(5) must be commenced

---

[2] As the NASD (now FINRA) stated in its Motion to Dismiss which resulted in its dismissal from this action, with prejudice. "Ms. Drucker [Prozan's wife], is not a FINRA 'official,' but is a member of FINRA's National Arbitration and Mediation Committee ("NAMC"). The NAMC is an advisory committee, comprised of representatives of the public at large, members of the securities arbitration plaintiff and defense bar, representatives of broker-dealers, and FINRA arbitrators and mediators. The NAMC advises the FINRA Dispute Regulation Board on significant policy decisions, including evaluation of existing arbitration and mediation rules, recommendations for changes in those rules, and recommendations regarding recruitment, qualification, training and evaluation of neutrals. The NAMC's advise and counsel is highly valued by FINRA, but it has no authority whatsoever with respect to specific arbitrators or arbitrations. Moreover, the NAMC's membership is so broad and varied that, if Plaintiff's [Jimenez's] position were accepted, many arbitrations would be subject to vacature as parties, lawyers, arbitrators and mediators are all represented on the NAMC. Such a result is neither contemplated, merited nor justified." [FINRA's Motion to Dismiss, p. 3, ftnt 5.] Despite ample and repeated opportunity, Jimenez has never presented any authority, nor evidence, to refute the foregoing facts.

with one year after discovery of the facts constituting the violation. <u>Lampf, Preva Lipkind et. al. v. Gilbertson,</u> 111 S.CT. 2773, 501 U.S. 350 (1991).

## II.

## JIMENEZ HAS NOT FILED A PROPER MOTION TO VACATE AND IS NOT ENTITLED TO RELITIGATE HER ARBITRATION CLAIM

The law does not allow Jimenez to re-litigate the claims which were presented, or which could have been presented, to the NASD arbitrators – yet that is precisely what she is attempting to do. The Opposition states "[T]he defendants assert that JIMENEZ cannot relitigate claims decided in arbitration, again denying any right to judicial review." What Jimenez continues to ignore is that judicial review of arbitration awards is only permitted upon submission of a timely and procedurally proper Motion to Vacate ("MTV"), which sets forth the very limited, specific grounds for vacature, as well as evidence of the facts supporting such grounds. Thus, Jimenez's unsupported allegations are insufficient. "The burden is on plaintiff for vacation of an arbitration award due to evident partiality is 'heavy', and the plaintiff must establish by specific facts that indicate improper motives on the part of an arbitrator." <u>Giannelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.</u> 146 F.3d 1309, 1212 (11th Cir 1998) (citations omitted).

There is no proper MTV pending before this Court. This fact is nearly admitted in the Opposition when it states "Plaintiff [Jimenez] would like to file a Motion to Vacate but only if given leave by the Court to do so and preferably after discovery is done." Jimenez is not entitled to discovery, nor is she entitled to leave to file a proper MTV as her time to do so have expired. The pleading Jimenez refers to as her MTV is titled "Second Amended Complaint," and was not a noticed motion. It does not comply with the Federal Arbitration Act which requires Jimenez to bring a noticed motion to vacate, modify or correct an arbitration award. 9 U.S.C. §12. To the extent the Court may consider the SAC to be a MTV, it is procedurally defective, insufficiently pled, and void of the requisite evidentiary support. Most notably, it does not support a single one of its factual contentions with affidavits or declarations, and appropriate references to the record, as the rules require. [Civil L.R. 7-5(a).] Not surprisingly,

1  Jimenez's SAC fails to comply with the similar procedural and evidentiary requirements for a
2  MTV under California law. See California Code of Civil Procedure §1285.4

3      The only evidence that this Court has been presented is the Award issued in the
4  underlying arbitration, and the Declaration of Elizabeth Lowery ("Lowery Decl.") in support of
5  the Motion to Dismiss the SAC. (The Court may take judicial notice of the Award, which is
6  also authenticated by, and attached to, the Lowery Decl.) Not only did Jimenez fail to satisfy
7  the evidentiary burden inherent in filing a MTV, the evidence the Prozan Defendants have
8  presented is unrefuted. That unrefuted evidence proves that most, if not all, of the material
9  statements the SAC and Opposition proffer as facts are untrue.

10      The Award evidences that, *for over two years*, the Arbitrators carefully and repeatedly
11  considered the issues presented to them. The Award confirms that the Arbitrators did consider
12  written submissions and hear oral argument on Jimenez's Motion for Reconsideration of the
13  Arbitrators' decision to dismiss the arbitration on the grounds that Lawrence I. Prozan's wife
14  was a member of the NASD's Arbitration and Mediation Committee. [Award, p. 8.]. This
15  directly refutes Jimenez's allegation that "JIMENEZ did not know that Prozan's wife was a high
16  official of the NASD at the time of the arbitration; the arbitrators abruptly cancelled the hearing
17  and thus deprived her of any chance to challenge or raise issues, etc." [Opp. p. 4:1-4.][3] During
18  that hearing, the Arbitrators not only re-affirmed they had made all legally-required disclosures
19  to the parties, but also that none of them knew of, or had any dealings whatsoever with,
20  Defendant Prozan's wife. [Lowery Decl., p. 4.] This evidence, like all other evidence presented
21  in this matter, is unrefuted. In arbitration, "the parties do not get to appeal an adverse decision."
22  Saika v. Gold (1996) 49 Cal.App.4th 1074, 1076. This is precisely what Jimenez is attempting
23  to do.

---

[3] This same allegation was included in one of Jimenez's early arbitration pleadings, rendering the comment that she was unaware of this fact until after the arbitration specious.

### III.
### CONCLUSION

Dismissal of Plaintiff Jimenez's claims, *without leave to amend*, is warranted for lack of subject matter jurisdiction, and/or for failure to state a claim. If, in the alternative, this Court determines that subject matter jurisdiction exists, confirmation of the Arbitration Award is warranted, and necessary to give Jimenez and the Prozan Defendants the finality they agreed the Award would provide.

DATED: July 14, 2008

EDGERTON & WEAVER, LLP

By: /s/ Elizabeth Lowery
Elizabeth Lowery, Attorney for Defendants Lawrence Ira Prozan and Multi-Financial Securities Corp.

## PROOF OF SERVICE

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On July 14, 2008, I served the following document described as:

**REPLY IN SUPPORT OF THE PROZAN DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO VACATE THE ARBITRATION AWARD**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

( )  **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( )  **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( )  **By Overnight Courier:** I caused the above-referenced document(s) to be delivered to an overnight courier service (DHL), for delivery to the above addressee(s).

(X)  **By Electronic Mail:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following email addresses above.

(X)  **(FEDERAL):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on July 14, 2008, at Hermosa Beach, California.

_____
Irma Negrete

**SERVICE LIST**
**Jimenez v. National Association of Securities Dealers, et al.**
Case No. 3:07-cv-03360-MJJ

**COUNSEL FOR PLAINTIFFS**

Stanley G. Hilton, Esq.
**LAW OFFICES OF STANLEY G. HILTON**
2570 North First Street, Suite 200
San Jose, California 95131
Tel: (415) 786-4821 ph
Fax: (650) 558-0806
Email: frog727@aol.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

9

REPLY IN SUPPORT OF THE PROZAN DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT AND MOTION TO VACATE THE ARBITRATION AWARD