IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA JIMENEZ, | |
| Plaintiff, | No. C 07-03360 JSW |
| v. | |
| NATIONAL ASSOCIATION OF SECURITIES DEALERS, et al., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 8, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS** Defendants' motion to dismiss.

Each party shall have fifteen minutes to address the following questions:

(1) Specifically, what provision or provisions of 15 U.S.C. § 78 and §78aa does Plaintiff contend defendants Lawrence Ian Prozan and Multi-Financial Securities Corp. (collectively "Defendants") violated?
  (a) What are the elements of each provision that Plaintiff contends Defendants violated?
  (b) What facts does Plaintiff allege in support of each element of each provision that Plaintiff contends Defendants violated?

(2) Does Plaintiff contend that Defendants violated 15 U.S.C. § 78t?
  (a) If so, who does Plaintiff contend is the controlling person?
  (b) Who does Plaintiff contend was the primary wrongdoer or the controlled person?
  (c) What facts does Plaintiff allege in support of this claim and when did such alleged facts occur?

(3) What specific rules and regulations does Plaintiff contend Defendants violated with respect to how they handled Plaintiff's finances and investments? Why would such a claim not be barred by *res judicata*?

(4) What specific rules and regulations does Plaintiff contend Defendants violated with respect to how the arbitration was conducted?

Dated: August 6, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2