**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINA JIMENEZ,

    Plaintiff,

  v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, ET AL,

    Defendant.

No. C 07-03360 JSW

**ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS**

Now before the Court is the motion to dismiss filed by defendants Lawrence Ian Prozan ("Prozan") and Multi-Financial Securities Corp. ("MFSC") (collectively "Defendants"). Having carefully reviewed the parties' papers and considering their arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to dismiss.

**BACKGROUND**

In this action, plaintiff Regina Jimenez ("Jimenez") seeks to vacate the final arbitration award and decision rendered by the Financial Industry Regulatory Authority, Inc. ("FINRA") f/k/a National Association of Securities Dealers, Inc. ("NASD") on July 24, 2007. The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.   Applicable Legal Standards.**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

**B.    Defendants' Motion to Dismiss.**

Defendants move to dismiss on the grounds that, inter alia, this Court lacks jurisdiction over Jimenez's claims. The United States Supreme Court has held that the Federal Arbitration Act ("FAA") does not provide a separate basis for federal subject matter jurisdiction. Rather, there must exist other independent grounds for federal jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983); *see also Luong v. Cicuit City Stores, Inc.,* 368 F.3d 1109, 1111 (9th Cir. 2004) (holding that section 10 of the FAA does not confer federal subject matter jurisdiction). Therefore, Jimenez must demonstrate another independent grounds for federal jurisdiction. She has not done so.

Jimenez argues that this court has jurisdiction over her claims pursuant to the Securities and Exchange Act. The Court provided Jimenez leave to state a claim against Defendants under the Securities and Exchange Act. Because the basis of Jimenez's claim or claims under the Securities and Exchange Act was not clear from the SAC, the Court provided Jimenz an

2

1  opportunity at the hearing on Defendants' motion to dismiss to clarify what statutory provisions
2  she alleges were violated and what supporting facts she would allege to state a claim under such
3  provisions. All of Jimenez's alleged violations that she raised at the hearing have already been
4  raised and addressed by the NASD through the underlying arbitration.

5  "'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when, as between two (or more) actions, there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id*. Collateral estoppel, or issue preclusion, bars "relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir.1995). "A federal court decision has preclusive effect where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005). "An arbitration decision can have res judicata or collateral estoppel effect, even if the underlying claim involves the federal securities laws." *Greenblatt v. Drexel Burnham Lambert, Inc.*, 763 F.2d 1352, 1360 (9th Cir. 1985).

The Court finds that the elements for res judicata and collateral estoppel are satisfied here. Therefore, Jimenez's claims under the Securities and Exchange Act are barred by the doctrine of res judicata and collateral estoppel and cannot be re-litigated in this Court. Such claims thus fail to provide an independent grounds for federal jurisdiction. Accordingly, the Court grants Defendants' motion to dismiss based on lack of jurisdiction.

///
///
///
///

3

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: August 8, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE